```
                                    ┌─────────────────────────────┐
                                    │ USDC SDNY                   │
                                    │ DOCUMENT                    │
                                    │ ELECTRONICALLY FILED        │
                                    │ DOC #:_____ │
                                    │ DATE FILED: NOV 2 6 2012    │
                                    └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

      - v. -                       :

PAUL CEGLIA,                       :

          Defendant.   :

- - - - - - - - - - - - - - - x

**INDICTMENT**

**12 CRIM 876**

COUNT ONE
(Mail Fraud)

The Grand Jury charges:

Introduction

1.    At all times relevant to this Indictment, Facebook, Inc. was, and remains to this day, an Internet corporation that runs the social networking website, Facebook.  Facebook was founded by Mark Zuckerberg ("Zuckerberg") together with his college roommates and fellow Harvard University students, Eduardo Saverin, Dustin Moskovitz, and Chris Hughes.  Facebook officially launched at Harvard in the afternoon of on or about February 4, 2004.  At that time, the website was available on the Internet at the domain name, "thefacebook.com," but its membership was limited to Harvard students and only accessible by those with a Harvard e-mail address.  Over time, the website's membership expanded to other colleges in the Boston

**JUDGE CARTER**

area, the Ivy League, and Stanford University before it
eventually was made available to anyone aged 13 and over.
As of November 2012, Facebook, Inc. reported that its website
has over one billion active users.

2.    Since in or about July 2004, Mark Zuckerberg has
served as the Chief Executive Officer and a member of the board
of directors of Facebook, Inc.  Beginning in or about January
2012, Zuckerberg also became chairman of the board of directors
of Facebook, Inc.

3.    On or about May 18, 2012, Facebook, Inc. held an
initial public offering.  Mark Zuckerberg's personal interest in
Facebook is presently considered to be worth billions of
dollars.

<u>The Scheme to Defraud</u>

4.    From at least in or about June 2010, up to and
including in or about October 2012, PAUL CEGLIA, the defendant,
engaged in a multi-billion dollar scheme to defraud Facebook,
Inc. and Mark Zuckerberg and to corrupt the federal judicial
process.

5.    In furtherance of the scheme to defraud, PAUL CEGLIA,
the defendant, doctored or otherwise fraudulently converted a
legitimate contract that he had with Mark Zuckerberg, dated
April 28, 2003 -- in which Zuckerberg agreed to perform certain

programming work for CEGLIA wholly unrelated to the Facebook website, in exchange for an agreed upon fee -- to falsely make it appear as though he had entered into an agreement with Zuckerberg in which Zuckerberg agreed to provide CEGLIA with at least a 50% interest in Facebook.

6.   As a further part of the scheme to defraud, on or about June 30, 2010, PAUL CEGLIA, the defendant, filed a civil lawsuit in the Supreme Court for the State of New York, Allegany County, against Mark Zuckerberg and Facebook, Inc., which was thereafter removed to the United States District Court for the Western District of New York, to falsely and fraudulently allege his ownership interest in Facebook.

7.   As a further part of the scheme to defraud, PAUL CEGLIA, the defendant, manufactured evidence, including purported e-mails with Mark Zuckerberg, to support his false and fraudulent lawsuit and also destroyed evidence that was inconsistent with that lawsuit's false claim.

Statutory Allegations

8.   From at least in or about June 2010, up to and including in or about October 2012, in the Southern District of New York and elsewhere, PAUL CEGLIA, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by

means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place and caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive and cause to be taken and received therefrom, such matters and things, and did cause to be delivered by mail and such carriers, according to the direction thereon, such matters and things, to wit, CEGLIA filed a civil lawsuit against Facebook, Inc. and that company's founder and Chief Executive Officer, Mark Zuckerberg, fraudulently demanding a significant ownership stake in Facebook, Inc., and caused legal pleadings and other items to be delivered by mail to Washington, D.C., among other places, from the Southern District of New York and elsewhere, including on or about April 11, 2011.

(Title 18, United States Code, Sections 1341 and 2.)

### COUNT TWO
(Wire Fraud)

The Grand Jury further charges:

9.    The allegations contained in paragraphs 1 through 7 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

10.   From at least in or about June 2010, up to and including in or about October 2012, in the Southern District of New York and elsewhere, PAUL CEGLIA, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, CEGLIA filed a civil lawsuit against Facebook, Inc. and that company's founder and Chief Executive Officer, Mark Zuckerberg, fraudulently demanding a significant ownership stake in Facebook, Inc., and caused others to send interstate electronic communications in connection with that lawsuit, including on or about July 14, 2011, November 1, 2011, and December 8, 2011.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

11.   As a result of committing the offense alleged in Count One of this Indictment, PAUL CEGLIA, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from

proceeds obtained directly or indirectly as a result of the mail fraud offense alleged in Count One of this Indictment, and any property traceable to such property.

<u>Substitute Asset Provision</u>

12.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of PAUL CEGLIA, the defendant, up to the value of the above forfeitable property.

  (Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 1341, and Title 21, United States Code, Section 853.)

## FORFEITURE ALLEGATION AS TO COUNT TWO

13.   As a result of committing the offense alleged in Count Two of this Indictment, PAUL CEGLIA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the wire fraud offense alleged in Count Two of this Indictment, and any property traceable to such property.

### Substitute Asset Provision

14.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, pursuant to Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of PAUL

CEGLIA, the defendant, up to the value of the above forfeitable

property.

(Title 18, United States Code, Section 982(a)(2)(A);
and Title 21, United States Code, Section 853.)


_Kathleen Durwick (dg)_
FOREPERSON

_Preet Bharara_
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### PAUL CEGLIA,

Defendant.

### INDICTMENT

12 Cr.

(18 U.S.C. §§ 1341, 1343 and 2.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_Kathleen Smith (deputy)_
Foreperson.

11/26/12   FILED INDICTMENT   CASE ASSIGNED TO J.CARTER.
COPY USMJ