UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

UNITED STATES OF AMERICA :

12 Cr. 876 (ALC)

-v.- :

PAUL CEGLIA, :

Defendant. :

-------------------------------------------x

**DEFENDANT PAUL CEGLIA'S REPLY TO THE GOVERNMENT'S OPPOSITION TO A TRANSFER OF VENUE**

## INTRODUCTION

On January 16, 2013 Paul Ceglia moved to transfer venue to the Western District of New York. On February 6, 2013, the Government responded in opposition to the motion. This memorandum is submitted in reply.

In its response, the Government acknowledged that the prosecution of Mr. Ceglia is confined to allegations of false filings in a disputed, pending civil lawsuit in the Western District of New York where Mr. Ceglia resides. And it offered no significant conduct by Mr. Ceglia in the Southern District of New York that makes the Southern District an appropriate location for venue. Instead, it relies on the notion that the Government's choice of venue should control, that it chose to investigate the case in the Southern District, and that Mr. Ceglia would not suffer grave hardship by standing trial in the Southern District. Those reasons do not support a denial of transfer in light of the many countervailing reasons to send the case to the Western District of New York where it so obviously belongs.

**I. Transfer of Venue Would Serve the Interests of Justice**

A. Transfer of Venue is Neither Extraordinary Nor Rare

As an initial matter, the Government describes the transfer of venue as "extraordinary and rare." (Govt. at 6). In fact, it is neither.

A small sampling of courts granting transfer motions from just the past few years demonstrates how unremarkable transfer is. See United States v. Albedhady-Sanchez, No.12-48, 2012 WL 6006810 (M.D.Fla. Dec. 3, 2012) (transfering case from Florida to New Jersey where "enough of the factors [either] favor New Jersey in a manner not typical of the usual case, or are essentially neutral"); United States v. Sararo, No. 11-62, 2011 WL 3889715 (W.D.Pa. Sept. 2, 2011) (transferring case from Pennsylvania to Florida in a tax fraud case where the Government alleged that the fraudulent returns were prepared in Pennsylvania; transfer based on general balancing of *Platt* factors, many of which were neutral); United States v. Robinson, No. 09-31, 2010 WL 3087446 (D.N.Mar.I. July 29, 2010) (transferring case to the District of Columbia from the Northern Mariana Islands where four of the factors weighed in favor of transfer, four weighed against and two were neutral); United States v. Kaluanya, No. 09-107, 2009 WL 3255211 (D.N.H. Oct. 7, 2009) (transferring case from New Hampshire to Texas even where defendant was "alleged to have used a New Hamphshire corporation as a conduit" in a Medicare fraud scheme but where factors otherwise weighed in favor of Texas); United States v. Turner, No. 09-542, 2009 WL 2870627 (N.D.Ill. Sept. 8, 2009) (transferring case from Illinois to the Eastern District of New York, quoting Judge Posner in In re Balsimo, 68 F.3d 185, 187 (7th Cir. 1995): "Nothing in Rule 21(b) or in the cases interpreting it place on the defendant seeking a change of venue the burden of establishing 'truly compelling circumstances' for such a change. It is enough if all relevant things considered, the case would be better off transferred to another

district"); United States v. Burke, 607 F. Supp.2d 1314 (M.D.Fla. 2009) (transferring case from Florida to the Eastern District of New York where numerous alleged acts occurred in Tampa but where the 'nerve center' was in New York); United States v. Negron, No. 08-501, 2008 WL 5272056 (D.N.J. Dec. 16., 2008) (finding that there is no general rule presuming that prosecutions should be retained in the charging district and transferring case from New Jersey where only four of the Platt factors favored transfer); United States v. Boyer, No. 08-01, 2008 WL 4104482 (S.D.Miss. Aug. 28, 2008) (transferring case from Mississippi to Ohio where on balance Platt factors favored transfer even though defendant committed alleged offense -- enticement of a minor -- from Mississippi); United States v. Francis, No. 07-26, 2008 WL 1711543 (D.Nev. April 11, 2008) (transferring case from Nevada to California in a tax fraud case even though defendant resided in Nevada at time of alleged offense and where he owned and operated several businesses in Nevada that were the subject of the alleged offense).

The regularity of transfer only highlights the absurdity of the Government's argument that transfer should be denied because it investigated and charged Mr. Ceglia in the Southern District and would incur additional expenses if the case were moved to Buffalo. In *every* case, the Government has investigated and charged the defendant in the jurisdiction from which transfer is sought. If that were a compelling reason not to transfer, no motion would ever succeed. But as the above list demonstrates, they often do.

The Government relies most heavily in its papers on United States v. Spy Factory, Inc., 951 F.Supp. 450 (SDNY 1997), yet that decision is entirely unhelpful to the Government's position. There, the court denied transfer because of the defendant's delay in bringing the motion until over a year after the indictment was issued, following numerous and lengthy pretrial conferences about voluminous discovery issues, and after a firm trial date had been set and was

fast approaching. Id. at 463 ("the defendants' delay not only in filing the motion to change venue, but also their delay in informing the Court of their intent to file the motion, weighs qualitatively and heavily in favor of retaining the trial in the Southern District"). In contrast, Mr. Ceglia announced his intention to file a motion to transfer venue at the initial conference, and a briefing scheduling was set ahead of the scheduling for any other motions and ahead of deadlines for the production of discovery.

B. A Common Sense Balancing of the Platt Factors Favors Transfer

The Second Circuit has granted district courts great leeway to "strike a balance" and do that which promotes the interests of justice. See United States v. Maldonado-Rivera, 922 F.2d 934, 966 (2d Cir. 1990) ("it remains for the court to try to strike a balance and determine which factors are of greatest importance").

Although the disposition of a motion to transfer is highly discretionary and depends on a multitude of factors, there are two that courts routinely find understandably appealing to common sense notions of decency and fairness: (1) the location of the conduct and (2) the location of the defendant. Merely because the Government has plausible venue in a particular jurisdiction or because it chooses to bring charges in a location for any number of idiosyncratic reasons, says little about the merits of a transfer motion.

Here, the location of the conduct is straightforward. The Government alleges that Mr. Ceglia filed a lawsuit in New York State court in Allegany County, which is within the Western District of New York, and pursued it after Facebook removed the suit to federal court in Buffalo. The entire basis for the prosecution is that Mr. Ceglia allegedly made false claims and submitted doctored evidence in that lawsuit. The Government does not allege that any of the allegedly

doctored evidence was created in the Southern District or in any way has anything to do with the Southern District.

So too, the location of Mr. Ceglia is straightforward. He lives in Wellsville, New York and has lived there for the vast majority of his life. This is significant not just because of the expense involved in traveling to meet with counsel in New York City, attend court hearings in New York City, and spend two to three weeks in New York City during a trial, but for the constitutional imperative that absent some compelling reason, defendants should be tried in the district of their residence by a jury of their peers. United States v. Cashin, 281 F.2d 669, 675 (2d Cir. 1960) citing United States v. Johnson, 323 U.S. 273, 275 (1944) ("Recognizing ... the important policies underlying the venue provisions of the Constitution and Bill of Rights, the Supreme Court has declared that venue statutes should, whenever possible, be construed so to permit trial at the residence of the defendant.").

The Government's only response is: Mr. Ceglia lived with his family in Ireland for a year during the time the civil lawsuit was pending. The response is a *non sequitur*. A defendant's place of residence for a relatively short period of time, before the criminal prosecution was brought, in a location utterly unrelated to either the jurisdiction of prosecution or the proposed location of transfer, carries no weight in common sense or among the Platt factors.

The Government's attempt to diminish the cost to Mr. Ceglia of locating the case in the Southern District is equally unavailing. The costs are obvious, significant, and burdensome, and they require no detailed accounting. This case will involve large amount of discovery and frequent meetings, especially in the time leading up to trial. The lodging expenses for the trial alone will run in the thousands of dollars. And the Government's argument that Mr. Ceglia "has not retained any lawyers to defend against the criminal charges, but has instead had counsel

appointed by the Court to represent him" should not weigh against transfer. If it did, those defendants who could afford to retain counsel would be better positioned to have their cases heard in their home districts. That is an unacceptable preference in favor of wealthier clients, and this Court should reject it.

Lastly, as the Second Circuit held in Cashin, "application of the liberal transfer provision of Rule 21(b) permits the selection of the place of trial in each case as justice and convenience dictate" so as to avoid "permit[ting] the government to select the place of trial to suit its sole convenience..." Cashin, 281 F.2d at 675. This is especially salient where the government's selection of venue "leads to the appearance of abuses, if not to abuses, in the selection of what may be deemed a tribunal favorable to the prosecution." Johnson, 323 U.S. 273 at 275.

Here, the appearance of abuse is particularly troubling. The Government has stepped in on behalf of one party to a civil suit, while that suit is still pending, and has done so in the home jurisdiction of that party's lawyers -- lawyers who were recently federal prosecutors in this jurisdiction.

At any given time, there are thousands of lawsuits in which parties claim that the other side is lying. It is an extraordinary occurrence for the United States Attorney's Office to intervene on behalf of one of those parties, and even more extraordinary for it to do so in a location different from the location of the civil lawsuit. These facts give rise to an unavoidable appearance of improper consideration in the Government's selection of venue.

**CONCLUSION**

This Court should exercise its discretion and transfer the case to the Western District of New York.

Dated: New York, New York
February 13, 2013

David E. Patton
Federal Defenders of New York
Attorney for Defendant
**PAUL CEGLIA**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8738

**DAVID E. PATTON**

TO: United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn.: Christopher Frey, Esq.
Janis Echenberg, Esq.