UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

      - v. -                   :

PAUL CEGLIA,                      :

           Defendant.        :

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-24-13

DISCOVERY ORDER
ON CONSENT

12 Cr. 876 (ALC)

On the motion of the defendant, PAUL CEGLIA, by and through his counsel, David Patton, Esq., and with the consent of the United States of America, by the United States Attorney for the Southern District of New York, Preet Bharara, by Assistant United States Attorneys Janis M. Echenberg and Christopher D. Frey; and for good cause shown,

WHEREAS the Government is currently in possession of the document Paul Ceglia claims is the original, signed version of the contract between Paul Ceglia and Mark Zuckerberg (the "Contract"), which is the subject of dispute in this action and in the civil action captioned <u>Paul D. Ceglia v. Mark Elliot Zuckerberg and Facebook, Inc.</u>, 10 Civ. 569 (RJA)(LGF) (the "Civil Action"), IT IS HEREBY ORDERED THAT:

    1.   The Government and its agents agree to maintain the Contract in the protective covering in which

it was received, and make all reasonable efforts to secure it from contaminants and/or changes in temperature that could alter its current condition.  Except as provided for below, the Government will store the Contract in a secure vault (the "Vault") located at the Office of the United States Attorney for the Southern District of New York, One St. Andrew's Plaza, New York, New York 10007 (the "U.S. Attorney's Office").

      2.   If the Government or its agents wish to inspect the contract outside of any protective covering, they will only do so at the U.S. Attorney's Office, in the presence of the defendant's counsel of record in this action and up to three additional individuals, including (i) personnel employed by the defendant's counsel of record in this action; (ii) independent expert witnesses, investigators, or advisors retained – pursuant to a written retainer agreement – by the defendant or his counsel of record in this action in connection with this action; and (iii) such other persons as hereafter may be authorized by the Government or the Court upon motion by the defendant (collectively, the "Representatives").

      3.   If the defendant, defendant's counsel of record in this action, or his Representatives wish to inspect the contract outside of any protective covering,

they will be allowed to do so, at the U.S. Attorney's Office, in the presence of at least one Government agent, upon providing at least five business days' notice to the Government.

    4. If the Government or its agents wish to perform any testing of the Contract, an agent of the Government shall hand-deliver the Contract from the Vault to the United States Postal Inspection Service's National Forensics Laboratory in Dulles, Virginia (the "Postal Laboratory") and/or the United States Secret Service's Forensic Laboratory in Washington, D.C. (the "Secret Service Laboratory") where such testing shall take place. Prior to removing the Contract from the Vault for the purpose of testing, the Government shall provide the defendant's counsel of record in this action with at least five business days' notice.

    5. At the time that the Government provides the defendant's counsel of record in this action with notice of its intent to transport the Contract from the Vault to either or both of the Postal Laboratory and/or the Secret Service Laboratory in accordance with paragraph 4 above, the Government shall also provide notice of the general nature of the testing to be performed at the respective facility. To the extent the defendant or the defendant's

counsel of record in this action have concerns and/or objections as to the nature of the testing proposed by the Government, the parties shall endeavor to resolve such issues amongst themselves. In the event the parties are unable to do so, either party may seek relief from the Court.

6.  In the event that the defendant's counsel of record in this action and up to three additional Representatives wish to be physically present or defendant's counsel wishes to have video recording conducted at either or both of the Postal Laboratory or the Secret Service Laboratory while the Contract is subjected to testing of any kind, defendant's counsel of record in this action may apply to the Court for an order authorizing the same.

7.  In the event any party in the Civil Action, including the defendant or the defendant's counsel of record in the Civil Action, desires access to the Contract, or to take custody or control of the Contract from the Government for use in the Civil Action, that party shall seek an order from the appropriate judge in the United States District Court for the Western District of New York, after first providing the Government with five business days' notice of its intention to make such an application.

Absent such an order, the Government will not provide access to the Contract, or give custody or control of the Contract, to either party in the Civil Action for use in the Civil Action.

8. In the event the United States District Court for the Western District of New York grants the application of a party to the Civil Action to obtain access to the Contract, or to take custody or control of the Contract, following an application to that court in accordance with paragraph 7, above, the Contract shall be delivered as specified by that court in a sealed, protective covering. An agent of the Government shall place his or her signature and the date across the seal of that protective covering, and that seal shall remain intact, unless otherwise ordered by that court. The Contract shall be returned to the Government as soon as possible thereafter.

Dated:   New York, New York
         June 13, 2013

                                       Agreed and Consented To:

                                       _____
                                       David Patton, Esq.
                                       Attorney for Paul Ceglia

                                       *Christopher D. Frey*
                                       Janis M. Echenberg
                                       Christopher D. Frey
                                       Assistant U.S. Attorneys

SO ORDERED: **6-24-13**

                                       Hon. Andrew J. Carter, Jr.
                                       U.S. District Court Judge
                                       Southern District of New York