UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,           :

                                          :

          - v -                    :     12 CRIM 876 (ALC)

**PAUL CEGLIA,**                        :

               Defendant.     :

----------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CEGLIA'S MOTION FOR A BILL OF PARTICULARS**


DAVID E. PATTON, ESQ.
ANNALISA MIRÓN, ESQ.
Federal Defenders of New York
Attorneys for Defendant
  **Paul Ceglia**
52 Duane Street, 10th Floor
New York, New York 10007
(212) 417-8738

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
          - v -                    :      12 CRIM 876 (ALC)
                                   :
PAUL CEGLIA,                       :
                                   :
          Defendant.               :
----------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CEGLIA'S MOTION FOR A BILL OF PARTICULARS

This Memorandum of Law is submitted on behalf of defendant Paul Ceglia in support of his motion for a bill of particulars.

### BACKGROUND FACTS

We assume the Court's familiarity with the facts of the case and repeat them here only briefly.

The Government alleges that in June 2010, Ceglia filed a lawsuit against Mark Zuckerberg and Facebook, Inc. in New York State Supreme Court, claiming that he held a substantial ownership interest in Facebook as a result of a contract between him and Zuckerberg (then a student at Harvard). The contract was signed by both at a meeting in a Boston hotel on

April 28, 2003. Complaint ¶¶ 6a & 6b. Zuckerberg and Facebook answered that the only contract between Ceglia and Zuckerberg concerned a matter unrelated to Facebook, and that the purported contract concerning Facebook was concocted by Ceglia. See Memorandum of Law in Support of Defendants' Motion to Dismiss, Ceglia v. Zuckerberg et al., 10 Civ. 569 (RJA), (docket entry 28) (W.D.N.Y. 2010).

The suit was removed to federal court (the U.S. District Court for the Western District of New York) and Ceglia filed an amended complaint in April 2011 based on the same allegations. Id.; Complaint at ¶ 6b.

Ceglia was arrested in October 2012 and charged in a two-count complaint with mail and wire fraud in the Southern District of New York. The complaint tracks Zuckerberg and Facebook's position in the civil suit: the only contract between Ceglia and Zuckerberg did not involve Facebook, and the contract produced by Ceglia in connection with the lawsuit, purportedly providing him with ownership interest in Facebook, was concocted by Ceglia.

Ceglia was indicted the following month in a two-count indictment, again charging him with mail and wire fraud. Indictment No. 12 Cr. 876 (ALC). The indictment alleges that the "scheme to defraud" occurred from "in or about June 2010" -- when Ceglia first sued Zuckerberg -- to "in or about October

2012," when he was arrested. Indictment at 2. Once again, the core allegation mirrors the defendants' position in the civil suit:

> In furtherance of the scheme to defraud, PAUL CEGLIA [] doctored or otherwise fraudulently converted a legitimate contract that he had with Mark Zuckerberg, dated April 28, 2003 -- in which Zuckerberg agreed to perform certain programming work for CEGLIA wholly unrelated to the Facebook website, in exchange for an agreed upon fee -- to falsely make it appear as though he had entered into an agreement with Zuckerberg in which Zuckerberg agreed to provide CEGLIA with at least a 50% interest in Facebook.

Indictment at 2-3.

After he was indicted, Ceglia moved for a transfer of venue to the Western District of New York, but the motion was denied. Later, Ceglia moved to dismiss the indictment on the grounds that the indictment failed to state an offense under the fraud statutes and the prosecution violated his First Amendment rights. The Court denied that motion as well.

I. **The Court Should Order a Bill of Particulars**

   A. <u>The Charges and the Discovery</u>

This is a complex criminal case arising from a civil lawsuit that originated four years ago during which time the civil parties engaged in limited, but extensive, discovery, including expert witness reports and depositions on topics relating to forensic document examination and forensic computer examination. The Government has produced a large volume of

discovery, much of which is taken directly from the civil suit. Among other items, the discovery includes filings and reports from the civil suit; material taken from computers purportedly belonging to or used by Ceglia; email, phone, and internet search records of Ceglia produced to the Government by Verizon, Google, Yahoo, Time Warner, and Microsoft; "selected e-mails from the sets provided to the Government by Harvard University" (containing over a thousand pages relating to Mark Zuckerberg's Harvard email account from 2003 and 2004); various bank documents; and a variety of expert forensic reports relating to examination of the contract at issue and examinations of computers.

Despite the voluminous production of discovery, however, several of the most basic aspects of the Government's charges remain obscure. For instance, although the Government claims that the contract upon which Ceglia based his suit has been altered, and although the Government has produced different versions of the contract, it has not indicated which of the different versions it contends is the real, unaltered contract. Nor has it stated what aspects of the two-page contract were altered; e.g., does it claim that only the first page, which discusses Facebook, was forged or altered, or does it contend that both pages are forged or altered? This is not an insubstantial issue: in order for the defense to join issue at

trial, it must seek the opinions of experts about the Government's claims of forgery.

In addition, the Government claims that Ceglia doctored certain emails between himself and Zuckerberg, but it has not identified which of many emails were doctored -- even though the Government seems to acknowledge through its production of emails from Zuckerberg's Harvard account that the two did in fact exchange numerous emails. The Government also charges that Ceglia "destroyed evidence that was inconsistent" with his theory in the civil suit, but the Government has not identified the evidence it alleges that Ceglia destroyed.

Lastly, despite extensive briefing on Ceglia's Motion to Dismiss, the Government has not disclosed the basis for one of the most fundamental and necessary elements of a fraud charge: the intent to deceive.  It has not stated whom Ceglia intended to deceive, or what activity, beyond blanket assertions about filing a baseless lawsuit, constitutes the basis for a fraud charge on its theory of "corrupting the judicial process."

For these reasons, the defendant requests a limited and reasonable bill of particulars, consisting of eight requests relating to the most basic aspects of the Government's allegations.

    B.   <u>The Legal Standard for a Bill of Particulars</u>

Federal Rule of Criminal Procedure 7(f) provides that the

Court may direct the filing of a Bill of Particulars. The Rule was crafted to "encourage a more liberal attitude by the courts toward bills of particulars …" Fed. R. Crim.P. 7(f) advisory committee's note.

A Bill of Particulars in a criminal case is essential to amplify an indictment by providing a defendant with sufficient notice and information about the details of the charge so as to allow him adequately to prepare his defense prior to, and not in the midst of, trial, and thereby avoid prejudicial surprise. It is, moreover, "the one method open to a defendant in a criminal case to secure the details of a charge against him." 1 WRIGHT, FEDERAL PRACTICE AND PROCEDURE; CRIMINAL § 129, at 432 (2d ed. 1982). "A test in passing on a motion for a bill of particulars should be whether it is necessary to defendant to have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided." Id. at 435; accord United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).

"In deciding whether a bill of particulars is needed, the court must determine whether the information sought has been provided elsewhere, such as in other items produced by discovery, responses made to requests for particulars, prior proceedings, and the indictment itself." United States v. Strawberry, 892 F.Supp. 519, 526 (S.D.N.Y. 1995). However, "it

Court may direct the filing of a Bill of Particulars. The Rule was crafted to "encourage a more liberal attitude by the courts toward bills of particulars …" Fed. R. Crim.P. 7(f) advisory committee's note.

A Bill of Particulars in a criminal case is essential to amplify an indictment by providing a defendant with sufficient notice and information about the details of the charge so as to allow him adequately to prepare his defense prior to, and not in the midst of, trial, and thereby avoid prejudicial surprise. It is, moreover, "the one method open to a defendant in a criminal case to secure the details of a charge against him." 1 WRIGHT, FEDERAL PRACTICE AND PROCEDURE; CRIMINAL § 129, at 432 (2d ed. 1982). "A test in passing on a motion for a bill of particulars should be whether it is necessary to defendant to have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided." Id. at 435; accord United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990).

"In deciding whether a bill of particulars is needed, the court must determine whether the information sought has been provided elsewhere, such as in other items produced by discovery, responses made to requests for particulars, prior proceedings, and the indictment itself." United States v. Strawberry, 892 F.Supp. 519, 526 (S.D.N.Y. 1995). However, "it

is no solution to rely solely on the quantity of information disclosed by the government." United States v. Bin Laden, 92 F.Supp.2d 225, 234 (S.D.N.Y. 2000). Indeed, a large volume of discovery is often what necessitates a bill of particulars. See, e.g., United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987) ("providing mountains of document to defense counsel" when the indictment contained general allegations "impermissibly shifted" the burden of proof to the defendants, necessitating a bill of particulars).

### C. The Information Requested is Limited, Reasonable, and Necessary to Prepare for Trial

In order for the defense to adequately prepare for trial, the Government must provide answers to the following eight requests for information. The defense has already requested this information directly from the Government, but thus far, the Government has refused to provide it.

The requests are:

> (1) To the extent that the Government claims it has produced a copy (or copies) of the "real" contract between Ceglia and Zuckerberg, identify the document(s).
>
> (2) State the nature of the forgery or alteration that the Government is alleging, and specifically, whether the Government alleges that both pages of the two-page contract were altered or forged or just one page (along with the bases for the allegation).
>
> (3) Identify the emails involving Ceglia and/or Zuckerberg that the Government claims are inauthentic.

(4) Whereas the Government states in the Indictment that Ceglia "also destroyed evidence that was inconsistent" with his theory in the civil suit, identify the evidence the Government alleges that Ceglia destroyed.

(5) Whom does the Government claim Ceglia intended to deceive as part of the fraudulent scheme alleged?

(6) To the extent that the Government is relying on the theory that "corrupting the judicial process" constitutes fraud, what communications to the court were fraudulent?

(7) If the Government intends to rely on settlement discussions to prove the alleged fraudulent scheme (as stated in general terms in the Government's brief in Opposition to Ceglia's Motion to Dismiss at pages 18 and 21), identify the instances in which Ceglia engaged or attempted to engage in settlement discussions.

(8) Regarding the documents produced on December 24, 2012, identify the source of the documents produced, the location from which they were retrieved, and the manner in which the documents were obtained, e.g., via search warrant, subpoena, or in some other manner.

The eight items listed above constitute a limited and reasonable request in light of the charges in this case.

Items one through four requesting further information about the Government's claims regarding the authenticity of the relevant contracts and emails and Ceglia's purported destruction of evidence are necessary for the defense to adequately prepare for trial with the assistance of needed experts. The defense must be able to discuss with experts the Government's claims regarding forgeries, alterations, and destruction of evidence so that the experts may provide

informed opinions in advance of trial. If the defense is not made aware of the answers to those limited questions until the trial itself, such preparation cannot occur, "prejudicial surprise" will result, and Ceglia will be deprived of a fair proceeding.

Items five through seven address the most fundamental questions about the Government's charges in a fraud case: what conduct was fraudulent? As discussed at length in the briefing on the motion to dismiss, the Government must demonstrate, among other things, that Ceglia intended to deceive someone as part of his fraudulent scheme. If the Government's theory is that Ceglia intended to deceive the courts or that he engaged in fraudulent activity in relation to settlement discussions, Ceglia is entitled to that information so that he may join the issue at trial. So too he is entitled to know if the Government will claim that he intended to deceive Zuckerberg and Facebook. To date, the Government has made no such claim in the charging documents or the discovery.

The last item merely requests that the Government provide the source, location and manner of retrieval for the several thousand pages of discovery produced. Without this basic information, the defense cannot prepare to challenge the authenticity of the evidence or the legality or reliability of how it was obtained.

## CONCLUSION

For the reasons stated above, the Court should order the limited bill of particulars requested herein.

Dated: New York, New York
       May 23, 2014

_____
DAVID E. PATTON, ESQ.
ANNALISA MIRÓN, ESQ.
Federal Defenders of New York,
Inc. Attorneys for Defendant
  **Paul Ceglia**
52 Duane Street, 10th Floor
New York, New York 10007
(212) 417-8738


TO:   **PREET BHARARA, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007

Attn:   **CHRISTOPHER FREY, ESQ.**
        **JANIS ECHENBERG, ESQ.**