```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
              - v -                :    12 CRIM 876 (ALC)
                                   :
PAUL CEGLIA,                       :
                                   :
              Defendant.           :
----------------------------------X
```

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CEGLIA'S MOTION FOR A BILL OF PARTICULARS**

DAVID E. PATTON, ESQ.
ANNALISA MIRÓN, ESQ.
Federal Defenders of New York
Attorneys for Defendant
  **Paul Ceglia**
52 Duane Street, 10th Floor
New York, New York 10007
(212) 417-8738

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,         :
                                  :
              - v -               :    12 CRIM 876 (ALC)
                                  :
PAUL CEGLIA,                      :
                                  :
              Defendant.          :
---------------------------------X
```

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CEGLIA'S MOTION FOR A BILL OF PARTICULARS

This Memorandum of Law is submitted in reply to the Government's opposition to Defendant's Motion for a Bill of Particulars. In its opposition, the Government argues that the Court should deny Ceglia's Motion for a Bill of Particulars because the Government has already provided a detailed criminal complaint, indictment, and extensive discovery. Claiming that Ceglia has "adequate notice of the charges and the evidence," Gov't. Br., 13, the Government ignores the dearth of information regarding a few fundamental questions raised in Ceglia's request for a Bill of Particulars.

Specifically, the Government has refused to inform the defense a) which of the different contracts produced to the defense does the Government claim is real?; b) which of the

emails between Ceglia and Zuckerberg are "doctored"?; and c) whom, according to the Government, did Ceglia intend to deceive? Def. Br., 5-6. None of these questions have been answered in the criminal complaint, Indictment, discovery, or, for that matter, in the Government's Opposition Brief.

As the Government concedes, a court must weigh the necessity of "protecting defendants from surprise" when deciding a motion for a bill of particulars. Gov't Br., 9 (quoting United States v. Payden, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ("[t]hus the court is required to balance restricting the government's proof against protecting defendants from surprise")); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) ("The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary for the preparation of his defense, and to avoid prejudicial surprise at the trial."), cert. denied 498 U.S. 906 (1990); United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1995) (bill of particulars necessary when it will allow a defendant to prepare defense and avoid unfair surprise). In contrast to the "wheres, whens, and with whoms" sought by defendants in certain cases cited by the Government, Ceglia does not request "a preview of the Government's evidence." United States v. Mitlof, 165 F. Supp.2d 558, 569 (S.D.N.Y. 2001). Here, the information demanded is limited in scope and precisely tailored to avoid unfair surprise.

Moreover, the production of voluminous discovery does not absolve the Government of its duty to provide adequate notice to the defendant. In fact, a defendant may be "unfairly overwhelmed with mountains of unorganized discovery." United States v. Barret, 824 F. Supp.2d 419 (E.D.N.Y. 2011) (quoting United States v. Kahale, 789 F. Supp.2d 359, 372 (E.D.N.Y. 2009). Thus, depending on the circumstances of the case, voluminous discovery may weigh in favor of disclosure. See, e.g., United States v. Gilberto Valle, 12-CR-847 (PGG), Dkt No. 40 (motion for bill of particulars granted in part).

The importance of disclosure is magnified here because of the need for the defense to engage experts to examine the documentary and computer forensic evidence well in advance of trial. Where the Government's allegations are based in large part on scientific analyses, it must make its claims with enough specificity to allow the defense to test those allegations. See United States v. DePaoli, 41 Fed.Appx. 543, 546 (3d Cir. 2012)(bill of particulars is intended to provide defense information necessary to conduct its own investigation).

While the Government has produced "voluminous discovery relating to the allegations and the Government's evidence," Gov't Br., 11, Ceglia remains in the dark about how the Government obtained some of the purported evidence against him. The Government has refused to disclose, for example, the source of materials listed in its December 24, 2012 discovery letter

- 3 -

as "background materials concerning Facebook." Gov't Br., Exh. A, 2. Accordingly, the defense has been unable to verify whether the Government properly obtained the materials, or obtained them in violation of Ceglia's privacy interests.

Absent answers to the limited set of questions posed in the request for a bill of particulars, Ceglia will be unfairly surprised at trial. The Court should grant a bill of particulars to allow the defense to prepare for trial and to avoid prejudicial surprise. A bill of particulars is necessary for Ceglia to receive a fair trial.

**CONCLUSION**

For the reasons stated above and in Ceglia's opening brief, the Court should order the limited bill of particulars requested by the defense.

Dated: New York, New York
June 13, 2014

    DAVID E. PATTON, ESQ.
    ANNALISA MIRÓN, ESQ.
    Federal Defenders of New York,
    Inc. Attorneys for Defendant
      **Paul Ceglia**
    52 Duane Street, 10th Floor
    New York, New York 10007
    (212) 417-8738

TO:   **PREET BHARARA, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007

Attn:   **CHRISTOPHER FREY, ESQ.**
        **JANIS ECHENBERG, ESQ.**