**MEMO ENDORSED**



# HARVARD UNIVERSITY
## OFFICE OF THE GENERAL COUNSEL

Ara Gershengorn
*University Attorney*

ara_gershengorn@harvard.edu

Richard A. and Susan F. Smith Campus Center
1350 Massachusetts Avenue, Suite 980
Cambridge, MA 02138-3834

617-495-8210  FAX: 617-495-5079

August 4, 2014



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-8-14



RECEIVED
AUG 04 2014
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

By email to: ALCarterNYSDChambers@nysd.uscourts.gov

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Paul Ceglia*, No. 12-CR-876 (ALC)

Dear Judge Carter:

    This letter is sent on behalf of Harvard University to respectfully request a narrowing of the scope of this Court's ordered Rule 17(c) subpoena issued to Harvard University, Office of the General Counsel ("Harvard"), to limit the scope to Harvard College; and to respectfully request a fourteen (14) day extension of the time to respond to the subpoena.

    Undersigned counsel has discussed these requests with counsel for Mr. Ceglia and counsel for the United States, who have authorized Harvard to state that they consent to both requests.

    In support of its request to narrow the subpoena, Harvard respectfully submits:

1. Harvard University is made up of twelve distinct degree-granting Schools, including Harvard College, but also Harvard Law School, the Harvard Graduate School of Design, the Harvard Divinity School, the Harvard School of Dental Medicine, and the Harvard School of Public Health. The University is very decentralized, and many of the Schools have their own information technology departments with their own practices and procedures.

The Honorable Andrew L. Carter, Jr.
August 4, 2014
Page 2

> 2. As we understand it, this matter relates solely to incidents and individuals at Harvard College, and does not involve any of the other Harvard Schools or Centers. We therefore respectfully submit that it would be both overly burdensome and not relevant to this matter for Harvard to seek to produce materials relating to the policies and protocols for Harvard email addresses relating to any School other than Harvard College.

Accordingly, Harvard respectfully requests that this Court narrow the scope of the subpoena to the following:

> Any and all documents setting forth Harvard College's policies and protocols relating to backing up, storing, and maintaining the contents of email communications for Harvard College email addresses from 2003 to the present.

Secondly, Harvard respectfully requests that this Court grant a fourteen-day extension of the time for production under this subpoena. As grounds for this extension, Harvard respectfully submits:

1. The subpoena requests documents for a time period spanning more than 10 years. During that time, Harvard College has utilized the services of several outside vendors in connection with its email communications.

2. The operative agreements include notification requirements in the event that a court orders the disclosure of confidential information under the agreements, including the agreements themselves. The subpoena at issue calls for such disclosure.

3. In order to permit Harvard to satisfy the notice requirements of its agreements, Harvard respectfully requests an extension of fourteen (14) days to produce responsive materials, to and including August 21, 2014.

As noted above, counsel for both the Defendant and the United States in this matter have authorized us to state that they consent to both of these requests.

Thank you for your consideration.

Sincerely,

Ara B. Gershengorn

cc: Annalisa Mirón, Esq., via email to: Annalisa_Miron@fd.org
Janis Echenberg, Esq., via email to: Janis.Echenberg@usdoj.gov

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE  8-8-14