Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644
Fax: (716) 852-6782
rfogg@rfogglaw.com

*Counsel for Defendant, Paul D. Ceglia*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.                                                  Case No: 1:12-CR-00876-ALC

PAUL D. CEGLIA,

        Defendant.

---

**DECLARATION OF PAUL D. CEGLIA IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION REGARDING APPLICATION OF THE CRIME FRAUD EXCEPTION**

I, Paul D. Ceglia, of full age, do hereby declare under the pains and penalties of perjury of the United States as follows:

1. I am the defendant in this case.

2. I have personal knowledge of the facts stated in this declaration and I submit this in support of my opposition to the Government's Motion Regarding Application of Crime Fraud Exception.

3. In connection with the civil action I filed against Mark Zuckerberg and Facebook, Inc. in the Supreme Court for Allegeny County, which was removed by the defendants in that case to the United States District Court for the Western District of New York, I retained various lawyers and law firms at various times to handle that civil litigation on my behalf.

4. Among the firms I retained were DLA Piper and Kasowitz Benson.

5. The communications I had with the attorneys and other staff at those firms were all related to my legal representation. At all times I considered our communications to be protected by the attorney-client privilege and the lawyers' work product to be protected by the Work Product Doctrine. By that I mean that it was always my understanding that those communications and documents were protected from disclosure to persons who were not my lawyers without my authorization.

6. I never gave permission to anyone at the DLA Piper or Kasowitz firms to give the documents which they have identified in their Privilege Logs as being privileged or work product to anyone who was not my attorney. I most certainly did not give them authorization in any way to turn any of the documents over to the United States Attorney or to any representative of the United States Attorney.

7. I also never gave permission or otherwise authorized my attorneys – or any other representative – at the Federal Public Defenders Office to turn over privileged or work product documents from the DLA Piper or Kasowitz firms to the United States Attorney or to any representative of the United States Attorney.

8. I did not know that privileged or work product documents had been turned over to the U.S. Attorney's office until I saw the Government's Motion Regarding Application of Crime Fraud Exception after it was filed.

9. I can state without reservation, that if I had been consulted about turning the documents over to the U.S. Attorney, I would have categorically refused to give my permission or otherwise authorize that such an action be taken.

10. I understand from the Government's filing that the documents were turned over pursuant to some "procedure agreed upon by counsel for the defendant." I knew of no such procedure or supposed agreement until I read about it in the Government's motion.

11. I did not and do not agree to my privileged documents and the work product documents of my former attorneys being in the possession of anyone other than me and my attorneys and I request that the Court require that they be immediately returned to my current attorney in this case.

Sworn to under the pains and penalties of perjury of the United States.

Dated:  September 29, 2014
        Westville, NY

_____
Paul D. Ceglia