UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          - v. -                  :          12 Cr. 876 (ALC)

PAUL CEGLIA,                      :

               Defendant.         :

- - - - - - - - - - - - - - - x

**GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION REGARDING APPLICATION OF CRIME FRAUD EXCEPTION**

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
 of America

Niketh Velamoor
Assistant United States Attorney
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

        - v. -                     :           12 Cr. 876 (ALC)

PAUL CEGLIA,                       :

              Defendant.           :

- - - - - - - - - - - - - - - x

**GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION REGARDING APPLICATION OF CRIME FRAUD EXCEPTION**

          The Government respectfully submits this reply memorandum
in further support of its application for an order finding that the
crime fraud exception applies to documents and communications
between Paul Ceglia ("Ceglia" or "defendant") and his former
attorneys at the law firms of DLA Piper LLP ("DLA Piper") and
Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz") and in response
to the defendant's memorandum in opposition dated September 29, 2014
("Def. Mem."). In his memorandum, the defendant offers no answer
to the findings made by multiple federal judges that the defendant's
civil lawsuit against Mark Zuckerberg and Facebook, Inc. (the "Civil
Action"), which the defendant enlisted Kasowitz and DLA Piper to
pursue on his behalf, was intended to be, and was in fact, a fraud
– findings that compel the application of the crime-fraud exception
in this case. Therefore, for the reasons set forth below, the

1

Government requests that its motion seeking application of the crime-fraud exception be granted.

<u>DISCUSSION</u>

I.   <u>The Crime Fraud Exception Applies To The Defendant's
     Communications With His Attorneys at Kasowitz and DLA Piper</u>

At bottom, the defendant's opposition to the Government's motion is premised on ignoring the nature and scope of his misconduct. Contrary to the defendant's claims, the defendant has not been charged with mail and wire fraud simply for "commencing a lawsuit. . . ." (Def. Mem. at 4.) The defendant has been charged with mail and wire fraud because he fabricated evidence and destroyed contrary evidence before and after filing the Civil Action, which was based on fabricated evidence and was riddled with misrepresentations and false statements.

Notably, this is not simply the Government's assessment of the defendant's conduct in filing and pursuing the Civil Action. This is the conclusion of multiple federal judges, including the judges who presided over the lawsuit. On March 26, 2013, United States Magistrate Judge Leslie Foschio issued a 155-page Report and Recommendation ("R&R") recommending dismissal of the defendant's lawsuit because the "Work for Hire" document on which the lawsuit was based was a recently created fabrication and on account of the defendant's spoliation of evidence. The R&R discusses in detail the

reasons why the Work for Hire document and the supporting emails are forgeries or fabrications.  It analyzes ink-dating, printing variations, such as fonts, typesetting and formatting inconsistencies between pages 1 and 2 of the Work for Hire document, printer toner and paper variations, staple holes, handwriting of initials and signatures, digital footprints, back-dating of emails, formatting inconsistencies of emails, factual inaccuracies, etc. Based on this exhaustive analysis, Judge Foschio concluded:

> To summarize, based on the evidence in the record, it is highly probable and reasonably certain that the Work for Hire Document and the supporting e-mails were fabricated for the express purpose of filing the instant action.  [Ceglia's] arguments in opposition largely consist of self-defeating inconsistencies, serving only to establish the fraudulent nature of the Work for Hire Document and supporting e-mails.  Defendants have thus established by <u>clear and convincing evidence</u> the Work for Hire Document and supporting emails are fabrications such that Defendant's Motion to Dismiss should be GRANTED, and the case dismissed with prejudice.

R&R at 119 (emphasis added) (attached as Exhibit A).

This conclusion was adopted by the United States District Judge who presided over the lawsuit.  By order dated March 24, 2014, United States District Judge Richard J. Arcara dismissed the Civil Action because the "purported contract upon which the action is predicated is a fabrication and, alternatively, because of spoilation (sic) of evidence by, or on behalf of, plaintiff Paul D. Ceglia." <u>Ceglia</u> v. <u>Zuckerberg</u>, 10 Civ. 569 (RJA) (LGF) (W.D.N.Y), Docket No. 674 at 2.  United States Magistrate Judge Michael H.

Dolinger from the Southern District of New York also concluded that there was probable cause to believe that the defendant's lawsuit was a knowing and intentional fraud when he signed the complaint charging the defendant with mail and wire fraud.  And, in addition to these judges, the defendant's own attorneys at Kasowitz and DLA Piper both withdrew from their representations of the defendant in the Civil Action, and Kasowitz has explicitly concluded that the defendant's lawsuit was based on fraudulent documents.[1]

These conclusions, particularly those made by Magistrate Judge Foschio and District Judge Arcara, are devastating to the defendant's opposition to the Government's instant application.  In order to demonstrate the applicability of the crime fraud exception, the Government must establish only "that there is 'probable cause to believe that a crime or fraud has been [attempted or] committed and that the communications were in furtherance thereof.'"  In re John Doe, Inc., 13 F.3d 633, 637 (2d Cir. 1994) (quoting In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983, 731 F.2d 1032, 1039 (2d Cir. 1984)).  The court presiding over the defendant's Civil

---

1    The defendant weakly contends that Kasowitz's decision is "not probative of anything other than their decision to discontinue their representation" of the defendant.  (Def. Mem. at 15.)  This argument is entirely unpersuasive.  Kasowitz made its reasons for withdrawing perfectly clear – that it had concluded that it had been enlisted to pursue a lawsuit based on fabricated documents and its conclusion in that regard is relevant to the Court's determination of probable cause in this case.

Action has already made the findings necessary to demonstrate the applicability of the crime fraud exception, and it has made those findings by clear and convincing evidence, let alone probable cause. And these findings have been echoed by those of Magistrate Judge Dolinger, the Grand Jury and the Kasowitz and DLA Piper law firms.[2] Therefore, there cannot be any serious dispute that the applicable probable cause standard has been met.

The so-called "expert" reports by Katherine M. Koppenhaver and Joan M. WInkelman that the defendant attached to his memorandum in opposition do not alter this result. The defendant filed these declarations in his separate action to enjoin Preet Bharara and the Assistant U.S. Attorneys handling this case from prosecuting him (but did not file them in the Civil Action itself). First, these declarations are not reliable or compelling. Among other things, Ms. Koppenhaver's conclusion that the first and second pages of the Work for Hire document may have gone together does not alter the fact that the entire document was a fraud. Ms. Winkelman, for her part,

---

2    The defendant contends that, because Kasowitz and DLA Piper generated privilege logs, those logs cannot provide any support for the application of the crime-fraud exception. (Def. Mem. at 17.) This is incorrect. The fact that these firms generated privilege logs does not in any way suggest that the crime-fraud exception should not apply. These firms withheld documents from the prosecution team and described those documents in logs pursuant to an agreed-upon procedure between the Government and the defendant. One of the main purposes of this procedure was to preserve the ability of this Court to decide the applicability of the crime fraud exception in this case.

examined only scanned documents and did not review the original Work for Hire documents.   Moreover, neither Koppenhaver nor Winkelman discussed the fabricated emails before and after the Work for Hire document was created.   And in any event, even after these declarations were filed and included in the record, the district court presiding over the injunction action dismissed the injunction action, and repeated its conclusion that "the purported contract upon which [the defendant's lawsuit] is predicated is a fabrication and that plaintiff knows it" and therefore that the defendant's lawsuit was a "sham."   USDJ Order Dated March 25, 2014 dismissing <u>Ceglia</u> v. <u>Holder</u>, <u>et al</u>. (attached as Exhibit B).   Moreover, even assuming, <u>arguendo</u>, that these declarations have some evidentiary value, which they don't, they would not alter the conclusion that there was, at a minimum, "probable cause" to conclude that the defendant's lawsuit was a fraud, which is all that is required to justify application of the crime fraud exception.   Therefore, the declarations attached to the defendant's opposition to the instant motion do not change the fact that the probable cause standard applicable to the instant motion has been met.

The defendant suggests that the crime-fraud exception should not apply because the Government "does not allege that defendant's attorneys at DLA Piper or Kaswowitz were involved" (Def. Mem. at 12) in the fraud by, for example, assisting in the creation

of fraudulent documents, but this is a red herring.  There need not

be any evidence that the attorneys were knowingly involved in the

fraud for the crime fraud exception to apply.  See In re Grand Jury

Subpoena Duces Tecum Dated September 15, 1983, 731 F.2d at 1038

(communications or work product are not protected "even if the

attorney is unaware that his advice is sought in furtherance of such

an improper purpose.")  Thus, the fact that the Government is not

alleging that the attorneys at Kasowitz and DLA Piper knowing

participated and assisted with the defendant's fraud is entirely

irrelevant to the application of the crime fraud exception in this

case.

        Contrary to the defendant's argument, the Second Circuit's

decision in In re Richard Roe, Inc. v. United States, 168 F.3d 69,

71 (2d Cir. 1999) supports the Government's position with respect

to the application of the crime fraud exception.   In Richard Roe,

the Second Circuit addressed the issue of when documents are "in

furtherance of a crime or fraud[.]"  168 F.3d at 70 (internal

quotations omitted).  The court recognized that where "there is

probable cause that a fraud has been committed that consists, at least

partially, of engaging in litigation, then probable cause would

arguably exist to find that every document prepared in connection

with the defense of that litigation was in furtherance of the fraud

and thus not privileged."  168 F.3d at 71.  To ensure that the crime

fraud exception was applied appropriately, the Second Circuit held that, "[w]here the very act of litigating is alleged as being in furtherance of a fraud," in order for the court to find that otherwise privileged communications were in furtherance of a fraud "a party seeking disclosure under the crime-fraud exception must show probable cause that the litigation or an aspect thereof had little or no legal or factual basis and was carried on substantially for the purpose of furthering the crime or fraud." Richard Roe, 168 F.3d at 71.

    The fact that there is "probable cause" to believe that the Civil Action had "no legal or factual basis" and was "carried on substantially for the purpose of furthering the crime or fraud" is precisely what multiple federal judges have found and what the Government has demonstrated as part of this motion. Because the Civil Action had no factual basis, the defendant concocted a factual basis by creating false documents and then initiated and pursued a lawsuit that had no purpose other than to achieve a fraudulent result. Under these circumstances, it follows under Richard Roe that the defendant's communications with his attorneys whom he enlisted to pursue this lawsuit were in furtherance of the fraud. Thus, nothing in Richard Roe compels any result other than the application of the crime fraud exception in this case.

    The other cases cited by the defendant are also consistent

with the Government's position.  In the case captioned In re Grand Jury Subpoena, the defendant provided her counsel with falsely backdated documents to exonerate herself of charges against her. 1 A.D.3d 172 (App. Div. 1st Dept. 2003).  The court therefore concluded that the crime-fraud exception applied to the originals of the subject documents as well as to any oral communications that the defendant had with her attorney with reference to the documents. Id. at 173.  The court concluded that the crime fraud exception did not apply, however, to a request for any medical records provided by the defendant to her attorney because "the record does not indicate that there is probable cause to believe that a fraud or crime was committed each time a medical document was exchanged between [the defendant and her attorney], or that there is probable cause to believe that communications in connection with each of those documents. . .were in furtherance of a fraud or crime."  Id.[3]

The Appellate Division's decision in In re Grand Jury Subpoena not to extend the crime fraud exception to the medical documents and associated communications is entirely consistent with the Government's position with respect to this motion.  There, the

---

[3]    In quoting the Appellate Division's decision in this case, the defendant, for whatever reason, excluded the word "medical."  (Def. Mem. at 19 (quoting In re Grand Jury Subpoena, 1 A.D.3d at 173)). However, the Appellate Division's differing analysis of backdated documents and the medical records is important to properly understanding the court's decision.

Appellate Division simply concluded that the crime fraud exception does not apply to a defendant's entire relationship with her criminal defense attorney, but only to the fraudulent aspect of her defense. In the instant case, however, the defendant's relationship with his former attorneys at Kasowitz and DLA Paper was entirely related to his pursuit of a lawsuit that was both conceived to be and was in fact a fraudulent act.[4]  Thus, the defendant's communications with the attorneys tasked solely with pursuing his fraudulent lawsuit were in furtherance of his fraud and therefore subject to the crime-fraud exception.  See also United States v. Jacobs, 117 F.3d 82, 87-89 (2d Cir. 1997) (holding that the crime fraud exception applied to letters written by innocent attorney to his client who was charged with fraud and who consulted with counsel after deciding to pursue a fraudulent scheme).

The defendant further contends that the Government's reasons for wanting the documents are "legally insufficient on their face" (Def. Mem. at 17) but cites no relevant legal authority in support of that position.  As the applicable case law makes clear, there are two legal requirements for the application of the crime fraud exception: probable cause to believe that a crime or fraud has

---

[4]   To the extent the defendant communicated with attorneys at Kasowitz and DLA Paper on legal matters unrelated to his fraudulent lawsuit, the Government is not contending that the crime fraud exception applies to such communications.

been committed and that the communications were in furtherance thereof.  The defendant cites no authority in support of the proposition that, apart from satisfying these requirements, the Government must have certain legally sufficient reasons for seeking access to the documents and communications at issue.  Since the Government has demonstrated probable cause to believe a crime has been committed and that the communications at issue were in furtherance of the fraud, the crime-fraud exception applies.

Finally, the defendant dedicates considerable portions of his opposition memorandum to a discussion of the importance of the attorney-client privilege to our system of law – something the Government obviously does not dispute or take lightly.  But as even the defendant acknowledges, the crime fraud exception "pierces the veil of privilege" where the attorney-client relationship was "fraudulently begun or fraudulently continued."  (Def. Mem. at 8 (citing Clark v. United States, 289 U.S. 1, 14 (1993).)  That is precisely the situation in this case: the defendant pursued a lawsuit based on fabricated and fraudulent documents as the central part of a scheme to defraud the target of his lawsuit.  In such circumstances, the defendant's communications with his attorney are simply "not worthy of protection." In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983, 731 F.2d at 1038.

11

## II.  The Court Should Grant The Government's Motion Without An Evidentiary Hearing

As discussed in greater detail above, the factual questions necessary for the determination of this crime fraud motion have been the subject of extensive litigation in the Western District of New York, including the defendant's civil action itself, as well as his subsequent lawsuit to enjoin the criminal prosecution against him.  This litigation produced an extraordinarily detailed 155-page R&R, including an analysis of the fraudulent documents offered by the defendant in support of his lawsuit.  That opinion was reviewed and adopted by the presiding District Judge, who has now issued two opinions dismissing lawsuits by the defendant and concluding that the Civil Action against Zuckerberg and Facebook was in fact a sham. And that conclusion has been echoed, in various ways, by Magistrate Judge Dolinger, the Grand Jury and attorneys at Kasowitz and DLA Piper.

Therefore, there is more than ample evidence in the record to support a finding of "probable cause to believe that a crime or fraud has been committed and that the communications were in furtherance thereof."  In re John Doe, Inc., 13 F.3d at 637. Accordingly, the Government respectfully submits that no evidentiary hearing is required.

### CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court issue an order finding that the crime fraud exception applies to the documents and communications withheld by Kasowitz and DLA Piper pursuant to the attorney-client privilege, and authorize the undersigned to make these documents available to the prosecution team in this case.

Dated:     New York, New York
           October 6, 2014


                         Respectfully Submitted,

                         PREET BHARARA
                         United States Attorney


            By:  _____/s/_____
                 Niketh Velamoor
                 Assistant United States Attorney
                 (212) 637-1076

13

<u>AFFIRMATION OF SERVICE</u>

     NIKETH VELAMOOR hereby affirms pursuant to Section 1746 of Title 28, United States Code:

     1.   I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York.

     2.   On October 6, 2014, I caused a true and correct copy of the foregoing Government's Memorandum of Law in Support of Motion Regarding Application of Crime Fraud Exception to be served via the Court's Electronic Case Filing system on:

                     Robert Ross Fogg, Esq.
                     *Counsel for Paul Ceglia*

     3.   I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated:  New York, New York
       October 6, 2014


                           ____/s/_____
                           NIKETH VELAMOOR