Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel:  (716) 853-3644
Fax: (716) 852-6782
rfogg@rfogglaw.com

*Counsel for Defendant, Paul D. Ceglia*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA

            v.          Case No: 1:12-CR-00876-ALC

PAUL D. CEGLIA,

        Defendant.
_____

_____

**DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO STRIKE THE
GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION
REGARDING APPLICATION OF THE CRIME FRAUD EXCEPTION**

_____


DATED:  October 8, 2014
       Buffalo, New York


To:  Hon. Preet Bharara, United States Attorney
    United States Attorney's Office
    For the Southern District of New York

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  MOTION AND PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# TABLE OF AUTHORITES

*Brennan v. AT&T Corp.*, 2006 U.S. Dist. LEXIS 8237 (S.D. Ill. Feb. 8, 2006). . . . . . . . . . . . . . . 3

*Dobbs v. Richard Mehrlich (In re Dobbs)*, 227 Fed. Appx. 63 (2d Cir. 2007). . . . . . . . . . . . . . . . 1

*Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110 (2d. Cir. 1999). . . . . . . . . . . . . . . . . . . 1

*Knipe v. Skinner*, 999 F.2d 708 (2d. Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Playboy Enters. v. Dumas*, 960 F. Supp. 710 (S.D.N.Y. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Republic of Benin v. Mezei*, 483 F. Supp. 2d 312 (S.D.N.Y. 2007).. . . . . . . . . . . . . . . . . . . . . . . 1

*Tetra Technologies, Inc. v. Harter*, 823 F. Supp. 1116 (S.D.N.Y. 1993). . . . . . . . . . . . . . . . . . . 1

*Wolters Kluwer Fin. Servs. v. Scivantage*, 2007 U.S. Dist. LEXIS 27048
    (S.D.N.Y. Apr. 12, 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## I.   MOTION AND PRELIMINARY STATEMENT

Mr. Ceglia moves this Honorable Court to strike the Government's Reply Memorandum of Law in Support of its Motion Regarding Application of Crime Fraud Exception (the "Reply") (ECF No. 83) and the evidence submitted to the Court therewith.  In the alternative, Mr. Ceglia requests permission to file a sur-reply to address the new evidence and arguments submitted to the Court for the first time in the Government's Reply.

## II.   ARGUMENT

It is well established that "new arguments may not be made in a reply brief." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d. Cir. 1999) (citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d. Cir. 1993).  A moving party may not lie in wait and spring new arguments in the reply brief on the non-moving party.  "Sandbagging [an] adversary with a brand new factual contention" in a reply brief "is foreign to the spirit and objectives of the Federal Rules..." *Tetra Technologies, Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993).  "[W]e think that it was entirely proper for the District Court to decline to consider debtor-appellant's argument, raised for the first time in its reply brief..." *Dobbs v. Richard Mehrlich (In re Dobbs)*, 227 Fed. Appx. 63, 64 (2d Cir. 2007).  "Because the plaintiff's argument was raised for the first time in its reply brief, the argument will not be considered." *Republic of Benin v. Mezei*, 483 F. Supp. 2d 312, 313 n.2 (S.D.N.Y. 2007).  This principal also applies to evidence submitted for the first time in a reply.  See *Wolters Kluwer Fin. Servs. v. Scivantage*, 2007 U.S. Dist. LEXIS 27048 (S.D.N.Y. Apr. 12, 2007) (striking plaintiff's 12-page reply brief and 133 pages of affidavits, declarations, and deposition transcripts in support of its initial allegations).

In the Government's Motion Regarding Application of Crime Fraud Exception, it stated *repeatedly* in its Memorandum that it was relying on *only* four documents to meet the requirements to show probable cause exists for the crime fraud exception to apply, namely: 1) the Complaint; 2) the Indictment; 3) the Kasowitz Privilege Log; and 4) the DLA Piper Privilege Log.  Government's Memo in Support of Motion at 13-15 ("Opening Brief") (ECF No. 70).  However, in its Reply, the Government argues for the first time that it is the Magistrate Judge's Report and Recommendation in Mr. Ceglia's civil action against Zuckerberg and Facebook and the District Judge's Order dismissing the Holder injunction action that provide the basis for the applying the crime fraud exception.  Reply at 4, 5.  Based upon this Circuit's well-established principle, the Court should strike the Government's Reply and the voluminous "evidence" attached thereto.[1]/

Although the Magistrate Judge's Report and Recommendation and an order of the District Judge (not the same order attached to its Reply) are mentioned under the section entitled "Factual Background" in the Government's Memorandum (Opening Brief 6, 7), the Government was explicit in its reliance upon only the Complaint, Indictment, and Privilege Logs in arguing for the crime fraud exception.  That was the argument to which the defendant's opposition was addressed.

The Government gives no good reason or "exceptional circumstance" that prevented it from filing these materials with its original motion, "or that warrants its submission now."

---

[1] The rulings in the District Court are currently on appeal to the Second Circuit, primarily on the basis that the Magistrate, by his own admission, considered only the evidence most favorable to the *defendants* and plaintiff's rebuttal evidence, which is a fundamental error pertaining to dispositive motions.

*Brennan v. AT&T Corp.*, 2006 U.S. Dist. LEXIS 8237, at *26 (S.D. Ill. Feb. 8, 2006) (striking new declarations and exhibits submitted with the moving party's reply). Nonetheless, the new evidence is the central argument in the Government's reply brief. It would be "manifestly unfair" to allow the Government to make these arguments now and submit substantial evidence in support of them thereby denying Mr. Ceglia an opportunity to meet them. *Playboy Enters. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997).

### III.  CONCLUSION

For the reasons stated above, Mr. Ceglia requests that the Court strike the Government's Reply and the evidence submitted to the Court therewith. In the alternative, Mr. Ceglia requests permission to file a sur-reply to address the new evidence submitted to the Court in the Reply.

Respectfully submitted,

Dated:  October 8, 2014          By:     s/ Robert Ross Fogg_____
             Buffalo, NY                        Robert Ross Fogg, Attorney for Defendant,
                                                         Paul D. Ceglia