```
     E9fdcegc
                          Conference
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,              New York, N.Y.

 4           v.                             12 Cr. 0876(ALC)

 5   PAUL CEGLIA,

 6                Defendant.

 7   ------------------------------x

 8
                                            September 15, 2014
 9                                          3:40 p.m.

10
     Before:
11
                    HON. ANDREW L. CARTER, JR.,
12
                                            District Judge
13

14                         APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  JANIS ECHENBERG
17        CHRISTOPHER FREY
          NIKETH V. VELAMOOR
18             Assistant United States Attorneys

19   FEDERAL DEFENDERS OF NEW YORK INC.
          Attorneys for Defendant
20   BY:  DAVID PATTON

21   ROBERT ROSS FOGG
          Incoming Attorney for Defendant

22

23

24

25
```

E9fdcegc                       Conference

1              (In open court; speakerphone call connected with
2      defendant)
3              THE CLERK:  Criminal cause for a status conference in
4      case number 12 Cr. 867, United States vs. Paul Ceglia.
5              Counsel, please state your appearance for the
6      government.
7              MS. ECHENBERG:  Good afternoon, your Honor.  Janice
8      Echenberg for the government.  With me at counsel table are my
9      colleagues Christopher Frey and Nick Velamoor.
10             THE CLERK:  And for the defendant?
11             MR. PATTON:  Good afternoon, your Honor.  David Patton
12     for Mr. Ceglia, who is attending the conference by telephone.
13             THE COURT:  OK.  Good afternoon, everyone.
14             All right.  The status conference is so that we could
15     deal with a couple of issues.  First I need to deal with the
16     proposed bond modification.  It seems from the letter presented
17     by Mr. Ceglia's counsel that the government doesn't have any
18     objection to that, is that correct?
19             MS. ECHENBERG:  That's correct, your Honor.  Our
20     requirement is that there be properties in place to support the
21     $250,000 bond but that additional properties could be released.
22             THE COURT: OK.  All right. So I'll grant that bond
23     modification, and I will have, I suppose, defense counsel just
24     submit something for me to sign off on to modify that bond and
25     I'll grant that.

1        The next issue is the issue of both Mr. Ceglia's
2   representation and the trial date.  So let me hear from defense
3   counsel regarding Mr. Ceglia's representation at this time.
4        MR. PATTON:  Your Honor, Mr. Ceglia wishes to retain
5   counsel, and in light of the Court's modification of the bond
6   he plans to do so.  Counsel is here in the courtroom, Robert
7   Fogg, from Buffalo, and he will now enter an appearance -- or
8   he will do so formally after the Court signs off on the bond
9   modification.  So that's where the counsel situation stands.
10  And I think, obviously, it probably makes sense in discussing
11  any scheduling issues to discuss those issues with Mr. Fogg.
12       THE COURT:  OK.  Let me hear from the government on
13  this.
14       MS. ECHENBERG:  Yes, your Honor.
15       We have had preliminary discussions with Mr. Fogg
16  about his timing.  He's indicated that he would like a
17  significant adjournment of the trial date.  He mentioned May.
18       The government would oppose any adjournment except for
19  a very brief adjournment of maybe several weeks for him to get
20  up to speed.  As your Honor knows, this case has been pending
21  for almost two years, and any adjournment at this point and the
22  substitution of counsel appears to be a delay tactic by the
23  defendant.
24       The defendant has known about this trial date since
25  May of this year, and, frankly, a trial date wasn't set until

1    that time because of the piecemeal fashion in which defense

2    motions were filed.  And defendant, based on conversations with

3    current counsel, defendant has been contemplating new counsel

4    at least for a month or so, if not longer.  And the counsel he

5    has coming in, Robert Fogg, is very familiar with this case,

6    and that's because he's been in the civil case for at least 18

7    months.  And he filed a complaint in that case or related to

8    that case in March of 2013.

9             So he is aware of the facts of this case.  He is aware

10   of many of the documents because, as your Honor knows, much of

11   the discovery overlaps between this case and the civil case,

12   and that any further delay in bringing this case to trial will

13   prejudice the government.  The events at issue in this case

14   date back to April of 2003, and so it is important that we have

15   a trial as soon as possible and certainly not six months from

16   now -- certainly not into the next calendar year.

17            So the government would, again, oppose any adjournment

18   more than a very short adjournment to allow counsel to get up

19   to speed.

20            THE COURT:  OK.  Thank you.  But the government

21   doesn't have any objection to Mr. Fogg being substituted as

22   counsel for Mr. Ceglia, is that correct?

23            MS. ECHENBERG:  No, your Honor, the government does

24   not.

25            THE COURT:  OK.  All right.  So I will allow Mr. Fogg

1      to represent Mr. Ceglia so that Mr. Ceglia may have counsel of

2      his choice.  The federal Defenders will be relieved with the

3      thanks of the Court.

4              Let's just make sure that counsel for Federal

5      Defenders makes available all the discovery that you've

6      received up to this point to Mr. Fogg.  OK?

7              MR. PATTON:  We will do that.

8              THE COURT:  All right.

9              MR. PATTON:  And just so the Court knows, we should be

10     able to do that pretty quickly.  We have been putting it

11     altogether.

12             THE COURT:  OK.  All right.  So, Mr. Fogg, why don't

13     you step on forward.

14             MR. FOGG:  May I approach the table, your Honor?

15             THE COURT:  Yes.

16             MR. FOGG:  Good day, your Honor.  Robert Ross Fogg

17     representing Mr. Paul Ceglia, your Honor.

18             THE COURT:  OK.  So let's talk about scheduling,

19     Mr. Fogg.  The government indicates that you have been involved

20     in the civil aspects -- I'm not saying the civil aspects of

21     this case but in the civil case for quite sometime.  Is that

22     correct?

23             MR. FOGG:  That is incorrect, your Honor.

24             THE COURT:  OK.  So tell me what your involvement in

25     this case has been up to this point.

1            MR. FOGG:  In Buffalo I helped Mr. Ceglia file a civil
2    injunction.  I have nothing to do with the civil suit at hand,
3    Judge.  The injunction was for the purpose of enjoining the
4    U.S. Attorney's Office from criminally prosecuting him on this
5    particular case, which I believe was some form of tortious
6    interference with a contract.  Under the First Amendment, your
7    Honor, these were the arguments that I laid forth before Judge
8    Arcara, which Judge Arcara directed me and told me that the
9    First Amendment argument would be best raised here in this
10   court.
11           As far as the complex forensics status of this case, I
12   know nothing of the contract, nothing of the intricacies of the
13   expert.  So, therefore, yes, Judge, I'll be looking for some
14   time to go over the discovery that will be provided and to
15   prepare my defense for Mr. Ceglia and, hopefully, to also
16   examine the documents and bring forth experts as well.
17           THE COURT:  OK.  Any response from the government?
18           MS. ECHENBERG:  Just to clarify that, that motion and
19   that litigation described in detail what was going on here.  It
20   was about this case.
21           And with respect to the forensics, there are computer
22   forensics and there have been some forensics of the contract
23   itself, but, again, the bulk of the discovery in this case
24   overlaps with the discovery in the civil case.
25           THE COURT:  OK.  I believe that Mr. Fogg indicated he

1    wasn't lead counsel in the civil case but only appeared in an

2    action related to the civil case to file some sort of

3    injunction here.

4              MS. ECHENBERG:  That's correct.  That's correct.

5              THE COURT:  OK.  And the injunction that he sought was

6    an injunction to enjoin the U.S. Attorney's Office from

7    bringing this criminal action.  And Mr. Fogg has indicated he

8    doesn't have any other information regarding the criminal

9    action and hasn't reviewed any of the discovery which, as we

10   previously discussed, is voluminous in this case; wouldn't you

11   agree?

12             MS. ECHENBERG:  Of course we will take him at his

13   word.  I was just noting that in the filings themselves there

14   is a detailed description of this case.

15             THE COURT:  Well, putting aside your characterization

16   of what he stated his knowledge of the case is, or lack of

17   knowledge of the case is, we agree that the discovery in this

18   case is voluminous, correct?

19             MS. ECHENBERG:  Yes, your Honor.  The discovery is

20   voluminous.

21             THE COURT:  All right.  It seems to me that if

22   Mr. Fogg -- since we're relying on Mr. Fogg to represent

23   Mr. Ceglia, he is coming on this case today, September 15th,

24   that November the 17th is not enough time for him to review the

25   voluminous discovery in this case and an adjournment would be

1    warranted.

2               Let me just find out from you, Mr. Fogg, so I can hear

3    it from you, how much time are you seeking?

4               MR. FOGG:  Well, Judge, as I explained to the

5    government, the U.S. attorneys, I'd rather shoot past a date of

6    readiness as opposed to shoot before, otherwise I would be

7    asking for an adjournment or an extension of time.  The date

8    that I picked that I thought would be adequate enough was May,

9    sometime in May, your Honor.

10              Now, mind you, your Honor, I know there have been

11   motions filed.  I'd like to file my own pretrial motions which

12   would be in an omnibus fashion.  I also do believe that there

13   is a Daubert challenge here that might be better raised, at

14   least a possibility, and that's just based on what I hear as

15   far as expert testimony and forensics examination.  If that's

16   the case, that would necessarily actually have to extend the

17   date.  However, Judge, the May date is a date that I believe to

18   be a reasonable date that I could adequately prepare.

19              Now, in no way am I saying that this is a tactic.

20   This is me trying to give my client the best possible

21   representation.

22              THE COURT:  OK.  You said you would rather -- you

23   indicated you would rather shoot for a date past readiness than

24   before readiness, which I certainly understand.  But can you

25   give me a date that is at readiness?  When is the date that you

1  would absolutely be ready -- not beyond that date but on that
2  date? Can we get that? Is that in April?
3           MR. FOGG: I understand, Judge. Well, that seems to
4  be plausible. However, I don't have the discovery yet. I
5  don't have anything just yet. I believe the discovery will be
6  provided to me by FedEx within the week. I should probably be
7  receiving it by Thursday, is that correct?
8           MR. PATTON: I think that's correct.
9           MR. FOGG: So based on my imagined view of the
10 discovery, I would probably say May. Once I get ahold of the
11 discovery and speak to Mr. Ceglia with regard to greater
12 detail, I would have a better understanding as far as a date,
13 Judge.
14          THE COURT: OK.
15          MR. FOGG: I don't mean to be coy or dance around the
16 issues; it is just obviously I don't know.
17          THE COURT: Hold on a second.
18          (Pause)
19          OK.
20          MR. FOGG: Your Honor, if it may help just to give the
21 Court a little background --
22          THE COURT: Well, before you go on, I was about to
23 give you what you were asking for. I'll give you a chance to
24 talk me out of it if you want to keep doing that. I am looking
25 for dates for the trial. I'm trying to figure out if we have

                            Conference
1    dates in May.  But go ahead.
2              MR. FOGG:  I just want the Court to be aware that
3    Mr. Ceglia has filed an appeal with regard to the civil suit
4    and the injunction.  This is before the Second Circuit.  I just
5    wanted the Court to be aware of that.
6              THE COURT:  And what effect would that have on us
7    here?
8              MR. FOGG:  Well, if in fact the injunction has been
9    issued, or would be issued, it would have a great effect on the
10   proceedings.  If in fact the civil suit has been appealed,
11   there may be other discovery that might be available.
12             THE COURT:  OK.  When was this appeal filed?  I assume
13   that this was an emergency appeal that was filed?
14             MR. FOGG:  It was actually filed approximately two to
15   three weeks ago, your Honor.
16             THE COURT:  Was this an emergency appeal?
17             MR. FOGG:  I am not too sure, your Honor.  I only saw
18   the docket number.
19             THE COURT:  All right.  Do we have any dates in early
20   May, Tara?
21             THE CLERK:  Yes.  Monday, May the 4th, 2015.
22             THE COURT:  OK.  Does that date work for everyone?
23   Again, I understand the government's concern about the delay
24   here in this case, but Mr. Ceglia does have a right to counsel
25   of his choice.  It would be inappropriate for me to force

E9fdcegc                    Conference

1     Mr. Ceglia to go with Federal Defenders if he wants his own
2     retained attorney to handle this case in which it basically
3     would be necessary for us to keep this November trial date.  My
4     understanding is that the Federal Defenders are also going to
5     be seeking a slight adjournment of that trial date as well.
6              So I'm going to give Mr. Ceglia the attorney of his
7     choice.
8              Now, Mr. Ceglia, you need to understand, while I am
9     doing this, I certainly have a right to control my calendar,
10    and I'm not going to just keep doing this willy-nilly.  So I am
11    not going to entertain any sort of frivolous requests for any
12    adjournment by you or by your attorney.
13             Do you understand that, Mr. Ceglia?
14             THE DEFENDANT:  I hear you, your Honor.
15             THE COURT:  OK.  And, counsel, do you understand that?
16             MR. FOGG:  Most certainly, your Honor.
17             THE COURT:  All right.  So what date do we have, Tara?
18             THE CLERK:  Monday, May the 4th, 2015.
19             MR. FOGG:  What time, your Honor?
20             THE COURT:  We will start at 9:30.  But before that,
21    we will obviously need to meet before then.  Let's do this.
22             I will exclude time under the Speedy Trial Act from
23    today's date, September 15th, until May 4, 2015 so that
24    Mr. Ceglia may meet with his new attorney and so that
25    Mr. Ceglia's attorney will have an opportunity to review the

1  discovery, which is voluminous in this case, so that
2  Mr. Ceglia's attorney may decide whether or not to make motions
3  and may be better prepared for trial.
4           I find it is in the interest of Mr. Ceglia and in the
5  interest of justice to enter an order excluding time from
6  today's date until May 4th.  I further find that Mr. Ceglia's
7  interests and the interests of justice outweigh the public's
8  interest in a speedy trial, and I'll enter an order to that
9  effect.
10          Any objection to that by the government?
11          MS. ECHENBERG:  No, your Honor.
12          THE COURT:  By the defense?
13          MR. FOGG:  No, your Honor.
14          THE COURT:  OK.
15          MR. FOGG:  Thank you.
16          THE COURT:  So we have some other issues that have
17  been teed up by prior counsel here and the government.  Let's
18  just get a date so that we can meet and start dealing with
19  these issues, as well.  And counsel for the government had
20  filed something today, as a matter of fact, and new counsel
21  will need an opportunity to respond to that.  So let me go
22  ahead and give new counsel an opportunity to respond to that.
23          Can you respond to the motion that was filed by the
24  government today, can you respond to that in two weeks,
25  counsel?

1           MR. FOGG:  I shall, Judge.

2           THE COURT:  OK.  So let's have that response due on

3    September 29th.

4           And then let's just meet and touch base.  Can we get a

5    date around the end of October, Tara?  There are other issues

6    regarding a subpoena, or several subpoenas.  I'll give new

7    counsel an opportunity to familiarize himself with this case

8    and we can be ready to address these issues in a date in late

9    October.

10          Can we have a date then, Tara?

11          THE CLERK:  Friday, October 24th, at 11 a.m.

12          THE COURT:  Does that date work for everyone?

13          MS. ECHENBERG:  Yes, your Honor.

14          Could we also -- could the government have a reply

15   date on the privilege motion that was filed today?

16          THE COURT:  Sure.  We will give the government a week

17   to respond, which takes us to October 6th for that response

18   from the government, or that reply from the government.  Does

19   that date work for counsel for the defense?

20          MR. FOGG:  Unfortunately, your Honor, I am not allowed

21   to bring my phone in so I can't tell you, but I will make it

22   fine, Judge.

23          THE COURT:  OK.  As in the past, I will continue to

24   allow Mr. Ceglia to appear by telephone -- to allow his

25   attorney to waive his presence and appear by telephone because

E9fdcegc
                              Conference

1  Mr. Ceglia would need to travel to New York, and I understand
2  that there are a lot of expenses involved in that in terms of
3  the transportation to and from New York City as well as lodging
4  in New York City.  So I will allow that to continue.
5            Any objection to that by the government or the
6  defense?
7            MS. ECHENBERG:  No, your Honor.
8            MR. FOGG:  None, your Honor.
9            THE COURT:  OK.  Anything else we need to deal with
10 today?
11           MS. ECHENBERG:  Nothing from the government.
12           MR. FOGG:  One issue, Judge.
13           THE COURT:  Yes.
14           MR. FOGG:  I am not admitted to this district.  I am
15 admitted into the Western District of New York.  Respectfully,
16 I request, or at least I make an application for ad hoc vice.
17           THE COURT:  OK.
18           MR. FOGG:  Unless the Court has an alternative.
19           THE COURT:  The government have any position on that?
20           MS. ECHENBERG:  I mean, assuming everything is in
21 order with his own admission, we have no objection.
22           MR. FOGG:  I am an attorney in good standing in the
23 Western District of New York, your Honor.
24           THE COURT:  OK.  I will admit you pro hoc vice for the
25 time being.  You should also look into getting admitted to the

```
     E9fdcegc                  Conference
```

1  Southern District of New York.  I think because you are an
2  attorney in good standing in the Western District of New York,
3  it should be fairly easy to get admitted to the Southern
4  District of New York.  So also look into that.  But I will
5  admit you pro hac vice.
6              MR. FOGG:  Thank you, your Honor.
7              THE COURT:  Anything else?
8              MR. FOGG:  Nothing from the defense, your Honor.
9              MS. ECHENBERG:  Nothing from the government.
10             THE COURT:  OK.  Thank you very much.  Have a good
11 day.
12             MR. FOGG:  Thank you, your Honor.
13             THE DEFENDANT:  Thank you, your Honor.
14             THE COURT:  Actually, let me just find out, now that
15 we have new counsel for the defense, again, that same
16 schedule -- let's get a schedule for new counsel to file
17 something regarding the bond modification.  So can counsel file
18 that -- let's get that done in the next four days.  Can we get
19 that by September 19th?
20             MR. FOGG:  I shall, your Honor.
21             THE COURT:  OK.  Thank you very much.  Have a good
22 day.
23             MS. ECHENBERG:  Thank you, your Honor.
24                              - - -
25