```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :        12 Cr. 876 (ALC)

PAUL CEGLIA,                    :

            Defendant.          :

- - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE DEFENDANT'S MOTION TO STRIKE THE GOVERNMENT'S REPLY MEMORANDUM**

```
                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for the United States
                                   of America
```

Niketh Velamoor
Assistant United States Attorney
      - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :           12 Cr. 876 (ALC)

PAUL CEGLIA,                    :

            Defendant.          :

- - - - - - - - - - - - - - - x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO
THE DEFENDANT'S MOTION TO STRIKE THE GOVERNMENT'S REPLY MEMORANDUM**

The Government respectfully submits this memorandum in opposition to the defendant's motion to strike the Government's Reply Memorandum in Support of the Government's Motion Regarding the Application of the Crime Fraud Exception or, in the alternative, for permission to file a sur-reply.  For the reasons set forth below, the defendant's motion is frivolous and should be denied.

## DISCUSSION

The defendant contends that the Government introduced new "evidence" in its reply brief by attaching a copy of the Magistrate Judge's Report & Recommendation ("R&R") in the civil action and a copy of the District Court's order dismissing the defendant's injunction action ("D.J. Order").  The defendant's contention is entirely baseless.

In advancing this argument, the defendant ignores the

1

obvious difference between documents the Government offered as the factual basis for its motion and court decisions it cited as precedents for legal arguments it made in its motion.  As the Government stated in its initial papers, the Government is relying – and continues to rely – on the Complaint, Indictment, Kasowitz Privilege Log and DLA Piper Privilege Log to provide the "factual basis for the application of the crime-fraud exception." (Government Memorandum in Support of Motion Regarding Application of Crime Fraud Exception ("Gov't Mem."), at 2.)

As the Government also stated in its initial papers, it is relying in part on opinions and orders by the Magistrate Judge and District Judge presiding over the defendant's civil action as compelling precedents for the proposition that there is probable cause that the defendant's lawsuit is a fraud and that his communications with his civil attorneys were in furtherance of that fraud.  See Gov't Mem. at 14 ("[B]oth judges who presided over the Civil Action have concluded that the lawsuit was based on a fraudulent document.")  Thus, the R&R and the D.J. Order were not "evidence," let alone new evidence attached to the Government's Reply.  And the Government's argument that courts have already concluded that the defendant's lawsuit was a fraud was certainly not new.

Thus, it was entirely appropriate for the Government to attach the R&R to its Reply.  Attaching the decision to its reply

2

is no different than attaching any other court decision to motion papers, which routinely happens in this District, particularly where the court decision may not be readily available.  There is certainly no requirement that court decisions be attached only to initial papers and not to reply papers for such decisions to be considered by the Court.  In any event, and as the defendant acknowledges, the Government cited the R&R in its initial papers anyway.

It was also entirely appropriate for the Government to attach the D.J. Order, which was from the defendant's injunction action.  Again, the D.J. Order is another court decision that the Government contends is strong precedent that there is probable cause that the defendant's lawsuit was a fraud, and the Government is free to cite whatever case or decision supports legal arguments that it is making.  It is, frankly, remarkable that the defendant would object to the Government's inclusion of the D.J. Order when it was the defendant who introduced the injunction action to this dispute by citing so-called "expert" reports that the defendant submitted – only in that action – in its opposition to the Government's motion.  As the Court is aware, the Government cited the D.J. Order in its Reply in direct response to that argument by the defendant.  <u>See</u> Government's Reply ("[E]ven after these declarations were filed and included in the record, the district court presiding over the injunction action dismissed the injunction action, and repeated its

3

conclusion that 'the purported contract upon which [the defendant's lawsuit] is predicated is a fabrication and that plaintiff knows it' and therefore the defendant's lawsuit was a 'sham.'") (quoting D.J. Order).  It is hard to understand what purpose a reply brief serves if not to respond to arguments made in the defendant's opposition.  Thus, the defendant's objection to the Government's reliance on the D.J. Order is also entirely baseless.

## CONCLUSION

For the reasons set forth above, the defendant's frivolous motion to strike the Government's Reply or, in the alternative, for permission to file a sur-reply, should be denied.

Dated:   New York, New York
         October 15, 2014

                                    Respectfully Submitted,

                                    PREET BHARARA
                                    United States Attorney


                            By:              /s/
                                    _____
                                    Niketh Velamoor
                                    Assistant United States Attorney
                                    (212) 637-1076

4

AFFIRMATION OF SERVICE

    NIKETH VELAMOOR hereby affirms pursuant to Section 1746 of Title 28, United States Code:

    1.   I am an Assistant United States Attorney in the office of Preet Bharara, United States Attorney for the Southern District of New York.

    2.   On October 15, 2014, I caused a true and correct copy of the foregoing Government's Memorandum of Law in Opposition to the Defendant's Motion to Strike the Government's Reply to be served via the Court's Electronic Case Filing system on:

        Robert Ross Fogg, Esq.
        *Counsel for Paul Ceglia*

    3.   I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated:  New York, New York
       October 15, 2014


                      ___/s/_____
                      NIKETH VELAMOOR

5