Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644
Fax: (716) 852-6782
rfogg@rfogglaw.com

*Counsel for Defendant, Paul D. Ceglia*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v. Case No: 1:12-CR-00876-ALC

PAUL D. CEGLIA,

Defendant.

---

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE THE GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION REGARDING APPLICATION OF THE CRIME FRAUD EXCEPTION**

---

DATED: October 21 2014
Buffalo, New York

To: Hon. Preet Bharara, United States Attorney
United States Attorney's Office
For the Southern District of New York

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . ii

I. PRELIMINARY STATEMENT. . . . . . . . . . 1

II. ARGUMENT. . . . . . . . . . 1

III. CONCLUSION. . . . . . . . . . 3

**TABLE OF AUTHORITES**

*Burroughs v. County of Nassau*, 2014 U.S. Dist. LEXIS 79224 (E.D.N.Y. Mar. 19, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Murphy v. Village of Hoffman Estates*, 1999 U.S. Dist. LEXIS 3320 (N.D. Ill. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381 (S.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Toure v. Cent. Parking Sys*., 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wolters Kluwer Fin. Servs. v. Scivantage*, 2007 U.S. Dist. LEXIS 27048 (S.D.N.Y. Apr. 12, 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## I. PRELIMINARY STATEMENT

Mr. Ceglia respectfully submits this reply memorandum of law in further support of his request that the Court strike the Government's Reply Memorandum of Law in Support of its Motion Regarding Application of Crime Fraud Exception (the "Reply") (ECF No. 83) and the evidence submitted to the Court therewith. In the alternative, Mr. Ceglia requests permission to file a sur-reply to oppose the new evidence submitted to the Court that was only provided in the Reply.

## II. ARGUMENT

The Government makes a nonsensical argument that the Magistrate Judge's Report and Recommendation ("R&R") and an order of the District Judge ("Order") were not submitted as evidence, but caselaw "precedents for the proposition that there is probable cause that the defendant's lawsuit is a fraud..." Government's Memorandum of Law in Opposition to the Defendant's Motion to Strike ("Opposition") (ECF No. 89 at 2). In truth, the Government submitted these documents as 1) factual evidence in order to meet its burden, and 2) in an obvious attempt to prejudice this Court. As stated in Mr. Ceglia's moving brief, the rulings in the District Court are currently on appeal to the Second Circuit, primarily on the basis that the Magistrate, by his own admission, considered only the evidence most favorable to the *defendants* (moving parties) and plaintiff's (Ceglia) rebuttal evidence, which is a fundamental error pertaining to dispositive motions in civil actions.

The Government further argues that simply because it mentioned the R& R and Order in its Opening Brief that it may attach these documents to its Reply as evidence of meeting its burden. However, the courts in this circuit have decided otherwise. "It is plainly improper to

submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). "In general, a party may not attempt to cure deficiencies in its moving papers by including new evidence in its reply to opposition papers." *Burroughs v. County of Nassau*, 2014 U.S. Dist. LEXIS 79224 (E.D.N.Y. Mar. 19, 2014) (citations omitted). "[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply." *Wolters Kluwer Fin. Servs. v. Scivantage*, 2007 U.S. Dist. LEXIS 27048 (S.D.N.Y. Apr. 12, 2007) (citing *Murphy v. Village of Hoffman Estates*, 1999 U.S. Dist. LEXIS 3320, at *5-6 (N.D. Ill. 1999) ("[p]roviding specifics in a reply in support of a general argument in an objection counts as new matter in reply"). The *Murphy* court went on to state that "[r]aising an argument generally in a motion or objections does not give a litigant license to be vague in his original submissions and provide the necessary detail in his reply." *Id.*

In those circumstances where a court has allowed moving parties to submit new evidence in reply briefs, the court has also allowed the non-moving party to submit a surreply. See *Revise Clothing, Inc.* 687 F. Supp. 2d at 387 and *Toure v. Cent. Parking Sys*., 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007).

Finally, the Government argues that the Order was included in the Government's Reply in response to the expert reports that Mr. Ceglia submitted with his opposition. Those reports were included to establish that Mr. Ceglia's civil action was not without a factual basis and, therefore, the Government cannot meet the burden to show that the application of the crime-fraud exception, *as it relates to civil litigation*, is permitted because the civil action was not objectively

baseless. Again, the R&R and Order were submitted by the Government as factual evidence, which should have been included, if at all, with its moving papers.

## III. CONCLUSION

For the reasons stated above, Mr. Ceglia requests that the Court strike the Government's Reply and the evidence submitted to the Court therewith. In the alternative, Mr. Ceglia requests permission to file a sur-reply to oppose the new evidence submitted to the Court by the Government in its Reply.

Respectfully submitted,

Dated: October 21, 2014
Buffalo, NY

By: s/ Robert Ross Fogg
Robert Ross Fogg, Attorney for Defendant,
Paul D. Ceglia

Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644
Fax: (716) 852-6782
rfogg@rfogglaw.com

*Counsel for Defendant, Paul D. Ceglia*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.

Case No: 1:12-CR-00876-ALC

PAUL D. CEGLIA,

**CERTIFICATE OF SERVICE**

Defendant.

---

I, Robert Ross Fogg, attorney for the defendant, do hereby certify that on October 21, 2014, I caused to be served upon counsel for the United States, Niketh Velamoor, Assistant United States Attorney, and all other counsel of record, Defendant Paul Ceglia's Reply Memorandum in Further Support of his Motion to Strike the Government's Reply Memorandum in Support of Motion Regarding Crime Fraud Exception via the Court's CM-ECF filing system. I declare under the pains and penalties of perjury of the United States that the foregoing is true and correct.

Dated: October 21, 2014
Buffalo, NY

s/ Robert Ross Fogg
Robert Ross Fogg