**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 31, 2014

**BY EMAIL AND ECF**

Honorable Andrew L. Carter Jr.
United States District Judge
United States Courthouse
40 Foley Square
New York, N.Y. 10007

    Re:    *United States* v. *Paul Ceglia*, 12 Cr. 876 (ALC)

Dear Judge Carter:

       The Government writes regarding its pending motion seeking an order finding that the crime fraud exception applies to the documents withheld by the law firms of Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz") and DLA Piper LLP ("DLA Piper") pursuant to the attorney-client privilege.  As the Court is aware, the undersigned is the Wall AUSA in this matter.  Specifically, for the reasons set forth below, the Government requests an order directing DLA Piper to turn over to the undersigned and/or directly to the Court additional documents in DLA Piper's possession that are implicated by the motion.

       The undersigned received an initial production of potentially privileged documents from DLA Piper in August 2013.  Per the Court's order at the conference last week, I provided that production to the Court earlier this week.  The letter accompanying that production, which was also provided to the Court, indicated that DLA Piper intended to provide a supplemental production.  In August 2014, as I was preparing to file motion papers, I requested that DLA Piper turn over the remaining documents.  Last week, I reiterated my request to DLA Piper for the remaining documents, noting that the Court intended to begin a review of the documents at issue this week.  DLA Piper then informed me that it would provide the supplemental production to me this week.   (DLA Piper also informed me that the supplemental production is relatively small, consisting of fewer than 150 documents.)  Accordingly, I expected to be in a position to provide the remaining documents to the Court this week, immediately upon receipt of the documents from DLA Piper.

       However, on October 29, 2014, Mr. Fogg, counsel to Mr. Ceglia, informed me that he objected to DLA Piper turning over the remaining documents to me or to the Court, consistent with the defendant's objection to the procedure that was previously agreed upon by defendant's

former attorney, Mr. Patton.  Mr. Fogg indicated that he had asked DLA Piper not to turn over any additional documents absent a court order.  DLA Piper also informed me that, in light of the position taken by the defendant's counsel, it would also await direction from the Court before providing the remaining documents to me.

As the Government has previously noted, the procedure by which arguably privileged documents are turned over to a Wall AUSA such as myself – a procedure that was agreed upon by defendant's former attorney – is routinely followed in this District.  In this particular matter, the Court recently found that there is probable cause that a crime or fraud has been committed, and informed the parties that it intended to conduct an *in camera* review of the documents to determine if they were in furtherance of the fraud.  The Court therefore ordered the Government to turn the documents over to the Court.  The remaining documents in DLA Piper's possession, like those already turned over to the Court, are subject to the Government's motion, and may also be helpful to the Court in reviewing the documents that the Court has already received.  Therefore, without these documents, the Court would be unable to comprehensively resolve the Government's motion.

Accordingly, and for these reasons, the Government requests that the Court direct DLA Piper to turn over the supplemental production to the undersigned and/or directly to the Court.

      Very truly yours,

      PREET BHARARA
      United States Attorney

By: _____
      Niketh Velamoor
      Assistant United States Attorney
      (212) 637-1076

cc. Robert Fogg, Esq. (by email)