

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 20, 2014

**BY E-MAIL**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

    Re:    <u>United States v. Ceglia,</u>
             12 Cr. 876 (ALC)

Dear Judge Carter:

    The Government writes in response to the letter dated November 19, 2014 from the defendant's attorney, Robert Ross Fogg, Esq. in which Mr. Fogg contends that the Government's crime fraud motion should be denied on the grounds that the documents were obtained improperly from the law firms of Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz") and DLA Piper LLP ("DLA Piper"). Mr. Fogg's letter, which relies on false statements and baseless allegations about the conduct of the Government's investigation, is a blatant attempt to mislead the Court. If it is not withdrawn by Mr. Fogg, it should be summarily rejected by the Court.

    First, Mr. Fogg claims not to know whether anyone at the Department of Justice authorized the subpoenas to Kasowitz and DLA Piper because the Wall Assistant never told him who he should ask. (Ceglia Ltr. 2). Mr. Fogg's claim is false. In fact, the Wall Assistant replied directly to Mr. Fogg's inquiry and told him to discuss the issue with the undersigned. Mr. Fogg acknowledged the response by saying "Ok. Thanks." (The Wall AUSA was not involved in the investigation of this case, but rather was assigned – well after the subpoenas had been issued – only to review any potentially privileged documents.) The email exchange between the Wall AUSA and Mr. Fogg is attached hereto.

    Mr. Fogg never made any further inquiries of the undersigned. If he had done so, he would have learned that, contrary to his allegations, the Government followed the required procedure and obtained the necessary approvals.[1]

---

[1] The Government also notes that even if it had violated internal Department of Justice policy, which it did not, any violation of such policy would not warrant dismissal of the Government's

Honorable Andrew L. Carter, Jr.
November 20, 2014
Page 2

      Finally, to the extent Mr. Fogg is also challenging the subpoenas because they were issued after the defendant's indictment (Ceglia Ltr. 2-3), the Government's investigative techniques were entirely proper. As set forth in the section of the United States Attorneys' Manual that Mr. Fogg himself cites, "[a]fter indictment, the grand jury may be used if its investigation is related to a superseding indictment or additional defendants or additional crimes by an indicted defendant." The issuance of the subpoenas to DLA Piper and Kasowitz were part of the Government's then-ongoing investigation into potential additional charges and defendants.

      For these reasons, the defendant's baseless motion to have the Government's crime fraud motion be denied should be summarily rejected.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By:  __/s/_____
      Janis M. Echenberg
      Assistant United States Attorney
      (212) 637-2597

cc:    Robert Fogg, Esq. (*Counsel for Paul Ceglia*)

---

motion. As set forth in the "Purpose" section of Chapter One of the United States Attorneys' Manual ("USAM"), "The Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. Nor are any limitations hereby placed on otherwise lawful litigative prerogatives of the Department of Justice." USAM 1-100; *See also, U.S. v. Aleynikov*, 737 F.Supp. 2d 173, 184 (S.D.N.Y. 2010) (collecting cases for the proposition that the USAM does not have "the force of law"); *U.S. v. Russell*, 916 F.Supp.2d 305, 313 (E.D.N.Y. 2013) (finding the defendant's reliance on purported violations of the USAM "unavailing" in motion to suppress grand jury statements because the USAM is not intended to, and does not, create any rights enforceable at law).