**ROBERT ROSS FOGG, ESQ., LL.M.**
Attorney and Counselor at Law

69 Delaware Ave., Suite 600
Buffalo, New York 14202
(716) 853-FOGG (3644)
Fax:    (716) 852-6782

November 20, 2014

Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

      RE:    *United States v. Paul Ceglia*
              Case No.: 12 cr 876 (ALC)

Dear Judge Carter:

      I am writing to reply to AUSA Echenberg's letter to Your Honor today.

      Our interest is in knowing whether the Assistant Attorney General in charge of the Criminal Division properly authorized the Grand Jury's subpoenas to the attorneys.  Ms. Echenberg's letter states that her office "obtained the necessary approvals."  We simply wish to know whether that means the subpoenas were approved by the Assistant Attorney General for the Criminal Division, as required.  That should be an easy enough question for counsel to answer.

      Secondly, it is clear that the subpoenas are Grand Jury Subpoenas issued post-indictment, which are meant to elicit evidence from Mr. Ceglia's former attorneys, not for presentation to the Grand Jury, but as a discovery device in the criminal proceeding in this Court.  This, the Government admitted at page 15 of its brief in support of the application of the crime-fraud exception:

> The Government respectfully requests that the Court order that the crime fraud exception applies to all documents and communications withheld by Kasowitz and DLA Piper, and authorize the Wall AUSA to make these documents available *to the prosecution team in this case*.  (Emphasis added).

      AUSA Echenberg's resort now to the exception applicable to superseding indictments, additional charges or additional defendants is made for the first time, contrary to the earlier assertion that the privileged communications are intended for use by the Government's trial team.  In *In re Grand Jury Subpoena Duces Tecum, Dated January 2, 1985*, 767 F.2d 26, 28 (2d Cir. 1985) the government made the same argument that "further grand jury investigation

US v Ceglia, 12 cr 876 ALC
November 20, 2014
Page 2 of 2

offered the promise of 'additional forfeitures, additional charges against Payden, and additional defendants in a superseding indictment.'" It was rejected by the Second Circuit:

> We are well aware the rule barring use of the grand jury to gather evidence to prepare for trial on an already pending indictment "is difficult, if not impossible, to enforce." 8 J. Moore, *supra*, para. 6.04 at 6-86. Even where we have found clear violations, we have often been reluctant to go beyond a simple rebuke. See *United States v. Fahey*, 510 F.2d 302, 306-07 (2d Cir. 1974); *United States v. Fisher*, 455 F.2d 1101, 1104-05 (2d Cir. 1972). But if the rule is to have any meaning, we believe that the subpoena here must be quashed as an abuse of the grand jury process. In some circumstances, it may be appropriate to enforce the rule against using a grand jury subpoena predominantly for trial preparation simply by barring use at trial of evidence obtained pursuant to the subpoena, thereby leaving the grand jury's access to the evidence unimpaired. See *United States v. Dyer*, 722 F.2d 174, 178-79 (5th Cir. 1983); *United States v. Doe (Application of Ellsberg)*, 455 F.2d 1270, 1276 (1st Cir. 1972); see also *United States v. Dardi, supra*, 330 F.2d at 336. In the circumstances of this case, however, we conclude that quashing is the appropriate remedy.

*Id.* at 30.

We respectfully submit that, having now learned that the documents were obtained by the Wall AUSA improperly through the use of Grand Jury Subpoenas, this Court should not countenance a further or continued violation of the law by permitting privileged communications and work product to be turned over to the prosecution's trial team.

Thank you for Your Honor's consideration.

                                    Respectfully submitted,

                                    */s/ Robert Ross Fogg*

                                    Robert Ross Fogg, Esq.
                                    Attorney for Defendant, Paul Ceglia

RRF/hs