**Counsel for Defendant**
Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644  Fax: (716) 852-6782
rfogg@rfogglaw.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
      *Plaintiff,*

   v.        CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
     *Defendants.*

---

**DEFENDANT'S MOTION TO DISMISS INDICTMENT
AND COUNT TWO ON GROUNDS OF DUPLICITY**


DATED:  December 17, 2014
      Buffalo, New York


To:
Hon. Preet Bharara, United States Attorney
Attorney for the United States of America
for the Southern District of New York

## **INTRODUCTION:**

Comes now Defendant, Paul Ceglia, by his attorney Robert Ross Fogg, for his Motions to Dismiss the Indictment and Count Two on Grounds of Duplicity, pursuant to Rule 8(a) and Rule 12(b) Fed.R.Crim.P., or in the alternative, an order compelling the Government to elect one of the two theories in Count One and Two, and states:

1. Count One of the Indictment alleges Mail Fraud, in violation of Title 18, United States Code, Section 1341 and 2, and reads as follows:

> "From at least in or about June 2010, up to and including in or about October 2012, in the Southern District of New York and elsewhere, PAUL CEGLIA, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place and caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did take and receive and cause to be taken and received therefrom, such matters and things, and did cause to be delivered by mail and such carriers, according to the direction thereon, such matters and things, to wit, CEGLIA filed a civil lawsuit against Facebook, Inc. and that company's founder and Chief Executive Officer, Mark Zuckerberg, fraudulently demanding a significant ownership stake in Facebook, Inc., and caused legal pleadings and other items to be delivered by mail to Washington, D.C., among other places, from the Southern District of New York and elsewhere, including on or about April 11, 2011."

2. Count Two of the Indictment alleges Wire Fraud, in violation of Title 18, United States Code, Section 1343 and 2 and reads as follows:

> "From at least in or about June 2010, up to and including in or about October 2012, in the Southern District of New York and elsewhere, PAUL CEGLIA, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign

        commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, CEGLIA filed a civil lawsuit against Facebook, Inc. and that company's founder and Chief Executive Officer, Mark Zuckerberg, fraudulently demanding a significant ownership stake in Facebook, Inc., and caused others to send interstate electronic communications in connection with that lawsuit, including on or about July 14, 2011, November 1, 2011, and December 8, 2011."

    3.    The indictment goes on to allege one specific instance of alleged fraudulent use of the United States Postal Service and three (3) specific instances of alleged fraudulent use of the federal Case Management/Electronic Case Filing System for filing documents with the District Court for the Western District of New York in support of this alleged fraudulent scheme. Defendant contends that the present indictment violates the prohibition against duplicity because 1) Counts One and Two both join more than one distinct crime in each single count, and 2) Count Two charges more than one crime in the single count.

    4.    "An indictment is invalidly duplicitous when it joins in a single count two or more distinct, separate offenses." *United States v. Droms*, 566 F.2d 361, 363 (2d Cir. 1977); *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir.1992). "A duplicity objection is properly invoked only when the challenged indictment affects the doctrine's underlying policy concerns: (1) avoiding uncertainty of a general guilty verdict by concealing the finding of guilty as to one crime and not guilty as to other; (2) avoiding risk that jurors may not have been unanimous as to any one of the crimes charged; (3) assuring defendant adequate notice of charged crimes; (4) providing a basis for appropriate sentencing; and (5) providing adequate protection against double jeopardy in subsequent prosecution." *United States v. Margiotta*, 646 F.2d 729, 732-33 (2d Cir.1981). In addition, "[a]n indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed.R.Crim.P. 8(a)'s requirement

that there be a separate count for each offense; and 2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir.2001).

5.      Defendant asserts that Counts One and Two of the indictment each, in varying ways, combine in a single count two or more separate offenses, violating the prohibition against duplicity.  Defendant's claim is not an exercise in mere formalism, but an objection to the lack of precision in the indictment that affects Defendant's substantive rights by depriving Defendant of fair notice of exactly what violations would be proved against him.

### ARGUMENT:

### A. Counts One and Two- 18 U.S.C. §§ 1341 (Mail Fraud) and 1343 (Wire Fraud) Impermissible Joined with 18 U.S.C. § 2 (Aiding and Abetting)

6.      Counts One and Two of the indictment allege at the very least four separate offenses.  The alleged violated statutes carry the following legal meanings: 18 USC § 2 indicates felony liability for aiding and abetting and charges that Defendant was a principal or an accomplice in an offense; 18 USC § 1341 charges mail fraud; and 18 USC § 1343 charges wire fraud.

7.      At the very least, Counts One and Two of the Indictment appear to accuse Defendant of violating four separate offenses of aiding and abetting to commit mail and wire fraud and committing mail and wire fraud.  Counts One and Two charge both a substantive offense under 18 U.S.C. §§ 1341 and 1343, the mail and wire fraud statutes respectively, and two counts of aiding and abetting to commit the substantive offenses contained in Counts One and Two.

8.      Defendant contends that Counts One and Two actually allege two separate theories within each count: 1) Defendant committed the substantive acts of mail and wire fraud under Counts One and Two, respectively; and 2) that Defendant received from or gave aid to others in the commission of mail and wire fraud.  As the Government's theories of this case are constantly evolving and being refined, "the prohibition against duplicity . . . protects a defendant's right . . . to notice of the 'nature of cause of the accusation' against him so that he may prepare his defense."  8 Moore's Federal Practice 8.03[1] (2d ed. 1989), at 8-6.  Moreover, the duplicitous nature of the counts will most surely deprive Defendant of a unanimous verdict.

9.      The Indictment would seem to allege that the Defendant both conspired to commit and committed the named offenses, which is highly prejudicial to Defendant.  First, the presence of alleged violations under two separate sections of Title 18 contained in each Count of the Indictment prejudice the Defendant with the appearance that he is accused of committing far more criminal acts than actually alleged in each count:  that he 1) engaged in the alleged fraudulent offenses himself, or 2) received incitement or encouragement, or 3) in some way received aid from or aided others to commit the alleged fraud offenses.  The joining of 18 U.S.C. § 2 in each of the two Counts gives an impermissible impression of an uncharged conspiracy crime for which Defendant was either a principal or an accomplice and for which Defendant could be held liable for all or any acts of his coconspirators, regardless of whether he was aware of or specifically agreed to each and every aspect of the uncharged conspiracy.  Second, an acquittal on a duplicitous count would not reveal whether a prospective jury found him not guilty of one crime or not guilty of both.  Conceivably, this could prejudice the Defendant in protecting himself against double jeopardy.  Third, a guilty verdict would not disclose whether a prospective jury found the Defendant guilty of one crime or of both.  Conceivably, this could

prejudice the Defendant in sentencing and in obtaining appellate review.  Fourth, joining of offenses may prejudice the Defendant with respect to evidentiary rulings.  Finally, there is no way of knowing with a general verdict on two separate offenses joined in a single count whether the jury was unanimous with respect to either.

10. Because Count One and Two of the Indictment improperly join a violation of 18 U.S.C. §2 with a violation of 18 U.S.C §§1341 and 1343, respectively, the instant two count Indictment is prejudicially duplicitous.  Thus, as the impermissible duplicitous pleading within the present Indictment prejudices the Defendant, the instant Indictment should be dismissed.  See *United States v. Sturdivant*, 244 F.3d 71, 75 n. 3 (2d Cir. 2001).

11. In the alternative, if dismissal is not required, Defendant moves for an Order requiring the Government to elect one of the theories or the charges contained within Counts One and Two upon which it will rely.

### B. Count Two- 18 U.S.C. § 1343  (Wire Fraud) Impermissibly Joins Three (3) Separate Crimes

12. Count Two of the instant two-count Indictment accuses Defendant of committing Wire Fraud in violation of 18 U.S.C. § 1343 when Defendant allegedly "caused others to send interstate electronic communications in connection with [his civil] lawsuit, including on or about July 14, 2011, November 1, 2011, and December 8, 2011."  The wire fraud statute under 18 U.S.C. § 1343 reads in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, ... [shall be criminally punished].  18 U.S.C. § 1343.

13.     Since the wire fraud statute was patterned after the mail fraud statute, the wire fraud statute is identical in all relevant respects to the mail fraud statute.  Thus, mail fraud principles have been applied to wire fraud prosecutions and analysis.  See, *Fountain v. U.S.*, 357 F.3d 250, 253 (2nd Cir 2004); *United States v. Slevin*, 106 F.3d 1086, 1088 (2d Cir. 1996); *Carpenter v. United States*, 484 U.S. 19, 25 n.6, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987) ("The mail and wire fraud statutes share the same language in relevant part, and accordingly we apply the same analysis to both sets of offenses here.").

14.     An indictment under 18 U.S.C. § 1343, must sufficiently charge the two necessary elements of the offense — that the accused devised and intended to devise a scheme and artifice to defraud and transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme.  Additionally, in a prosecution under the wire fraud statute, as in mail fraud, each separate wire use of an interstate instrumentality constitutes a separate and distinct offense.  See *Costello v. United States*, 350 U.S. 359 (1956); *United States v. Schlesinger*, 598 F.2d 722 (2d Cir.), cert. denied, 440 U.S. 880 (1979); see also, *United States v. Litton Sys., Inc.*, 573 F.2d 195 (4th Cir.), cert. denied, 439 U.S. 828 (1978); *United States v. Brown*, 574 F.2d 1274 (5th Cir.), cert. denied, 439 U.S. 1046 (1978); *United States v. Barone*, 584 F.2d 118 (6th Cir. 1978), cert. denied, 439 U.S. 1115 (1979); *United States v. Calvert*, 523 F.2d 895, 903 (8th Cir. 1975), cert. denied, 424 U.S. 911 (1976) ; *United States v. Long*, 706 F.2d 1044 (9th Cir. 1983).

15.     Here, Count Two is a single wire fraud charge for three (3) different wire transfers.  The Indictment alleges that "CEGLIA filed a civil lawsuit . . . and caused others to send interstate electronic communications in connection with that lawsuit, including on or about July 14, 2011, November 1, 2011, and December 8, 2011."  Important to note, the Indictment

never states the contents of these electronic communications, the senders and recipients of said wires, the mode or method in which they were sent, a description or character of said wires (for example money wire transfers, telephone calls, text, email, telegraph, etc.), nor does the Indictment state that said wires contained false and fraudulent pretenses, representations, or promises.  For the record, these three alleged wires are three separate transactional document filings with the Clerk of the District Court for the Western District of New York, using the court's Case Management/Electronic Case Filing System, filed in connection with Case Number 1:10-cv-00569-RJA-LGF, which are attached hereto and described below:

> Wire 1)   July 14, 2011— Document #87 is a Declaration of Certification, pursuant to the District Court's Order dated July 1, 2011, filed by Defendant's civil attorney, Jeffrey A. Lake, Esq. (Attached hereto as Exhibit A).
>
> Wire 2)   November 1, 2011— Document #188 is a Motion for Sanctions for Spoliation of the Facebook contract by the civil defendants, filed by Defendant's civil attorney, Dean Boland, Esq. (Attached hereto as Exhibit B).
>
> Wire 3)   December 8, 2011— Document #256 is a Reply to the Civil Defendant's Response to Civil Plaintiff's Motion regarding mishandling and spoliation of the Facebook contract, filed by Defendant's attorney, Dean Boland, Esq. (Attached hereto as Exhibit C).

16.     As with mail fraud, in a wire fraud prosecution, each transaction is a separate offense, chargeable as a separate count in the indictment.  This remains true even if the Government asserts that they are properly charged because they all flow from a single scheme. A single wire fraud count based upon multiple transactions, couched as a single compound transaction or continuing a course of conduct flowing from a single scheme, is prejudicial and impermissibly duplicitous.

17.     Under the section of the Indictment entitled "THE SCHEME TO DEFRAUD," the indictment alleges in paragraphs 4 through 7, on pages 2 through 3, that:

> 4.      From at least in or about June 2010, up to and including in or about October 2012, PAUL CEGLIA . . . engaged in a . . . scheme to defraud Facebook, Inc. and Mark Zuckerberg and to corrupt the federal judicial process.
>
> 5.      In furtherance of the scheme to defraud, PAUL CEGLIA . . . doctored or otherwise fraudulently converted a legitimate contract that he had with Mark Zuckerberg . . . to falsely make it appear as though he had entered into an agreement with Zuckerberg in which Zuckerberg agreed to provide Ceglia with at least a 50% interest in Facebook.
>
> 6.      As a further part of the scheme to defraud, on or about June 30, 2010, PAUL CEGLIA . . . filed a civil lawsuit in the Supreme Court for the State of New York, Allegany County, against Mark Zuckerberg and Facebook, Inc. . . .
>
> 7.      As a further part of the scheme to defraud, PAUL CEGLIA . . . manufactured evidence, including purported e-mails with Mark Zuckerberg, to support his false and fraudulent lawsuit and also destroyed evidence that was inconsistent with that lawsuit's false claim.

18.     Simply, the Indictment charges that Defendant doctored an otherwise legitimate contract, filed a civil lawsuit based on that contract, and manufactured and destroyed evidence. Nothing in the Indictment's eight paragraphs proceeding Count Two beginning on page 3, paragraph 9, mentions, lists, suggests, or references wire transactions. Nevertheless, Count Two introduces three litigation related documents filed in connection with Defendant's underlying civil lawsuit combined in a single count.

19.     The charge of wire fraud alone is not a continuing offense, nor does the wire fraud statute contain a provision providing for liability for "any act or acts constituting a continuing offense." Therefore, the Government must establish, in addition to proof of a "scheme or artifice to defraud," knowledge and intent for each transaction as a separate offense. Here, Defendant is not charged with any substantive offense, other than mail and wire fraud. Therefore, the wire

fraud Count is not a predicate enumerated felony. In fact, the case is not premised upon conspiracy, money laundering, financial transactions, securities, or RICO offenses. In addition, the wire fraud charge does not stem from multiple wires all occurring on the same day.

20. Count Two of the Indictment compromises Defendant's Sixth Amendment right to know the charges filed against him and creates prejudicial evidentiary issues at trial. Defendant has the right to require the Government to prove its case beyond a reasonable doubt, which includes proof that each alleged transaction was in violation of the wire fraud statute.

21. Interesting, on or about July 9, 2010, subsequent to the commencement of Defendant's civil case in the Supreme Court State of New York Allegany County, case number 38798, attorneys for Mark Elliot Zuckerberg and Facebook, Inc. moved for removal from state court to the United States District Court for the Western District of New York. During the pendency of the underlying civil case in federal court, over 675 litigation related documents were filed in the federal court from July 9, 2010 to March 26, 2014 (date of dismissal). From July 9, 2010 until the filing of the instant Indictment on November 26, 2012, out of approximately 610 documents filed in the federal civil case, over 225 litigation related documents were filed on behalf of Defendant.

22. The importance of the three wire transactions and their distinction from the other 222 litigation related documents filed in the civil case has not been made clear. It would be improper and a perversion of the notions of justice and fair-play for the Government to simply test the waters by selecting to prosecute only three litigation related documents filed in the underlying federal civil case and, upon securing a conviction, proceed on all or any of the remaining 222 litigation related documents filed.

23.     In addition to the prejudice aforementioned, upon a guilty verdict on Count Two, Defendant would never know whether a prospective jury found that one, two, or all of the litigation filings supported the wire fraud charge beyond a reasonable doubt.  For example, it is quite clear, that an attorney who, acting pursuant to a lawful directive of the court, files a certification with the court cannot not be deemed to fall within the proscription of the wire fraud statute.   Therefore, lumping the three separate litigation filings into one count creates a prejudicial aggregation of acts such that a juror may pass partial judgment and impute guilt upon the whole.

24.     Under principles of duplicity, the Government is required to charge a defendant with the alleged three types of wire fraud, in violation of 18 U.S.C § 1343, in separate counts of an indictment.  Here, Count Two of the Indictment is duplicitous because it charges multiple wire transactions in a single count.

25.     Therefore, Defendant objects to and challenges Count Two of the instant Indictment and respectfully request that said Count be dismissed on the grounds that Count Two is impermissibly duplicitous.

26.     In the alternative, if dismissal is not required, Defendant moves for an Order requiring the Government to elect one out of the three transactions contained within Count Two, upon which it will rely.

Dated:   December 17, 2014
         Buffalo, NY                               Respectfully submitted,

                                          By:   */s/ Robert Ross Fogg*
                                                Robert Ross Fogg, Esq.
                                                Attorney for Defendant, Paul Ceglia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
                *Plaintiff,*

       v.                          CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
                *Defendant.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record who are authorized to receive electronically Notices of Electronic Filing in this criminal case on December 17, 2014.


Dated:   December 17, 2014                Respectfully Submitted,


                                                By: /s/ Robert Ross Fogg