**Counsel for Defendant**
Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644  Fax: (716) 852-6782
rfogg@rfogglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA,
                                    *Plaintiff,*

            v.                                    CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
                        *Defendants.*

———————————————————

### DEFENDANT'S MOTION TO DISMISS
### ON FIRST AMENDMENT GROUNDS

DATED:        December 17, 2014
                    Buffalo, New York

To:
Hon. Preet Bharara, United States Attorney
Attorney for the United States of America
for the Southern District of New York

1

**<u>INTRODUCTION</u>:**

Comes now Defendant, Paul Ceglia, by his attorney Robert Ross Fogg, for his Motions to Reconsider Defendant's Motion to Dismiss the Indictment, pursuant to Rule 12 Fed.R.Crim.P., on the grounds that the Court's prior ruling on Defendant's pretrial motion deviates from due process and legal authority.

Respectfully, the Court has erred in its consideration of its prior ruling.  The *Noerr-Pennington* does not establish the rule of immunity for civil litigants from criminal prosecutions based upon filing a lawsuit.  *Noerr-Pennington* holds that civil lawsuits are veiled with immunity from criminal prosecution; however, "sham" lawsuits cannot enjoy the immunity.  Conducting a *Noerr-Pennington* analysis is not a factual determination about the government's evidence.  A *Noerr-Pennington* analysis is a legal determination about the merits of the underlying civil action, whereupon the Government must establish by a preponderance of the evidence that immunity does not apply in this particular case because the underlying civil lawsuit was objectively baseless.  The government's evidence in establishing the commission of a crime is irrelevant as to whether the civil action was objectively baseless.  Under *Noerr-Pennington*, absent this showing and the Court's determination on the legal issue, Defendant is in fact immune from prosecution.  Accordingly, there is no criminal offense for which Defendant could be held liable.  Therefore, Defendant has a right not to stand trial.

To allow commencement of trial without making a determination that the underlying civil case was a sham, either because the Court has denied or deferred the motion, would be a violation of Defendant's procedural due process rights in contravention with Supreme Court precedence.

2

In the case at bar, the precise factual basis of the alleged fraud in the instant matter is unclear.  It would be preferable and fairer, of course, for the Government to proceed on explicit rather than implicit charges.  Nevertheless, the gravamen of the instant criminal case is Ceglia's litigation activities in his pursuit of a civil lawsuit against Zuckerberg and Facebook.  Consequently, by commencing the instant criminal preceding the Government has elucidated its theory to the view that the act of litigating Defendant's underlying civil lawsuit as itself is in furtherance of a fraud.

Insofar as is pertinent to the present proceeding, the validity of the Government's theory is indefensible because Defendant's actions in pursuing his underlying civil lawsuit is unprotected *only* if it is a "sham" and the Government lacks legal authority or precedence to the contrary.

On November 27, 2013, prior counsel for Defendant, David Patton, of the Federal Public Defenders Office, filed a motion to dismiss arguing, *inter alia*, "[f]alse claims in litigation documents cannot provide the basis for a prosecution for mail or wire fraud" and that the instant prosecution violates principles of lenity and the First Amendment insofar as it was based exclusively on mailings or wire transmissions stemming from the civil lawsuit filed by Ceglia against Zuckerberg and Facebook.  Doc. #35.

On March 7, 2014, upon hearing oral arguments, the Court rendered its decision stating the following:

> "Ceglia's argument as to the right to petition the courts is a little more concerning.  Both sides seem to agree that the *Noerr-Pennington* doctrine shields litigation activity in a commercial context, except where the litigation is a sham.  The government asserts that the litigation is, in fact, a sham and that Ceglia is not entitled to immunity as a result.

3

Ceglia, in return, has urged me to hold a hearing, and I have determined that I am not going to hold such a hearing.  It does appear to me that if *Noerr-Pennington* immunity is something I have to determine, it would be more appropriately raised at the end of trial once all the evidence is in.  It's inappropriate for me to make factual determinations about the government's evidence at this early stage.  Therefore, Ceglia's motion to dismiss the indictment is denied."

While the record reflects the Court's definitive decision denying Defendant's motion, the Court also stated that it would entertain the motion at the close of the prosecution's case-in-chief, if Defendant raises the motion.  What is problematic is that the Defendant is unsure of whether the Court decided or deferred Defendant's motion to dismiss the indictment or any particular branch thereof.

Defendant asserts that unless the Government can make out a *prima facie* case demonstrating that Defendant's underlying civil action was a "sham," Defendant, under the unique circumstances of the instant case, has immunity from prosecution and this Court should dismiss all charges relating to allegations of criminal liability based upon the litigation activities. Defendant asserts that such a determination rest solely upon an Article 3 Court to be resolved pretrial.

Consequently, Defendant respectfully requests that the Court conduct an inquiry and, as a matter of law, make a determination of:

     1.    Whether the civil action is objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits;

     2.    Whether the civil action had an improper motive;

     3.    Whether the Government can meet its burden to establish the existence of genuine issues of material fact, to the exclusion of credibility determinations; and

4.      Whether, by securing the instant indictment alleging fraud based on litigation activity, the Government unilaterally nullified defendant's immunity.

The instant motion involves fact-based legal issues that the Court must consider in deciding the Defendant's motion.  Deferment of Defendant's request for a pretrial ruling would be inappropriate, as a deferral of the motion will adversely affect a Defendant's right to appeal. Therefore, pursuant to Rule 12(d), the Court must decide the instant pretrial motion before trial and the state its essential findings on the record.

For the reasons stated herein, Defendant respectfully requests that Your Honor reconsider the Court's prior ruling on Defendant's motion to dismiss, pursuant to Rule 12(b)(3)(B)(v), for failure to state offense.  In the alternative, Defendant requests that the Court preclude from use at trial all litigation related documentation.

## **ARGUMENT:**

The Government's allegations in the present criminal prosecution of defendant's alleged acts of mail and wire fraud are based primarily on the defendant's civil litigation activities in his lawsuit against Mark Zuckerberg and Facebook, Inc. in the Western District of New York. Defendant seeks an order dismissing the indictment in its entirety based on the fact the indictment rests solely on litigation activities.  If the Court believes the indictment does not rest solely on litigation activities, but rather only in part, defendant respectfully requests that the Court dismiss all charges relating to allegations of criminal liability based upon the litigation activities or in the alternative, preclude from use at trial all litigation related documents.

Defendant, Paul Ceglia, asserts that in commencing the instant criminal action, the Government intentionally deprived defendant of an enumerated constitutional right implicit in the First Amendment and in substantive due process.  The Bill of Rights guarantees immunity to

all citizens exercising such rights.  If a prosecutor's allegation is all that is needed to force a citizen to stand trial for filing a lawsuit, then there is no immunity at all.  Therefore, defendant requests that this Court recognize the urgency of a pretrial disposition of defendant's motion to dismiss the indictment, or certain charges therein, as it cannot be remedied post commencement of trial.

Defendant has immunity guaranteed by the First Amendment, unless this Court determines that the civil case is a sham and thereby falls within the exception to immunity.  In this instance, before the Court can remove defendant's First Amendment immunity and allow the criminal trial to proceed, the Government must establish -- and the Court must make a dispositive pretrial ruling -- that the civil litigation is a sham.  Unless this Court finds that the underlying civil litigation is a sham, defendant maintains his immunity from prosecution.

The Supreme Court states that, "'We have recognized this right to petition as one of the most precious of the liberties safeguarded by the Bill of Rights[.]'"  *BE&K Construction Co. v. National Labor Relations Board*, 536 U.S. 516, 524 (2002) (quoting *United Mine Workers* v. *Illinois Bar Ass'n,* 389 U.S. 217, 222 (1967)).  In addition, that "'the right of access to the courts is … but one aspect of the right to petition the Government for redress of grievances.'"  *Id.* at 525 (quoting *California Motor Transport v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)).   Accordingly, the Government cannot prosecute a citizen for having petitioned the courts, nor can Congress enact legislation making it a crime.

The Supreme Court holds that the First Amendment right to petition immunizes litigants; however, defendant concedes that the immunity is not absolute.  See, *Bill Johnson's Restaurants,*

*Inc. v. NLRB*, 461 U.S. 731, 743 (1983)  ("[B]aseless litigation is not immunized by the First Amendment right to petition.")

Under the First Amendment, the defendant has immunity from criminal liability for litigation activities in his civil action and, therefore, the defendant has the right not to be criminally prosecuted in the instant case.

The Court previously inquired whether *Noerr-Pennington* has been applied in the criminal context.  The *Noerr-Pennington* line of cases first promulgated the exception to absolute immunity.  "*Noerr-Pennington* is a label for a form of First Amendment protection; to say that one does not have *Noerr-Pennington* immunity is to conclude that one's petitioning activity is unprotected by the First Amendment.  First, *Noerr-Pennington* found its genesis in Sherman Act antitrust cases, which are civil and/or criminal.  15 U.S.C. Sec. 1.  Second, in *United States v. Richard Roe, Inc. (In re Richard Roe, Inc.)*, 168 F.3d 69, 72 (2d Cir. 1999), clearly a *criminal* case, the Court of Appeals used the same "objectively baseless" standard of *Noerr-Pennington* to determine whether privileged documents could pass the threshold for *in camera* review:  "For example, one may violate the antitrust laws by bringing baseless litigation intended to delay entry into a market by a competitor. … If the litigation objectively lacked a factual or legal basis, some communications or work product generated in the course of such litigation might, after a rigorous *in camera* review by a court for relevance, fall within the crime-fraud exception."  (Citation omitted.)  Thus, a determination whether the underlying civil action is a sham determines whether defendant *and* his privileged communications are beyond the government's reach.  With respect to petitions brought in the courts, the Supreme Court has held that a lawsuit is unprotected only if it is a 'sham'—*i.e.*, 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.'  *Professional Real Estate Investors, Inc.*

*v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1983).  See also *California Motor Transport*, 404 U.S. 508, 513 (1972)."   *White v. Lee*, 227 F.3d 1214, 1231-1232 (9th Cir. 2000).

In order for this Court to rule that the civil action was a sham, this Court must make a determination in accordance with the Supreme Court's two-part test that the civil action is both objectively baseless and had an improper motive.  "*PRE II* recognized the applicability of the first aspect of the breathing space principle when it defined the Noerr-Pennington doctrine's 'sham litigation' exception as requiring both objective baselessness and an improper motive." *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006)(citing *Professional Real Estate Investors v. Columbia Pictures Industries, Inc. [PRE II]*, 508 U.S. 49,  60-61 (1993).  "This definition over-protects baseless petitions so as to ensure citizens may enjoy the right of access to the courts without fear of prosecution.  *BE&K, supra,* made this breathing room protection explicit."  *Sosa, supra* at 934.

In *BE&K*, the Supreme Court added that, "[w]e also held that [the government] may not decide that a suit is baseless by making credibility determinations… when genuine issues of material fact...exist."  *BE&K Constr.*, 536 U.S. at 527 (citation omitted).  Neither can the Government, as here, unilaterally nullify defendant's immunity by securing an indictment alleging fraud based on litigation activity.

To be sure, the Government concedes that "while it is true that parties who maintain civil suits generally are entitled to immunity for doing so under the *Noerr-Pennington* doctrine of immunity, to be so cloaked the litigation must not be a 'sham.'"  Doc. 38, p. 27 (citing *Prof'l*

*Real Estate Investors, supra*).  Consequently, this Court need not evaluate the question of whether the defendant enjoys First Amendment immunity from prosecution.[1]/

Rather, the Court must now decide whether immunity is applicable in the instant case.  In order to do that, this Court must make a determination as to whether the underlying civil litigation is a sham under *Noerr-Pennington*.

The defendant has maintained that the underlying civil litigation is not objectively baseless or a sham because there exist triable issues of fact.  Your Honor has stated, "[A] triable issue of fact really doesn't mean a whole lot in the criminal context."  10-23-14 Conference Hearing Transcript, T.15:4-5.  However, in the context of a *Noerr-Pennington* analysis, the existence or non-existence of a triable issue of fact has great import, because it either precludes or supports a finding of objective baselessness.  To this point, the Court has recognized the elements necessary to make a determination of sham.  The Court stated, "You have experts who say one thing about that contract.  The government has experts who will say something else.  You say this is a triable issue of fact.  I agree, it is a triable issue of fact."  10-23-14 Conference Hearing Transcript, T.15:1-4.  By clear implication, the Court has acknowledged that the underlying civil litigation is not objectively baseless or a sham.  In other words, that this issue has been decided.

## **RELIEF REQUESTED:**

Here, the present criminal prosecution has had a significant chilling effect on First Amendment freedoms; thus, continued criminal prosecution will, as a matter of law, cause irreparable injury regardless of the outcome of the criminal case.  As this Court has found,

---

[1] For a full history of First Amendment immunity and the *Noerr-Pennington* doctrine, see Exhibit 1, defendants memorandum of law, Doc. #3,  in Case 1:13-cv-00256-RJA.

defendant, Paul Ceglia, has evidence sufficient to create a genuine issue of material fact. Consequently, this Court cannot abstain from addressing the issues presented by the instant motion.  Defendant respectfully asks, therefore, that this Court find, as a matter of law, that the civil action is not a sham.

Mr. Ceglia requests that this Court recognize the urgency of a pretrial disposition on defendant's motion to dismiss the indictment, or the charges therein, which relate to litigation activity, for the reason that the injury to his constitutional rights cannot be remedied post commencement of trial.

Dated:    December 17, 2014
          Buffalo, NY                                    Respectfully submitted,

                                        By:    */s/ Robert Ross Fogg*
                                               Robert Ross Fogg, Esq.
                                               Attorney for Defendant, Paul Ceglia

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,
                                        *Plaintiff,*

                    v.                                    CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
                                        *Defendant.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document is being served via transmission of

Notice of Electronic Filing generated by CM/ECF on all counsel of record who are authorized to

receive electronically Notices of Electronic Filing in this criminal case on December 17, 2014.

Dated:   December 17, 2014                     Respectfully Submitted,

                                              By: /s/ Robert Ross Fogg