**Counsel for Defendant**
Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644  Fax: (716) 852-6782
rfogg@rfogglaw.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
       *Plaintiff,*

   v.         CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
       *Defendants.*


**DEFENDANT'S MOTION FOR ORDER
ISSUING SUBPOENAS *DUCES TECUM***


DATED:  December 17, 2014
      Buffalo, New York


To:
Hon. Preet Bharara, United States Attorney
Attorney for the United States of America
for the Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      *Plaintiff,*<br><br>    v.<br><br>PAUL D. CEGLIA<br>      *Defendants.* | AFFIRMATION IN SUPPORT OF MOTION FOR ISSUANCE OF SUBPOENA PURSUANT TO RULE 17<br><br>12-cr-876 (ALC) |

**MOTION FOR ORDER ISSUING SUBPOENAS *DUCES TECUM***

COMES NOW, Defendant, Paul Ceglia, by and through his attorney, Robert Ross Fogg, and herby files this Motion for Order Issuing Subpoenas *Duces Tecum*, and as grounds therefore states as follows:

1. On or about October 25, 2012, Mr. Ceglia was arrested, charged with, and, on November 26, 2012, indicted for the offenses of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 , each class 3 felonies punishable by up to a maximum of twenty (20) years in federal prison.

2. Mr. Ceglia has involved himself in the discovery process pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

3. Mr. Ceglia requests this Honorable Court to Order the issuance of subpoenas *duces tecum*, as the information sought is necessary to properly prepare and present the defense on Mr. Ceglia's behalf, pursuant to Rule 16, Federal Rules of Criminal Procedure, and as guaranteed by the Sixth Amendment to the United States Constitution.

4. Mr. Ceglia requests issuance of subpoenas *duces tecum* to the following persons and entities:

A. <u>Facebook, Inc.</u>: Good cause exists for the issuance of a subpoena *duces tecum* to this entity for all documents and records regarding the relationship between Mr. Ceglia and Facebook, Inc. during a twenty (20) month period from November 1, 2002 to July 29, 2004, for the reason this information is discoverable as it is reasonably calculated to lead to relevant admissible evidence, and is therefore material to the preparation of the defense. Further information required will be disclosed on the face of the subpoena.

B. <u>Mark Elliot Zuckerberg</u>: Good cause exists for the issuance of a subpoena duces tecum to this person for all documents and records regarding the relationship between Mr. Ceglia and Mark Elliot Zuckerberg during a twenty (20) month period from November 1, 2002 to July 29, 2004, for the reason this information is discoverable as it is reasonably calculated to lead to relevant admissible evidence, and is therefore material to the preparation of the defense. Further information required will be disclosed on the face of the subpoena.

Dated:   Buffalo, New York
         December 17, 2014

>*/s/ Robert Ross Fogg*
>ROBERT ROSS FOGG, ESQ.
>**Counsel for Defendant**
>Law Office of Robert Ross Fogg, Esq., LL.M.
>69 Delaware Avenue, Suite 600
>Buffalo, New York 14202
>Telephone: (716) 853-3644
>Facsimile: (716) 852-6782
>Email: rfogg@rfogglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     *Plaintiff,* | AFFIRMATION IN SUPPORT OF MOTION FOR ISSUANCE OF SUBPOENA |
|      v. | CASE No: 1:12-CR-00876-ALC |
| PAUL D. CEGLIA<br>     *Defendants.* | |

I, Robert Ross Fogg, hereby affirm under penalties of perjury pursuant to 28 U.S.C. §1746 and state that:

1. That the undersigned Counsel is an attorney at law duly licensed to practice in the State of New York and admitted to practice before the Court, with a solo-practice located at 69 Delaware Avenue, Suite 600, Buffalo, New York 14202.

2. Counsel has been retained by the Defendant, Paul Ceglia, to represent him in the above-entitled action brought by the United States of America and as such, Counsel has appeared as attorney of record for the Defendant in this action as of September 16, 2014.

3. Counsel is familiar with the facts and circumstances surrounding this indictment by reason of Counsel's independent investigation, interviews with the Defendant, previous pleadings and proceedings and Counsel's review of the discovery material provided by the Public Defenders Office and the Government and relevant case law in this matter.

4. I make this affirmation in support of an application for an Order for the issuance of a subpoena, pursuant to Fed.R.Crim.P. 17, to compel the production of certain documents.

5. Fed.R.Crim.P. 17(c), provides that a "subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates."

6. I respectfully request that the annexed subpoena be issued commanding the production of copies of certain documents and records in the custody, possession or control of Mark Elliot Zuckerberg and Facebook, Inc., jointly and severally. Specifically, the person and entity upon whom the proposed subpoena will be served, and the materials sought, are as follows:

TO:

> Mark Elliot Zuckerberg
> Facebook Inc.
> 1601 Willow Rd,
> Menlo Park, CA 94025

FOR:

> **SEE APPENDIX A**

TO:

> Facebook Inc.
> 1601 Willow Rd,
> Menlo Park, CA 94025

FOR:

> **SEE APPENDIX A**

7. The production of the aforementioned documents and records will allow defense counsel to properly and diligently prepare for trial. The prosecution charges Mr. Ceglia with mail and wire fraud in connection with a state civil lawsuit for, inter alia, breach of contract that Mr. Ceglia filed against Zuckerberg and Facebook in which he claimed an ownership interest in Facebook based on a contract Ceglia had with Zuckerberg.

8. The Government has produced a voluminous quantity of documents it obtained through various means, including a search warrant. The documents contain, among other things, purported copies of Ceglia's computer hard drives, telephone records, email communications,

and bank records. The crux of the Government's case is the position that Mr. Ceglia altered the underlying contract and that the contract filed in his civil litigation was not authentic. In addition, the Government will surely resort to computer, electronic and a host of other forensic and technical experts to support their theory. In fact, the Government offers, at least, two Computer Forensic Analysis Reports from Curtis W. Rose and Stroz Friedberg, LLC, that conclude, that the computer and electronic data examined exhibit the presence of anomalies and inconsistencies that are indicative of alteration.

9. Excluding all other possibilities and without forensically examining the computer that generated the data and documents, no scientific conclusions can be made or examination be deemed complete. Without comparing the computers that allegedly linked in communication, no conclusion can be made upon which to speculate the authenticity of a document or an email or even data. Without more, the reports of Curtis W. Rose and Stroz Friedberg, LLC are pure conjecture.

10. In order to address these issues and defend against the Government's theory, Mr. Ceglia must acquire or be permitted access to the documents requested in the instant application for an Order of Subpoena.

11. Mr. Ceglia has a good faith belief, as well as your affiant, that the requested items are within Mr. Zuckerberg or Facebook's dominion and control, have been, and continue to be withheld from production in several forums. It is no surprise, that Mr. Zuckerberg, as adversary in the underlying civil suit now pending before the Court of Appeals for the Second Circuit, has an obvious significant stake in the outcome of the criminal case, the outcome of which will profoundly affect Mr. Zuckerberg's civil case for better or worse. Moreover, it appears that Zuckerberg's Attorneys are of a strategic gaming sort where wordsmithing, legerdemain and

forceful rough play are the rules of the day. This is a perception I am loathed to accept or to believe.

12. On or about June 3, 2014, prior counsel for Mr. Ceglia made application for an order of subpoena. On or about July 7, 2014, Attorneys for Mr. Zuckerberg interceded in the Court's proceedings and strenuously objected on grounds that Defense counsel's requests were overbroad, yet the Attorneys for Mr. Zuckerberg voluntarily offered to assist Mr. Ceglia in obtaining discovery from Mr. Zuckerberg. This is either the highest form a display of honor in the legal profession or merely the fox watching the chickens.

13. At the Court's directive, I contacted the Government to arrange for a mutual mode of communications. Concerned by lapse of time, I initiated email contact with Mr. Zuckerberg's Attorneys and copied the Government. The brevity and temporal space between each response planted the impression that Mr. Zuckerberg's Attorneys might not be helpful. As the date for our last appearance, on November 24, 2014, came and went, I became convinced that their offer of voluntary compliance was nothing more than illusory and perhaps a technique to avoid a court order. See, Email string attached as Exhibit A.

14. Attorneys for Mr. Zuckerberg choose their words craftily to isolate and restrict compliance with the Court's directive to only their perception of compliance. For example, when I requested "all contracts" they refer only to "authentic contracts" or contracts only involving Streetfax. As for another example, instead of responding to confirm possession or availability of the requested items, Attorneys for Mr. Zuckerberg offer explanations, sprinkled with insult and accusations of bad faith, regarding only one of the requested items, while ignoring all other requests. The nervous defensive posture of Mr. Zuckerberg's Attorneys confirms my initial impression of an unwillingness to comply with their self-imposed voluntary

discovery with honesty and forthrightness, a concern made clear on the record on November 24, 2014.

15. Therefore, I request that the annexed subpoena be made returnable at a date and time set by the Court, at the Law Office of Robert Ross Fogg, 69 Delaware Avenue, Suite 600, Buffalo, New York 14202.

16. WHEREFORE, it is respectfully requested that this Court sign and issue the annexed Order pursuant to Rules 17, Federal Rules of Criminal Procedure.

Dated: Buffalo, New York
December 17, 2014

*/s/ Robert Ross Fogg*
ROBERT ROSS FOGG, ESQ.

# APPENDIX A

**Mark Elliot Zuckerberg**
 (1) All written contracts, agreements and addendums thereto, whether proposed, contemplated or in draft form, whether signed or not, endorsed or not, executed or not, including copies thereof, in whatever format, including electronic, paper, email or images thereof, between Mark Zuckerberg and Paul Ceglia or between companies managed or owned, in whole or part, by either Zuckerberg or Ceglia dating from November 1, 2002 through, up to and including July 29, 2004, without regard to the intended purpose or project covered therein.

 (2) The specific contract referenced in Zuckerberg's Monday, August 18, 2003, email 04:20:11, bates stamp 000760-761, wherein Mr. Zuckerberg states "He's [Mr. Ceglia's] only gotten this pissed once before, and that's when I sent him the contract with all the penalty stipulations for if he didn't pay on time," and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

 (3) All email communications of Mr. Zuckerberg to and from other third party recipients, with their attachments, between November 1, 2002 to July 29, 2004, that relate or make reference to Mr. Ceglia or the relationship between Ceglia and Zuckerberg or Ceglia and Facebook, and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

**Facebook Inc.**
 (1) All written contracts, agreements and addendums thereto, whether proposed, contemplated or in draft form, whether signed or not, endorsed or not, executed or not, including copies thereof, in whatever format, including electronic, paper, email or images thereof, between Facebook Inc. and Paul Ceglia or between companies managed or owned, in whole or part, by either Facebook Inc. or Ceglia dating from November 1, 2002 through, up to and including July 29, 2004, without regard to the intended purpose or project covered therein.

 (2) The specific contract referenced in Zuckerberg's Monday, August 18, 2003, email 04:20:11, bates stamp 000760-761, wherein Mr. Zuckerberg states "He's [Mr. Ceglia's] only gotten this pissed once before, and that's when I sent him the contract with all the penalty stipulations for if he didn't pay on time," and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

 (3) All email communications of Facebook Inc. to and from other third party recipients, with their attachments, between November 1, 2002 to July 29, 2004, that relate or make reference to Mr. Ceglia or the relationship between Ceglia and Zuckerberg or Ceglia and Facebook, and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>PAUL CEGLIA,<br>Defendant. | ORDER FOR THE ISSUANCE OF AN EX-PARTE SUBPOENA PURSUANT TO RULE 17<br><br>12-cr-876 (ALC) |

Upon the application of the defendant, Paul Ceglia, the annexed affirmation of Robert Ross Fogg, Esq., and finding good cause thereof, it is hereby

**ORDERED** that pursuant to Rule 17(c) of the Fed.R.Crim.P., the annexed subpoena be issued to the following:

> Mark Elliot Zuckerberg
> Facebook Inc.
> 1601 Willow Rd,
> Menlo Park, CA 94025

Directing production of the following:

(1) All written contracts, agreements and addendums thereto, whether proposed, contemplated or in draft form, whether signed or not, endorsed or not, executed or not, including copies thereof, in whatever format, including electronic, paper, email or images thereof, between Mark Zuckerberg and Paul Ceglia or between companies managed or owned, in whole or part, by either Zuckerberg or Ceglia dating from November 1, 2002 through, up to and including July 29, 2004, without regard to the intended purpose or project covered therein.

(2) The specific contract referenced in Zuckerberg's Monday, August 18, 2003, email 04:20:11, bates stamp 000760-761, wherein Mr. Zuckerberg states "He's [Mr. Ceglia's] only gotten this pissed once before, and that's when I sent him the contract with all the penalty stipulations for if he didn't pay on time," and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

(3) All email communications of Mr. Zuckerberg to and from other third party recipients, with their attachments, between November 1, 2002 to July 29, 2004, that relate or make reference to Mr. Ceglia or the relationship between Ceglia and Zuckerberg or Ceglia and Facebook, and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

**IT IS FURTHER ORDERED** that the subpoena be complied with no later than _____ a.m./p.m., _____, 2014. The subpoena may be complied with by having the information addressed to the attention of Robert Ross Fogg via: fax to (716) 852-6782; email to rfogg@rfogglaw.com; or mail to the Law Office of Robert Ross Fogg, Esq., LL.M., 69 Delaware Avenue, Suite 600, Buffalo, NY 14202.

| | |
|---|---|
| Dated:  New York, New York<br>October \_\_\_\_, 2014 | SO ORDERED:<br><br>_____<br>HONORABLE ANDREW L. CARTER<br>UNITED STATES DISTRICT JUDGE |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>PAUL CEGLIA,<br>Defendant. | ORDER FOR THE ISSUANCE OF AN EX-PARTE SUBPOENA PURSUANT TO RULE 17<br><br>12-cr-876 (ALC) |

Upon the application of the defendant, Paul Ceglia, the annexed affirmation of Robert Ross Fogg, Esq., and finding good cause thereof, it is hereby

**ORDERED** that pursuant to Rule 17(c) of the Fed.R.Crim.P., the annexed subpoena be issued to the following:

>Facebook Inc.
>1601 Willow Rd,
>Menlo Park, CA 94025

Directing production of the following:

(1) All written contracts, agreements and addendums thereto, whether proposed, contemplated or in draft form, whether signed or not, endorsed or not, executed or not, including copies thereof, in whatever format, including electronic, paper, email or images thereof, between Facebook Inc. and Paul Ceglia or between companies managed or owned, in whole or part, by either Facebook Inc. or Ceglia dating from November 1, 2002 through, up to and including July 29, 2004, without regard to the intended purpose or project covered therein.

(2) The specific contract referenced in Zuckerberg's Monday, August 18, 2003, email 04:20:11, bates stamp 000760-761, wherein Mr. Zuckerberg states "He's [Mr. Ceglia's] only gotten this pissed once before, and that's when I sent him the contract with all the penalty stipulations for if he didn't pay on time," and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

(3) All email communications of Facebook Inc. to and from other third party recipients, with their attachments, between November 1, 2002 to July 29, 2004, that relate or make reference to Mr. Ceglia or the relationship between Ceglia and Zuckerberg or Ceglia and Facebook, and all copies thereof, no matter where the contract and its copies may reside and no matter what forms in which they may exist.

**IT IS FURTHER ORDERED** that the subpoena be complied with no later than _____ a.m./p.m., _____, 2014.  The subpoena may be complied with by having the information addressed to the attention of Robert Ross Fogg via: fax to (716) 852-6782; email to rfogg@rfogglaw.com; or mail to the Law Office of Robert Ross Fogg, Esq., LL.M., 69 Delaware Avenue, Suite 600, Buffalo, NY 14202.

Dated:  New York, New York
        October ____, 2014

SO ORDERED:

_____
HONORABLE ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,
        *Plaintiff,*

    v.          CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
        *Defendant.*

---

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document is being served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record who are authorized to receive electronically Notices of Electronic Filing in this criminal case on December 17, 2014.


Dated: December 17, 2014    Respectfully Submitted,
    Buffalo, NY

              By: /s/ Robert Ross Fogg