# GIBSON DUNN

Alexander H. Southwell
Direct: +1 212.351.3981
Fax: +1 212.351.6281
ASouthwell@gibsondunn.com

November 26, 2014

BY ELECTRONIC MAIL

Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Email: rfogg@rfogglaw.com

Re:   **United States v. Ceglia,**
      12 Cr. 876 (ALC)

Dear Mr. Fogg:

We represent Facebook, Inc. ("Facebook") and Mark Zuckerberg, victims of the fraud perpetrated by Paul Ceglia, defendant in the above-referenced case. We write in response to your email, dated November 13, 2014, asking our clients to voluntarily produce three broad categories of documents: (1) all written agreements between Ceglia and Mr. Zuckerberg between November 2002 through July 2004; (2) all emails between Ceglia and Mr. Zuckerberg between November 2002 through July 2004; and (3) all emails to or from Mr. Zuckerberg that broadly "relate to" your other requests.

On June 9, 2014, Ceglia submitted a letter asking the Honorable Andrew L. Carter Jr. to order the issuance of three pretrial subpoenas under Federal Rule of Criminal Procedure 17(c)(3), which your November 13 requests substantially replicate. Because Ceglia's application was patently overbroad and oppressive, we opposed it by letter dated June 30, 2014. We did, however, offer to provide voluntarily a collection of relevant records, specifically, written agreements, correspondence, and payments between Ceglia and Mr. Zuckerberg from 2003 to 2004. On July 22, 2014, Judge Carter adopted the position set forth in our June 30 letter and permitted our clients to voluntarily provide that limited collection of records without need for a subpoena. See July 22, 2014 Tr. 26:16-20; 28:4-8.

Our clients voluntarily provided those records to Ceglia's predecessor counsel David Patton more than two-and-a-half months ago, on September 3, 2014. *See* GDC-FB-00001 to GDC-FB-00525. Although we assume you now have that full production of materials, we are also aware that you have previously claimed not to possess all of the materials previously held by Mr. Patton. Thus, as a courtesy and to avoid any uncertainty, we enclose herein a courtesy copy of our September 3 production and transmittal letter to Mr. Patton. Please let us know if you are unable to access any of those materials.

# GIBSON DUNN

Robert Ross Fogg, Esq.
November 26, 2014
Page 2

In short, and without waiving any objection to your November 13 requests should they be renewed, we believe our clients' prior voluntary production satisfies any outstanding obligation. Our clients have already voluntarily provided written agreements and emails between Ceglia and Mr. Zuckerberg from 2003 and 2004.[1] Your November 13 email acknowledges our prior voluntary production, yet asserts—without any factual basis or explanation—that "the information provided thus far is incomplete." Because your November 13 email does not contain any factual basis or explanation, we cannot assess why you believe that our voluntary production is in any way "incomplete," and we do not believe it is. To the extent you can identify specifically any document you believe to be missing from our prior voluntary production, please feel free to bring those specific documents to our attention. Moreover, you seek "all emails" to or from Mr. Zuckerberg that broadly "relate to the above." Like Ceglia's prior overbroad June 9 application that the Court already denied, this blunderbuss request lacks any date restriction and would reach a vast amount of irrelevant information. The request therefore has no basis under Federal Rule of Criminal Procedure 17(c) or any similar criminal discovery vehicle.

Once you have reviewed the materials our clients have voluntarily provided, we welcome further discussions about your requests.

Sincerely,

*/s/ Alexander H. Southwell* /MJB

Alexander H. Southwell

cc:   AUSA Janis Echenberg, Esq. (by electronic mail)

---

[1] As we have repeatedly stated, the only authentic agreement between Mr. Zuckerberg and Mr. Ceglia is the StreetFax contract signed on April 28, 2003. This agreement was obtained from Ceglia's hard drive during the civil case, is now possessed by Facebook and Gibson Dunn, and does not mention or have anything whatsoever to do with Facebook. *See* GDC-FB-00521 to GDC-FB-00522. Furthermore, we have already produced all of the e-mail messages that were exchanged between Mr. Zuckerberg and people associated with StreetFax LLC (including Ceglia) collected from Mr. Zuckerberg's Harvard University e-mail account. *See* GDC-FB-00001 to GDC-FB-00423. To be clear, this is a broader collection of documents than you requested because it is not limited to only those e-mails between Ceglia and Mr. Zuckerberg, but includes several other persons associated with StreetFax LLC.