**ROBERT ROSS FOGG, ESQ., LL.M.**
Attorney and Counselor at Law

69 Delaware Ave., Suite 600
Buffalo, New York 14202
(716) 853-FOGG (3644)
Fax:   (716) 852-6782

January 3, 2015

Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

   RE: *United States v. Paul Ceglia*
      Case No.: 12 cr 876 (ALC)

Dear Judge Carter:

  The undersigned, on behalf of Mr. Ceglia, asks that this Court resolve a disagreement between the parties relative to the supposed confidentiality of certain material produced by the government.  I respectfully request that the Court schedule a conference call with counsel at Your Honor's earliest convenience to address this issue.

  On December 17, 2014, I commenced filing motions pursuant to the Court's scheduling order but experienced difficulty due to a large file attached to an email string.  Thinking I resolved the issues, I successfully filed, among other filings, Defendant's Motion for an Order Issuing Subpoena *Duces Tecum*, Doc #112, on December 18, 2014.  However, on December 19, 2014, I noticed that one of the exhibits, Doc #112-1, was marked "confidential information" and inadvertently filed.

  In an attempt to understand the error, I realized that on December 15, 2014, Ms. Echenberg forwarded an unclassified, non-confidential email to the undersigned confirming the subject of the defense's subpoena request, which she cc'd to "undesignated personnel"—Mr. Southwell and Benjamin, Facebook, Inc.'s outside counsel.  Attached to her email, Ms. Echenberg included the email marked "confidential information" from Mr. Zuckerberg to another individual, wherein Mr. Zuckerberg mentioned that he, Mr. Zuckerberg, had revised a form of a contract between him and Mr. Ceglia to include certain penalty provisions and then emailed the revised contract to Mr. Ceglia.  I then contacted Ms. Echenberg who insisted the attachment be removed from the filing because of a protective order entered in this case.

US v Ceglia, 12 cr 876 ALC
January 3, 2015
Page 2 of 2

      The defense respectfully disagrees with the government's position regarding confidentiality. Mr. Zuckerberg's email is material and relevant to the defense and pending subpoena request. The email does not contain any sensitive commercial, personal or privileged information that could be considered confidential. Further, it was sent by the government to persons who, if it were indeed confidential, should not have received it. The email, on its face, demonstrates that Mr. Zuckerberg prepared and "sent a contract," either as a draft, proposal, counter-proposal or final contract, to Mr. Ceglia for execution. The government has not explained why the email is confidential, because, we submit, they cannot.

      Defendant respectfully requests that this Court resolve the issue and enter an Order that the email is not "confidential" or subject to the protective order filed on December 3, 2013, Document #13.

      Respectfully submitted,

      */s/ Robert Ross Fogg*
      Robert Ross Fogg, Esq.
      Attorney for Defendant, Paul Ceglia

RRF/gc

cc:    Janis Echenberg, AUSA
       Paul Ceglia