

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 6, 2015

**BY ECF & EMAIL**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, New York 10007

  Re: **United States v. Ceglia,**
     **12 Cr. 876 (ALC)**

Dear Judge Carter:

  The Government writes in response to defense counsel's letter of Saturday, January 3, 2015 challenging the confidentiality designation of a document the defendant has already publically filed, in flagrant violation of the Protective Order on Consent entered by the Court on December 3, 2012 (the "Protective Order"). [1] For the reasons set forth below, the Government respectfully requests that the request be denied and the defendant be ordered to comply with the Protective Order.

  Pursuant to the Protective Order, the defendant is prohibited from publically filing documents designated by the Government as confidential, except after prior notice to and consultation with the Government, and either an agreement between the parties or a Court order permitting public filing. (*See* Protective Order at ¶ 4(d).) Despite those provisions, the defendant filed a Motion for Order Issuing Subpoenas *Duces Tecum* on December 18, 2014 and attached a document designated as confidential ("Exhibit 1") without prior notice to the Government. The next day, defense counsel sent an email to the Government stating that he was aware that Exhibit 1 was marked confidential, that he had attached it to his motion "inadvertently," and that its inclusion had been "accidental." Defense counsel further inquired if there was a protective order in this action, and if so, whether the Government would consent to the public filing of Exhibit 1 or if the Government wanted the defendant to have Exhibit 1 removed from the public filing. The Government responded that there was a protective order and that Exhibit 1 should be removed in compliance with that order. Defense counsel did not respond, leaving the clear impression that he would comply with the Protective Order and correct his error.

---

[1] While two letters were actually filed by the defendant on ECF (Docket Nos. 115 and 116), they appear to be identical.

Honorable Andrew L. Carter, Jr.
January 6, 2015
Page 2

      Instead, it appears defense counsel is openly flouting the Protective Order, and simply seeking after-the-fact Court approval for his violations.  The Government respectfully requests that the Court order that Exhibit 1 be removed from the public docket and filed under seal, and that defense counsel be directed to confer with the Government regarding his challenge to the confidentiality of Exhibit 1 prior to making any future motion to unseal it for public filing, as required by the Protective Order.[2]

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney

           By:    */s/ Alexander Wilson*
                    Alexander J. Wilson
                    Janis M. Echenberg
                    Assistant United States Attorneys
                    (212) 637-2453 / 2597

cc:    Robert Ross Fogg, Esq.
       *Counsel for Paul Ceglia*

---

[2] The Government does not believe addressing the merits of the defendant's challenge is warranted until he is in compliance with the Protective Order.  We note, however, that his suggestion that the Government acted improperly by disclosing Exhibit 1 to counsel for Facebook Inc. and Mr. Zuckerberg is absurd.  As a preliminary matter, the Protective Order imposes no limitation on the Government's disclosure of confidential material.  Furthermore, as defense counsel is well aware from his correspondence with Mr. Zuckerberg's counsel, the Government's inclusion of Mr. Zuckerberg's counsel on an email to which Exhibit 1 was attached did not compromise its confidentiality because Mr. Zuckerberg's counsel were already in possession of Exhibit 1.  But even if they if they had not previously possessed it, sharing an email from Mr. Zuckerberg *with his own counsel* obviously does not compromise its confidentiality.