# ROBERT ROSS FOGG, ESQ., LL.M.
Attorney and Counselor at Law

69 Delaware Ave., Suite 600
Buffalo, New York 14202
(716) 853-FOGG (3644)
Fax:    (716) 852-6782

January 9, 2015

Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

> Attachment 1 to Doc. 112 and Attachment 1 to Doc. 114 have been designated as confidential by the Government under the Protective Order governing this case, (Doc. 13). These documents shall be filed under seal and shall remain under seal unless the Court orders otherwise. The Clerk of Court is respectfully directed to terminate the pending letter motion at Doc. 117.
>
> SO ORDERED:
>
> *Vernon Broderick*
> HON. VERNON S. BRODERICK  1/13/2015
> UNITED STATES DISTRICT JUDGE

RE:    *United States v. Paul Ceglia*
          Case No.: 12-cr-876

Dear Judge Broderick:

      The undersigned represents Mr. Paul Ceglia on the above-referenced matter, now pending before Your Honor by way of transfer from the Honorable Andrew L. Carter, Jr., U.S.D.J.

      By way of background and as described in my January 3, 2015 letter, my inadvertent filing of an email marked "confidential information" prompted me to contact the Government to request that the email be made public. In response, the Government requested that I remove the document from public filing. During the holidays, I attempted to remove the attachments; however, as the Court is aware, a filer cannot remove a filing from CM/ECF. Seeking assistance, I contacted the Chambers of the Hon. Judge Carter and learned that if the email is immaterial, corrective action can be in the form of removal. On the other hand, if the email is relevant and material, as in this case, corrective action would be either sealing the document or judicial resolution under the protective order. As such, any corrective action must be Court-directed upon my written request.

      For efficacy of proceedings, I, therefore, submitted a letter to the Court requesting that the Court resolve a disagreement regarding the confidential nature of the email. On January 6, 2015, the Government responded to my request asking that the Court issue an order requiring Exhibit #1 be removed from the public docket, that it be filed under seal, and that I confer with the Government regarding a challenge to the confidentiality of Exhibit #1 prior to making any future motion to unseal it for public filing as required by the Protective Order.[1]

---

[1] As the issue of removing the attachment from the public docket is most important, the undersigned reserves the right to reply to the Government's January 6, 2015 Responsive letter in due course.

US v Ceglia, 12-cr-876
January 9, 2015
Page 2 of 2

On January 7, 2015, in a continuing effort to remove the email, I contacted the District Court's Quality Assurance Department whose representatives were able to place a "temporary seal" on Attachment #1 of both Document #112 and #114; however, they have advised that the sealing of the attachments are, in fact, temporary and would eventually be lifted absent action by the Court.

On January 8, 2015, I contacted the Government and provided an update. Through our discussions, both parties agree that the attached email should remain as an attachment yet sealed from the public until the parties agree or the Court determines that the email should be made public. To that end, with the Court's permission, the parties have agreed to engage in discussions regarding the same during the week of January 12 and shall report our progress or results to the Court no later than Friday January 16, 2015.

Therefore, by consent of the parties, I respectfully request that the Court seal Attachment #1 of Document #112 and Attachment #1 of Document #114.

Thank you for your consideration in this matter.

            Respectfully submitted,

            */s/ Robert Ross Fogg*
            Robert Ross Fogg, Esq.
            Attorney for Defendant, Paul Ceglia

RRF/gc

cc: Janis Echenberg, AUSA
   Paul Ceglia