# ROBERT ROSS FOGG, ESQ., LL.M.

Attorney and Counselor at Law

69 Delaware Ave., Suite 600
Buffalo, New York 14202
(716) 853-FOGG (3644)
Fax:    (716) 852-6782

January 15, 2015

Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

RE:    *United States v. Paul Ceglia*
    Case No.: 12-cr-876

Dear Judge Broderick:

I write this letter in support of Mr. Ceglia's request for an Order issuing subpoenas *duces tecum* pending before the Court, which was hand-delivered to the Court and Government on October 23, 2014 and made part of my pre-trial requests on December 17, 2014.

It is my deepest concern and stern opinion that the attorneys for Mr. Zuckerberg and Facebook have no intention of committing to good faith and complete voluntary discovery.  It is my belief that they have been engaged in a continuous game of wordsmithing and evasion.

I have been advised that the attorneys of Gibson Dunn, who represent Mr. Zuckerberg and Facebook, Inc., have on prior occasions offered voluntary production of material and have failed to produce all necessary and relevant documents.

Upon information and believe, in Mr. Ceglia's civil action against Mr. Zuckerberg and Facebook, Inc., Mr. Alexander Southwell, of counsel to Gibson Dunn, agreed in open court to provide all documents constituting or reflecting or referring to agreements between Mr. Ceglia and Mr. Zuckerberg and all emails referring to the same.  As evinced in the following June 30, 2011 court transcript, at page 52, the exchange between Mr. Alexander Southwell and court reads:

> THE COURT: Yes, that's my point. What is wrong with, for example, getting all documents constituting or reflecting or referring to agreements between plaintiff and Zuckerberg --
> MR. SNYDER: Well, your Honor –
> THE COURT: -- what's wrong with that?
> MR. SNYDER: We have none, so that's –

US v Ceglia, 12-cr-876
January 15, 2015
Page 2 of 3

> THE COURT: That's the first time I've heard that. Did you say that in your reply? I don't remember that.
>
> MR. SNYDER: We have -- I said to your Honor today that Mr. Zuckerberg doesn't have a copy of the contract, and therefore we would agree to mutual discovery on that, and there's nothing to exist.
>
> THE COURT: The only emails that refer to it are the ones we've been discussing, and you don't want those to be provided for the reasons you stated.
>
> MR. SNYDER: We will provide those emails after Mr. Ceglia –
>
> THE COURT: So that request is actually okay.
>
> MR. SNYDER: Yes, your Honor.

Notwithstanding, in review of the Government's production of discovery, I discovered an August 18, 2003 email from Mr. Zuckerberg to another individual that referenced an agreement between Mr. Zuckerberg and Mr. Ceglia. Upon information and believe, prior to the Government's production on the instant criminal case, this email was never provided to Mr. Ceglia or his attorneys.

Confronted with this discrepancy, in his December 17, 2014 email to me, Mr. Southwell admitted that the August 18th, 2003 email refers to an agreement between the parties. In particular, Mr. Southwell stated that the August 18th email was referring to the "StreetFax" contract images, a fact about which Mr. Ceglia disagrees. In his email to me, Mr. Southwell also acknowledged that he and his clients did not turn it over to Mr. Ceglia in the civil suit because he and his clients were not obligated to do so.

It is clear that the August 18th, 2003 email refers to an agreement between the parties, a fact conceded by Mr. Southwell. It is clear from the court transcript that Mr. Southwell committed himself and his clients to the Court's direction to provide emails referring to agreements between the parties. It is clear that Mr. Southwell knew that the contents of the August 18th email referred to an agreement subject to the Court's direction. It is also clear that Mr. Southwell and his clients did not honor their commitment. Finally, it is clear that Mr. Southwell, while offering voluntary production in "good faith," was extremely cognizant that he and his clients were under no obligation to comply.

In addition, I have been informed that this was not the first time the attorneys for Mr. Zuckerberg and Facebook have evaded compulsory production by either offering voluntary production but failing to comply, or by simply withholding materially relevant evidence.

The crux of the Government's case is the allegation that Mr. Ceglia altered a legitimate contract with Zuckerberg (the StreetFax contract) and used that fraudulent contract to file a civil suit against Zuckerberg and Facebook, Inc. My client's position is that Mr. Zuckerberg doctored a legitimate contract, or several contracts, to create the StreetFax contract, skillfully and unlawfully "hacked" into a home computer of Mr. Ceglia's parents, surreptitiously implanted the altered contract onto the computer, and caused an email to be sent with the contract as an attachment.

US v Ceglia, 12-cr-876
January 15, 2015
Page 3 of 3

It is also my client's position that the attorneys for Zuckerberg and Facebook procured a fraudulent civil judgment through deceptive practices and have employed the same fraudulent practices to cause the Government to secure the instant indictment.

Maybe it is my naiveté, but in light of the information provided to me, I cannot begin to fathom the degree to which an individual, or individuals acting in concert, would subvert the judicial process and a criminal defendant's need for relevant material evidence that is clearly within their possession and under their control.  Nevertheless, the stakes are too high in a criminal case and failing to address these issues would result in an injustice.

Therefore, I request that that this Court sign an Order for the issuance of a Subpoena *Duces Tecum*, pursuant to Rules 17 of the Federal Rules of Criminal Procedure, made returnable in advance of trial at a date and time set by the Court, at the Law Office of Robert Ross Fogg, 69 Delaware Avenue, Suite 600, Buffalo, New York 14202.

Thank you for your consideration in this matter.

Respectfully submitted,

*/s/ Robert Ross Fogg*

Robert Ross Fogg, Esq.
Attorney for Defendant, Paul Ceglia

RRF/gc

cc:     Janis Echenberg, AUSA
        Paul Ceglia