**Counsel for Defendant**
Robert Ross Fogg, Esq.
Law Office of Robert Ross Fogg, Esq., LL.M.
69 Delaware Avenue, Suite 600
Buffalo, New York 14202
Tel: (716) 853-3644  Fax: (716) 852-6782
rfogg@rfogglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
        *Plaintiff,*

    v.         CASE No: 1:12-CR-00876-VSB

PAUL D. CEGLIA
        *Defendants.*

**DEFENDANT'S REPLY TO GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S PRE-TRIAL MOTIONS
REGARDING BILL OF PARTICULARS AND *DAUBERT* CHALLENGE**

DATED:  January 15, 2014
      Buffalo, New York

To:
Hon. Preet Bharara, United States Attorney
Attorney for the United States of America
for the Southern District of New York

### INTRODUCTION:

Comes now Defendant, Paul Ceglia, by his attorney Robert Ross Fogg, for his Reply to the Government's Memorandum of Law in Opposition to Defendant's Pre-Trial Motions regarding bill of particulars and *Daubert* challenge.

### ARGUMENT:

**Defendant is Entitled to Sufficient Information about the Nature of His Charges, to Prepare for Trial and to Avoid Unfair Surprise, Thus the Court Should Order the Government to File and Serve Upon the Defense a Bill Of Particulars Specifying Whether Defendant is Alleged to have Altered and Forged Only Page One of the Two-Page Contract or Both Pages One and Two.**

In the present case, the Government has taken two opposite positions on Mr. Ceglia's request for Bill of Particulars—one-page substitution vs. two-page forgery.  Mr. Ceglia requests the Government be ordered to file with the Court and serve upon the defense a bill of particulars upon which the Government shall rely at trial, specifying whether Mr. Ceglia is accused of altering only the first page of a two-page contract or both pages.

As it stands, Mr. Ceglia is unaware of the alleged prohibitive conduct attributable to him and is incapable of defending against vacillating accusations.  Mr. Ceglia's request for a bill of particulars is not trivial.  It is of great consequence because of the type, nature and extent of the different testing associated with the allegations.  In fact, it goes to the plain meaning and spirit of Rule 7 of the Federal Rules of Criminal Procedure.  A bill of particulars on this issue will provide sufficient information about the nature of the charges laid against Mr. Ceglia, enable Mr. Ceglia to prepare for trial and avoid unfair surprise.

In the case at bar, the Government, by and through Assistant United States Attorney, Christopher Frey stated in court that Mr. Ceglia stands accused of altering only page one of the two-page contract. Upon Mr. Ceglia's request for a more particularized bill of particulars, the Government stood mute on the grounds that the requested fact goes to the theory of their case against Mr. Ceglia.

If as stated in the indictment and arrest warrant and conceded by Mr. Frey, the Government contends page one of the original authentic contract was substituted by an altered page one forgery, then a signature expert would not be required, since the signatures on page two would be conceded as authentic. Accordingly, Mr. Ceglia would then need to obtain experts to make comparisons of page one to page two, consisting of the paper, toner, ink, font, typeset, etc.

On the other hand, if as the Government now contends, apparently following the lead of Facebook's defense counsel's submission of its own new allegation of a two-page forgery to the Second Circuit Court of Appeals, then Mr. Ceglia must obtain different and additional experts to test the paper against known paper types, the signatures of Mr. Zuckerberg and Mr. Ceglia, etc. Under this scenario, Mr. Ceglia would also have to hire experts to, among other things, gather handwriting samples and identify the toner against a database of toners to see, not if they are identical to each other, but rather to prove that they were commercially available in 2003 and more.

Here, the Government is fully aware that Mr. Ceglia must finance his own defense. They now seek to force him into an impossible situation, to pay experts to perform two very distinct set of tests that are independent of each other in preparation for whichever path the Government chooses to take.

In such a complex forensic case, it is inappropriate for the Government to hide from the defendant the nature of the conduct the defendant is alleged to have committed until the eleventh hour of trial. To do so would be to allow the government to use its unlimited funds to drain Mr.

Ceglia of his best defense by forcing him to place less emphasis on one testing so that he can conduct both tests, or worse still, forego altogether one testing in favor of another.

The Government should not be allowed to play a game of three-card-molly and make Mr. Ceglia guess as for which defense he should prepare.

### As this Case Involves Complex Forensic Evidence Requiring Expert Testimony, the Court Should Grant Defendant a *Daubert* Hearing in Advance of Trial

The present criminal proceeding is scheduled for trial commencing on Monday, May 4, 2014. Defendant requests a hearing, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in advance of trial. Mr. Ceglia contends that much of the alleged science, upon which the Government relies, fails to meet the criteria under *Daubert*.

As the present case involves complex digital forensics, Mr. Ceglia deserves the full benefit of hearing in advance of trial to address the issues of whether the reasoning or methodology underlying the proposed testimony of the Government's experts is scientifically valid and whether that reasoning or methodology can properly be applied to the facts in issue.

### CONCLUSION:

WHEREFORE, Mr. Ceglia requests that the Court grant his afore-mentioned requests and order the Government's compliance.

Dated:   January 15, 2014
        Buffalo, NY                                             Respectfully submitted,

                                          By:   */s/ Robert Ross Fogg*
                                                    Robert Ross Fogg, Esq.
                                                    Attorney for Defendant, Paul Ceglia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
        *Plaintiff,*

    v.         CASE No: 1:12-CR-00876-ALC

PAUL D. CEGLIA
        *Defendant.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that the foregoing Reply, dated January 15, 2015 is being served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record who are authorized to receive electronically Notices of Electronic Filing in this criminal case on January 15, 2015.

Dated: January 15, 2015    Respectfully Submitted,

            By: /s/ Robert Ross Fogg