**ROBERT ROSS FOGG, ESQ., LL.M.**
Attorney and Counselor at Law

69 Delaware Ave., Suite 600
Buffalo, New York  14202
(716) 853-FOGG (3644)
Fax:    (716) 852-6782

January 29, 2015


Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007


       RE:   *United States v. Paul Ceglia*, Case No.: 12 cr 876
               Objection to Third Party Interlopers


Dear Judge Broderick:

     I write this letter to express my concerns and opposition to submissions, communications and expressions of third party interlopers to the above-referenced criminal matter.  As titled, the parties to this criminal action are the prosecution, the United States of America, represented by the United States Attorneys, and the defendant, Mr. Ceglia, who I represent.  I object to any third parties wishing or desiring an audience with the Court, participation in the proceedings or acknowledgment of presence.  Interjections of third-party expressions via direct communications to the Court are not only improper, but also highly prejudicial to Mr. Ceglia and the criminal proceedings.

     I have reviewed the letter that Mr. Orin Snyder of Gibson, Dunn & Crutcher LLP has submitted to the Court in an effort to try to persuade Your Honor that Paul Ceglia should not be accorded rights that are necessary to his defense.  Further, the length, tone and content of the letter, evincing Gibson Dunn's intention to prejudice the Court in this process, demonstrate exactly why a subpoena is needed.  Mr. Snyder self-proclaims the right on behalf of his clients to make his submission under the Crime Victims' Rights Act (18 U.S.C. § 3771).  However, that statute does not contemplate or permit this kind of submission in this proceeding.  Section 3771(a)(4) is the only circumstance in which a "crime victim" is afforded the opportunity to address the Court:

> "(4) The right to be reasonably heard at any public proceeding in the district court *involving release, plea, sentencing, or any parole proceeding*."

US v Ceglia
Objection to Third Party Interlopers
January 29, 2015
Page 2 of 3

Assuming *arguendo* that Facebook and Mr. Zuckerberg even meet the definition of "crime victim," a preposterous position to which defense takes exception, counsel's submissions are impermissible and should be stricken.

The August 18, 2003 email, which I presented with my January 15, 2015 letter, is highly relevant. However, it was not produced in the civil case.

In his jeremiad to the Court, Mr. Snyder claims that the contract referred to in the August 18, 2003 email is "indisputably" the StreetFax contract. As Mr. Snyder's partner, Mr. Southwell, quoted in his December 17, 2014 email, in one of the key sentences from the August 18, 2003 email, Mr. Zuckerberg wrote to Mr. Kazen: "He's [Ceglia's] only gotten this pissed once before, and that's when I sent him the contract with all the penalty stipulations for if he didn't pay on time." Mr. Southwell then claimed that this sentence refers to the StreetFax contract. However, in Zuckerberg's one and only declaration to the Court in the civil action, he swore, "The contract was provided to me [Zuckerberg] by Ceglia." These two statements are irreconcilable.

Gibson Dunn's improper attempt to influence the Court extends to impermissible assertions of unproven facts, e.g., unreliable ink tests founded upon misguided non-science, and even to the point of arguing against Mr. Ceglia's pending motion to dismiss on First Amendment grounds. Gibson Dunn attorneys have intentionally and fallaciously imposed themselves into the position of second and additional prosecutors in this action.

Gibson Dunn, on behalf of Facebook and Mr. Zuckerberg, have no standing to make arguments at will in this Court, and especially arguments contrary to those being presented by the government. Moreover, as they are defendants in an ongoing civil litigation that is pending before the Second Circuit, their actions are true examples of wanton and unethical tactical schemes. If no other contracts between Mr. Zuckerberg and Mr. Ceglia exist, then compliance with the Court's order of issuance of a subpoena will be a simple matter. Therefore, Gibson Dunn's impermissible submissions to the Court only beg the question: why Facebook and Zuckerberg are resisting so vociferously.

Ironically, in commencing and continuing the present criminal prosecution and allowing the Gibson Dunn attorneys to inappropriately interject in these proceedings, it is quite possible that the government itself stands in violation of 42 U.S.C. §1985(2), which prohibits all conspiracies, including those done under color of law, from preventing Mr. Ceglia from attending and testifying in his pending civil court matter and injuring him in his person and property on account of the same.

Notwithstanding, as requested by the Court, the defense has met and conferred with the Government with regard to the language Mr. Ceglia's request for an Order for the issuance of a subpoena *duces tecum*. I have presented a proposed revision of the language for the subpoena request to the government, upon which the Government does not have an objection to issuance of the revised subpoena. That issue is now closed. I therefore ask that the Court enter an Order for the issuance of a subpoena *duces tecum*.

US v Ceglia
Objection to Third Party Interlopers
January 29, 2015
Page 3 of 3

      On behalf of Mr. Ceglia, I respectfully ask Your Honor to disregard the submission of the Gibson Dunn attorneys and prevent future third party interjections.  Further, I ask that Your Honor admonish the Gibson Dunn attorneys, Facebook and Mr. Zuckerberg for interfering in the present criminal action and treading upon Mr. Ceglia's rights and the Court's obligation to impartiality.

                                    Respectfully submitted,

                                    /s/ Robert Ross Fogg
                                  Robert Ross Fogg, Esq.
                                  Attorney for Defendant, Paul Ceglia

RRF/gc

cc:    Alexander Wilson, AUSA
        Janis Echenberg, AUSA
        Paul Ceglia