

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 13, 2015

**BY ECF & E-MAIL**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

     Re:   **United States v. Ceglia,**
            **12 Cr. 876 (VSB)**

Dear Judge Broderick:

Pursuant to the Discovery Order on Consent entered in this matter on June 24, 2013 (the "Discovery Order"), the Government respectfully requests that the Court authorize the Government to have ink, toner and paper testing performed by the United States Secret Service's Forensic Laboratory in Washington, D.C (the "USSS Lab") on the purported contract between the defendant and Mark Zuckerberg upon which the defendant based his civil lawsuit (the "Contract").

### Background

Under the Discovery Order, the Government is required to provide defense counsel with five business days' notice before transferring the Contract to the USSS Lab for testing. (Discovery Order ¶ 4.)  If the defendant or defense counsel have concerns regarding the testing, the parties must attempt to resolve them. (Discovery Order ¶ 5.)   If no resolution is possible, "either party may seek relief from the Court." (Id.)   In addition, the defendant is permitted to seek a Court order authorizing videotaping of the testing or for defense counsel and up to three defense representatives to be physically present during the testing.  (Discovery Order ¶ 6.)

On February 4, 2015, the Government notified defense counsel that it intended to have tests of the ink, toner and paper contained in the Contract conducted at the USSS Lab. On February 7, 2015, the defense requested additional information regarding the personnel and protocols the USSS Lab intends to use in conducting the testing, and requested both that the testing be videotaped and that defense counsel and up to three other defense representatives be present during the testing.   On February 11, 2015, the Government provided the defense with the requested information it had obtained from the USSS Lab.  That information included a description of the group responsible for conducting the proposed testing and the protocols to be used in conducting the testing, including that the testing would involve the removal and

Honorable Vernon S. Broderick
February 13, 2015
Page 2

destruction of multiple samples (typically 1mm or 3mm in diameter) from the Contract for each ink, paper, or toner to be tested.  The Government also conveyed that, depending on a variety of factors, including the number of examinations performed (which would be uncertain until the USSS Lab received the Contract and could determine whether all proposed tests can be performed), the type of examinations, quantity of evidence, operational status of the instrumentation and availability of the analysts, the estimated time for the final results of the testing was 30-60 calendar days.

In addition, the Government informed defense counsel that the USSS Lab does not allow videotaping or in-person observation of testing, but will allow defense representatives to observe (through a window) the removal of all samples from the Contract.

Earlier this afternoon, Gil Messina, Esq. informed the Government by email that the defendant continues to object to the Government's proposed tests on several grounds.  First, Mr. Messina asserted that the testing was improper because the results of the tests would not be completed until after the February 18, 2015 deadline for expert disclosures.  Second, he asserted that the Government should have performed such testing earlier, given the nature of the Indictment.  Third, he asserted that the testing is inconsistent with the Government's statements at the recent oral argument that "The government is not alleging a crime of fabricating or not fabricating page 2.  It is not even alleging a crime of fabricating page 1.  This is not a forgery case."  (1/30/2015 Tr. at 23:12-14.)  Finally, he asserted that in the absence of videotaping and observation by defense representatives, the testing would threaten the integrity of the Contract.

## Discussion

The Government is plainly permitted to perform scientific testing of evidence in its possession, and the objections to such testing raised by defense counsel are without merit.  The Government seeks to perform tests of the ink, toner and paper contained within the Contract, which may produce evidence relevant to whether or not the Contract is an authentic document signed by the defendant and Mark Zuckerberg in 2003.  Such testing is routinely performed by the Government in cases where the authenticity of a document is in question, and the defendant has identified no exceptional circumstance or authority that could justify denying the Government the right to perform such testing on its evidence in its case.

Whether or not the testing is sufficiently timely is irrelevant to this question.  The Government will provide its expert disclosures on February 18, 2015 as required under the deadline set by the Court, and will supplement those disclosures with additional information as required by Rule 16 in light of any USSS Lab testing.   If the defendant believes the Government's disclosures are insufficient, he may seek relief from the Court at the appropriate time.  He may not, however, seek to preclude the Government from conducting testing in the first instance on that basis.  The Government is, as in every case, entitled to continue to develop its evidence until the time of trial.

Honorable Vernon S. Broderick
February 13, 2015
Page 3

As to the defense objection that the testing is inconsistent with the Government's position at oral argument, it appears that the defendant continues to misunderstand the Government's position and its burden in proving the mail and wire fraud charges against the defendant. The Government has charged the defendant with engaging in a scheme to defraud, not with forgery of the Contract, and need not advance a particular theory of the exact manner in which the fraudulent Contract was created. Additional evidence of forgery would, however, obviously be relevant to the Government's allegations. More to the point, the Government is not restricted to conducting testing of its evidence based on a relevance standard; it may to conduct any testing it deems appropriate.

Finally, the defendant is not entitled to have the Government's testing videotaped or observed by his representatives. The USSS Lab will conduct the testing just as it does in every other case. Even if the defendant's concern about the integrity of the document had any merit, the Government has already offered the extraordinary accommodation of permitting defense representatives to witness the taking of samples from the Contract.[1] The Government's understanding is that all testing will then be conducted on those samples, rather than the document itself, and so the defendant's interest in preservation of the document will be amply protected by the Government's proposed accommodation.

Accordingly, there is no basis for precluding the Government from conducting the aforementioned testing, and the Government respectfully requests that the Court authorize it. Unless otherwise directed by the Court, the Government intends to transfer the Contract to the USSS Lab, consistent with terms of the Discovery Order, on Tuesday, February 13, 2015, to minimize any delay in testing if the Court grants the Government's application. The Government also requests that the Court address this issue with the parties, to the extent possible, at the telephonic conference scheduled for 11:30 a.m. on Tuesday.

Thank you for your attention to this matter.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     ____/s/ Alexander Wilson_____
Janis M. Echenberg / Alexander J. Wilson
Assistant United States Attorneys
(212) 637-2597 / 2453

---

[1] The Government has already demonstrated its willingness to be accommodating to defense requests of this type. Indeed, the United States Postal Inspection Service's National Forensic Lab was able to accommodate defense-requested videotaping of its non-destructive testing of the document itself earlier in this case. The USSS Lab, however, does not permit such videotaping.