# MESSINA LAW FIRM
A PROFESSIONAL CORPORATION

961 Holmdel Road
Holmdel, New Jersey 07733

Gil D. Messina
   Admitted in MA and NJ

Phone 732.332.9300

Fax    732.332.9301

Email: gmessina@messinalawfirm.com

March 5, 2015

Honorable Vernon S. Broderick, U.S.D.J.          **Via Email**
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

      Re:    *United States v. Ceglia*
                Case No. 12-cr-876

Dear Judge Broderick:

      I represent the defendant Paul D. Ceglia. I am writing to Your Honor in response to the letter emailed to the Court late Tuesday evening by Facebook's and Mark Zuckerberg's lawyer.

      It has been a time-consuming process to respond to the lengthy and improper submissions to the Court by Mr. Snyder and others in his firm as we undertake the defense of our client. The latest letter continues a pattern by Facebook's and Zuckerberg's lawyers to use every technique they can devise to delay, if not avoid, the production of highly relevant, admissible evidence in their clients' possession. It is a strategy they used successfully in the civil action in Buffalo and a strategy which is the subject of appeal in the civil case. In fact, it was because evidence which was required to be produced by Facebook and Zuckerberg in the civil action was not produced that Mr. Ceglia requested that the Government release the August 18, 2003 email from certain of the restrictions in the Protective Order in this case to allow the email to be filed in the civil appeal in the Second Circuit. The government agreed to our request and that filing has now occurred.

      Mr. Snyder makes a great deal about comments that Paul Argentieri, Esq. made to a local newspaper on February 22, 2015. Mr. Argentieri spoke to the press without Mr. Fogg's or my knowledge. Mr. Argentieri will not receive or review any documents produced in the criminal case which are subject to the Protective Order. Barring consent by the government, or an order of the Court (as with the August 18, 2003 Zuckerberg email) such documents may be disclosed only to those designated in the Order and such documents may be used only in connection with the criminal action. To suggest, as Mr. Snyder does in his letter, that Mr. Fogg made misrepresentations to the Court without at least first speaking with him or me is irresponsible. The defense will continue to abide by the letter of the Protective Order in this case.

LAW OFFICES
**MESSINA LAW FIRM**
_____

Honorable Vernon S. Broderick, U.S.D.J.
March 5, 2015
Page 2

      Contrary to Mr. Snyder's other assertions, supposedly supported by various references to transcripts of a hearing and teleconference, the Court did not "direct[] the parties to consider any necessary modifications to the existing Protective Order."  Snyder Letter p.2.[1]/  Counsel's reference to the January 30, 2015 transcript at 44:1-5, is incomplete and inaccurate.  The Court's comment was directed to me and the Government about the possibility that discovery could be applicable to the civil action.  Your Honor said:

> THE COURT: To be clear, you [Messina] are in the case.  Again, I haven't looked at the protective order to even think about this issue, but the parties should think about that in connection with going forward.  Again, it [discovery] is in this litigation.
> I'm not sure if there is a way to avoid, if you see something, saying I want to use this.  I don't that [sic] necessarily there is a way to avoid that.  I will leave it at that.  I may have a question in the future.

T.44:1-10.

      The Court did not direct the parties to modify the Protective Order, as Mr. Snyder states.

      Similarly, I did not "suggest" that I "intended to use materials from the criminal case in the civil cases."  Snyder Letter p.2.  Rather, at 35:15-24, I made a comment that I believed the government had overdesignated documents as confidential and I went on to discuss the August 18, 2003 email that was ultimately released for filing in the Second Circuit.

> All of the Zuckerberg emails that have been produced, including those that he did while he was employed by Mr. Ceglia and relate exclusively to work that he did for Mr. Ceglia, that are more than 10 years old and have no commercial value and no legitimate basis for nondisclosure, have all been marked confidential.  We have a problem with that.
> In particular, we have before Your Honor today this issue about one email that relates to work that was done on August 18, 2003, I believe, that we would like to have released from the confidentiality designation.

T.35:15-24.

---

[1] Facebook and Zuckerberg are not "parties" and Mr. Ceglia continues to object to their counsel's insinuation of himself into these proceedings when his clients lack standing.

LAW OFFICES
**MESSINA LAW FIRM**

Honorable Vernon S. Broderick, U.S.D.J.
March 5, 2015
Page 3

Again, contrary to Mr. Snyder's mischaracterization that "[t]he Government expressed its concerns that Ceglia's counsel was abusing the criminal discovery process by, among other things, sharing documents produced in the criminal case publicly and using them in Ceglia's civil case" (Snyder Letter p.2), AUSA Wilson said:

> I don't think the protective order precludes the defendant in this case, who is plainly a party to both [the criminal and civil cases], from submitting whatever the appropriate avenue would be saying that there is a document that in these general terms is X, Y, and Z that he has become aware of that should have been produced and seeking whatever relief he wants.  The government doesn't have an objection to that.
> But this is criminal discovery that is not broadly available to Mr. Ceglia to file in his civil litigation.

T. 39:19-25.

We agree and that is precisely the avenue taken, for example, by the defendant with respect to the August 18, 2003 email and there was no suggestion that the procedure undertaken by his counsel to allow that document to be filed in the Second Circuit was improper.  In fact, the government agreed it could be filed in the Court of Appeals.

Defense counsel has expressly agreed that any production by Facebook and Zuckerberg pursuant to the subpoenas authorized by the Court will be fully subject to the Protective Order and that they can only be released from the strictures of that Order in accordance with its terms. Your Honor stated, in response to Mr. Fogg's assurances given at the February 17 teleconference:

> Particularly you have no problem with these documents being subject to the same sort of rules that apply to the other documents that have been produced and it will be produced pursuant to the protective order.  That does address my question.

T.12:3-6.

At the teleconference on February 17, Mr. Snyder did not suggest that some kind of new or modified Protective Order was needed and the Court did not order it.  It was only after Your Honor entered his Order that Mr. Snyder began raising objections.  We are familiar with these tactics and we believe they are timed and intended to delay or obstruct compliance with the subpoenas.  When they proposed an inordinate delay in the return date of the subpoenas and belatedly insisted on a new Protective Order, Mr. Fogg immediately brought our objections to the Court and the Court ordered a reasonable return date and did not require a change in the

LAW OFFICES
**MESSINA LAW FIRM**

Honorable Vernon S. Broderick, U.S.D.J.
March 5, 2015
Page 4

Protective Order.[2]/

    I do not know what Mr. Snyder means by the "Government has indicated it consents, in principle, to the entry of a new protective order containing our proposed modifications." That is news to defendant's counsel who were not privy to discussions about a new consent order being entered "in principle." The existing Protective Order was entered upon consent of the Government and Mr. Ceglia's then defense counsel. The defendant does not agree to modify an order entered upon consent of the parties at the insistence of what we have characterized as third-party interlopers. Facebook and Zuckerberg should produce their evidence pursuant to the same Protective Order as have all other witnesses.

    Finally, Mr. Snyder's proposed order is designed to interfere with Mr. Ceglia's and his counsel's ability to adequately defend him against the amorphous charges he faces. Mr. Ceglia is not permitted by the conditions of his bail to travel to his attorneys' offices without special permission, both of which are hours away. The proposed condition that he not be able to review evidence outside his counsel's office would put an unreasonable financial strain on him and unreasonably interfere with his defense. Second, the elimination of Mr. Ceglia's ability to use "independent expert witnesses, investigators, or advisors retained – pursuant to a written retainer agreement – by the defendant or his counsel of record in this action in connection with this action" would obstruct the defense's ability to properly analyze what will be produced by Facebook and Mr. Zuckerberg. Depending upon what is produced, disclosure cannot be restricted to "personnel employed by the defendant's counsel of record in this action" as outside expertise will likely be required to properly examine the evidence

    The extant Protective Order affords sufficient protection to Facebook and Zuckerberg and it should not, we respectfully submit, be specially revised for them when the effect will be further delay and needless, prejudicial restrictions imposed on the defense. I have not responded to the other accusations, innuendo and unsupported assumptions in Mr. Snyder's letter because I believe they are neither relevant nor warrant a further response.

    Thank you for Your Honor's attention and consideration.

                                                    Respectfully yours,

                                                    s/ Gil D. Messina
                                                    Gil D. Messina

---

[2] That this tactic is intended to delay production is made explicit in Mr. Snyder's letter at p.4: "our proposed protective order should be entered before our clients are required to produce any documents."

LAW OFFICES<br>
**MESSINA LAW FIRM**

Honorable Vernon S. Broderick, U.S.D.J.
March 5, 2015
Page 5

GDM/hs

cc:     Paul Ceglia
        Robert Ross Fogg
        Orin Snyder
        Janis Echenberg
        Alexander Wilson
        All via Email