```
┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #:                                │
│ DATE FILED:    3/12/2015              │
└──────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,          :
                                   :
                    Plaintiff,     :
                                   :          12-CR-876 (VSB)
          - against -              :
                                   :     AMENDED PROTECTIVE ORDER ON
PAUL CEGLIA,                       :              CONSENT
                                   :
                    Defendant.     :
                                   :
-------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

          On the motion of the United States of America, by the United States Attorney for the

Southern District of New York, Preet Bharara, by Assistant United States Attorneys Janis M.

Echenberg and Alexander J. Wilson; and with the consent of the defendant, PAUL CEGLIA, by

and through his counsel, Robert Ross Fogg and Gil D. Messina; and with the consent of third

parties, including Facebook, Inc. and Mark Elliot Zuckerberg, by and through their counsel; and

for good cause shown, IT IS HEREBY ORDERED THAT:

1.  This Amended Protective Order on Consent supersedes the Protective Order on Consent

    filed in this action on December 3, 2012 ("12-3 Protective Order").  The provisions of the

    12-3 Protective Order and certifications obtained pursuant to the 12-3 Protective Order

    remain valid and enforceable against persons shown Confidential Information under the

    terms of the 12-3 Protective Order.

2.  Certain documents provided by the Government or by subpoenaed third parties, including

    Facebook, Inc. and Mark Elliot Zuckerberg, to the defendant in this action pursuant to

    Federal Rules of Criminal Procedure 16 or 17; Title 18, United States Code, Section

1

3500; *Brady v. Maryland*; or *United States v. Giglio* and that are not otherwise publicly available, will be designated by the Government or by the subpoenaed third party, whichever produces them, as confidential ("Confidential Information") upon production. The person or entity that produces such Confidential Information to the defendant, whether the Government or a subpoenaed third party, shall hereinafter be referred to as the "Producing Party."

3. If the defendant disagrees with the Producing Party's determination that certain materials require confidentiality, the defendant may raise objections with the Producing Party at any time. If the parties are unable to resolve the disagreement, the defendant may seek relief from the Court.

4. Confidential Information disclosed to the defendant and his counsel of record in this action during the proceedings in this action:

   a. Shall be used by the defendant and his counsel of record in this action solely for purposes of this criminal action;

   b. Shall not be disclosed in any form by the defendant or his counsel of record in this action except as set forth in paragraph 5 below.

5. The use and disclosure of Confidential Information produced to the defendant and his counsel of record in this action shall be subject to the following restrictions:

   a. Confidential Information may be disclosed by the defendant and his counsel of record in this action only to the following designated persons ("Designated Persons"): (i) all personnel employed by the defendant's counsel of record in this action, either full-time or part-time; (ii) independent expert witnesses, investigators, or advisors retained—pursuant to a written retainer agreement—by

2

the defendant or his counsel of record in this action in connection with this action;
(iii) transactional witnesses, to the extent such transactional witnesses were
previously aware of the Confidential Information and such disclosure is necessary
for trial preparation; and (iv) such other persons as hereafter may be authorized by
the Producing Party or the Court upon motion by the defendant.  The defendant
and his counsel of record in this action may not provide copies of documents
containing Confidential Information to transactional witnesses.

b.  The defendant and his counsel of record in this action may not disclose
Confidential Information to any person other than the Designated Persons unless
the defendant and his counsel of record in this action make a written request to the
Producing Party for an exception to these restrictions, and such a request is
granted.  The Producing Party shall make all reasonable efforts to accommodate
such requests.  If such requests are refused, the defendant and his counsel of
record in this action may seek relief from the Court.

c.  No persons shall be provided, shown, or read the contents of any documents
produced pursuant to terms of this Order, or any copy thereof, unless and until
they have been provided with a copy of this Order and certify under oath and in
writing that they will comply with its terms.  The defendant and his counsel of
record in this action shall maintain a record of all such persons and certifications.

d.  The defendant and his counsel of record in this action will not attach any
documents produced pursuant to this Order to any public filings with the Court or
publicly disclose any such documents, or their contents in any other manner,
without prior notice to the Producing Party.  If the defendant and his counsel of

3

record in this action and the Producing Party cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

e.  Nothing in this paragraph limits the use that the defendant and his counsel of record in this action may make of any documents produced pursuant to the Order in court at trial.

The defendant agrees that he has no ownership or proprietary interest in the materials subject to this Order based on their production to him by the Government or by a subpoenaed third party.  The defendant and his counsel of record in this action agree that all such materials are to be returned to the Producing Party at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first.

SO ORDERED.
March 12, 2015
Dated: March 8, 2015
New York, New York

Vernon S. Broderick
United States District Judge

AGREED AND CONSENTED TO:

_____
Robert Ross Fogg, Esq.
Attorney for PAUL CEGLIA

_____
Date

_____
Gil D. Messina, Esq.
Attorney for PAUL CEGLIA

_____
Date

_____
Gibson, Dunn & Crutcher
By:  Orin Snyder, Esq.
Attorneys for Facebook, Inc.
  and Mark Elliot Zuckerberg

3/11/15
Date

5

The defendant agrees that he has no ownership or proprietary interest in the materials subject to this Order based on their production to him by the Government or by a subpoenaed third party. The defendant and his counsel of record in this action agree that all such materials are to be returned to the Producing Party at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first.

    SO ORDERED.

Dated: March 8, 2015
    New York, New York

 

                                        Vernon S. Broderick
                                        United States District Judge

AGREED AND CONSENTED TO:

Robert Ross Fogg, Esq.
Attorney for PAUL CEGLIA

                                        3/10/15
                                        Date

Gil D. Messina, Esq.
Attorney for PAUL CEGLIA

                                        3/9/15
                                        Date

Gibson, Dunn & Crutcher
By: Orin Snyder, Esq.
Attorneys for Facebook, Inc.
  and Mark Elliot Zuckerberg

                                        Date

5