# MESSINA LAW FIRM
A PROFESSIONAL CORPORATION

961 Holmdel Road
Holmdel, New Jersey 07733

Gil D. Messina
    Admitted in MA and NJ

Phone 732.332.9300

Email: gmessina@messinalawfirm.com

Fax    732.332.9301

March 27, 2015

Honorable Vernon S. Broderick, U.S.D.J.            **Via Email**
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. Ceglia*
        Case No.: 12-cr-876

Dear Judge Broderick:

        We have conferred with Ms. Echenberg and Mr. Wilson about what progress can be made in this case in advance of trial notwithstanding Mr. Ceglia's absence.  We were hopeful that the prosecution and defense could reach an agreement, at least as to some matters, but that was not the case.  It is our understanding that the Government will propose that all matters be held in abeyance under the "fugitive disentitlement doctrine."  Consequently, the prosecution and defense are unable to report to the Court jointly, as we had hoped.

        Your Honor has ordered that if the defense proposes to make further pretrial motions they be preceded by a letter to the Court, not to exceed three pages, stating the nature of the motions and the bases for them.  This letter is also for that purpose.

## Defense's Position

        The defense is of the view that important progress can be made in this case that will allow the case to reach trial with the least possible delay once Mr. Ceglia either surrenders or is apprehended.[1]

        The defense requests that the Court permit it to present three applications to the Court relating to the outstanding Rule 17 subpoena and for the issuance of two other subpoenas.

---

[1] We have just received the Government's letter to Your Honor requesting that all pretrial proceedings stop based on fugitive disentitlement grounds, this letter does not address that argument other than to say that the invocation of that doctrine is a matter within the discretion of the Court.  *See e.g., Esposito v. I.N.S.*, 987 F.2d 108, 110 (2d Cir. 1993) (the fugitive disentitlement doctrine "is invoked at our discretion ... and we do not find sufficient reason to apply it in the present case.")  *Id.*  We request the opportunity to respond to the substance of the Government's argument on that issue, either when the defendant actually moves for discovery or independently.

LAW OFFICES

**MESSINA LAW FIRM**
_____

Honorable Vernon S. Broderick, U.S.D.J.
March 27, 2015
Page 2

    **1)  Subpoena to Facebook and Zuckerberg:**  The Court previously ordered the issuance of subpoenas to Mark Zuckerberg and Facebook, Inc.  The subpoenaed materials were ordered produced by March 16, but production was ordered to be held in abeyance when concern was raised by the witnesses' counsel that the undersigned might use the materials in connection with the representation of one of the defendants in the pending civil suit by Facebook, Inc. against Mr. Ceglia's civil lawyers in *Facebook, Inc. v. DLA Piper LLP (US),* which is pending in the New York Supreme Court.  Although the subpoenaed materials will be subject to the Amended Protective Order entered in this case and cannot be used in the civil case without an order of this Court, the documents were nonetheless ordered to be withheld for the time being.

    Defense counsel has proposed to "wall off" the undersigned so that Mr. Fogg alone may review the documents at this time because they are believed to contain evidence of other versions of contracts between Messrs. Zuckerberg and Ceglia which were prepared by Mr. Zuckerberg that will support the authenticity of the "Work for Hire Contract."  These documents will not be disclosed to the undersigned while the *DLA Piper* litigation is pending or I continue to represent any defendant in that case.  When Mr. Ceglia is no longer absent, he can consent to my continuing to being walled off from the documents or, if he does not consent, the undersigned will, if required, withdraw.  In any event, these documents are too important to Mr. Ceglia's defense to be kept from Mr. Fogg.[2]/

    The defense wishes to request the release of the subpoenaed documents to Mr. Fogg exclusively.

    **2)  Emails on Harvard Backup.**   The defense believes that Mark Zuckerberg's emails on the Harvard Faculty of Arts and Sciences ("FAS") stored emails for the period from January 1, 2003 until July 1, 2004 exist and that they will disclose the true contractual relationship between Zuckerberg and Ceglia.  In the underlying civil action, the production of emails was carefully circumscribed to include only emails between Zuckerberg and Ceglia "and/or other persons associated with StreetFax that were captured from Zuckerberg's Harvard email account."  The wording excluded emails between Zuckerberg and others who worked on coding for Zuckerberg's and Ceglia's project.  This same deficiency was corrected in the subpoena Your Honor authorized be issued to Facebook and Zuckerberg, but it has never been corrected with regard to Zuckerberg's Harvard emails.

    Further, the limitation to emails "captured from Zuckerberg's Harvard email account," was unduly limiting because the search by which the emails were "captured" resulted from a search of key terms provided by Facebook and Zuckerberg.  This problem became evident when an email was produced in this case which disclosed the existence of other contract documents, resulting in the issuance of the document subpoenas to Harvard and Zuckerberg that are now being  held in abeyance pursuant to the Court's Order.  The email production should include all emails and attachments on the Harvard storage or back-up media like those described in the

---

[2] The defense continues to be of the view that the Amended Protective Order provides ample security that the subpoenaed documents will not be disclosed except as provided therein.

LAW OFFICES

**MESSINA LAW FIRM**
_____

Honorable Vernon S. Broderick, U.S.D.J.
March 27, 2015
Page 3

subpoenas to Zuckerberg and Facebook.

 We are prepared to support this motion with evidence that when produced in the civil case, Zuckerberg's email production was devoid of *all* emails for the period from March 2003 until June 2003, the period when the contract was negotiated and Zuckerberg's and Ceglia's activity was most intense.  Similarly, there is an absence of email production after November 1, 2003, another period of intense activity in the development of Facebook.  It is incomprehensible and suspicious that relevant emails during these periods do not exist, and even more highly suspicious that evidence shows that Zuckerberg accessed his Harvard student account in October 2010, after the complaint had been filed, when he was able to delete emails from his account.

 For these reasons we respectfully request leave to make an application to the Court for a Rule 17 subpoena for the production of relevant Zuckerberg emails that remain on the back-up or storage media at Harvard from the period January 1, 2003, to June 1, 2004.

 **3) Zuckerberg's Computer Hard Drives.**  Zuckerberg's computer hard drives for the relevant period exist and have been preserved since the lawsuit against Zuckerberg and Facebook that was brought by the Winkelvoss Twins in the District of Massachusetts (*ConnecU LLC v. Zuckerberg*, Case No. 1:04:11923 (DPW)).  Evidence produced in Ceglia's civil action, upon which the Government relies, was developed by the Stroz Friedberg forensic analysts based upon search terms provided to them by Facebook and Zuckerberg's lawyers, Gibson-Dunn, and that search, too, was limited to the extent that relevant evidence was not recovered from the hard drives.  The defense wishes to have the media searched in this criminal case using search terms calculated to produce– rather than conceal –  relevant evidence, much like the Rule 17 subpoena previously approved by the Court.

 We respectfully request leave to make this application to the Court.

 At the conclusion of the hearing on March 24, 2015, Your Honor asked counsel to consider what the defense and prosecution can accomplish in Mr. Ceglia's absence.  T. 26:19-25.  We respectfully submit that the above can not only be accomplished in the defendant's absence, but they are important tools to expose the truth and will not be a burden to the Government at all.

 Thank you for Your Honor's attention and consideration.

   Respectfully yours,

   s/ Gil D. Messina
   Gil D. Messina

GDM/hs

cc: Robert Ross Fogg, Esq.
  Janis Echenberg, AUSA
  Alexander Wilson, AUSA
  All Via Email