USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____3/30/2015_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
: 
UNITED STATES OF AMERICA,                      :
:
:
- against -                      :                    12-CR-876 (VSB)
:
PAUL CEGLIA,                                          :                    ORDER
:
Defendant.   :
:
-------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

    I previously filed an Order resolving the Government's motion for disclosure of

documents withheld under a claim of privilege by some of Mr. Ceglia's former civil attorneys,

(Doc. 70).  The Order was temporarily filed under seal, (*see* Doc. 151), to allow both parties to

offer document-specific objections to my rulings therein.  The clerk of court is now directed to

unseal this order.  Mr. Ceglia's counsel identified two typographical errors in the Order. (Doc.

165.)  The reference to Document 19025 on page 14 was intended to refer to Document 19031,

and the reference to Document 18007 in footnote 7 was intended to refer to Document 18077.

Through counsel's letter of March 19, 2015 and follow-up letter of March 24, 2015, Mr. Ceglia

expressly reserved his position that the crime-fraud exception to the attorney-client privilege

does not apply, but declined to offer any document-specific objections.

    The Wall AUSA, on behalf of the Government, objected to my ruling that Documents

00047 and 20064 were not within the crime-fraud exception.  Upon due consideration, the

Government's objection is SUSTAINED.  Mr. Ceglia's email within Document 00047 is best

understood as an effort to persuade his attorneys to continue representing him on the basis that

the Facebook Contract, as that term is defined in my March 8, 2015 Order, was legitimate.  That

email therefore furthered Mr. Ceglia's allegedly fraudulent purpose.  Mr. Ceglia's email in Document 20064 concerns, in part, the location of documents necessary to the conduct of the litigation and is therefore fundamentally similar to other communications on that subject between Mr. Ceglia and his attorneys whose disclosure I previously authorized.

The Wall AUSA may now disclose to the prosecution team the documents whose disclosure I previously authorized in the sealed version of this Order, as well as Documents 00047 and 20064.  My ruling that these documents may be disclosed does not constitute a ruling that any document will be admissible in evidence, in whole or in part, at trial.  All rulings regarding the admissibility of any documents disclosed to the prosecution team are reserved for future proceedings.  The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 70.

SO ORDERED.

Dated: March 30, 2015
New York, New York

Vernon S. Broderick
United States District Judge