**ROBERT ROSS FOGG, ESQ., LL.M.**
Attorney and Counselor at Law

69 Delaware Ave., Suite 600
Buffalo, New York 14202
(716) 853-FOGG (3644)
Fax:    (716) 852-6782


April 3, 2015


Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

>  RE:   *United States v. Paul Ceglia*, Case No.: 12 cr 876
>          Response to Snyder Letter Dated 4/2/15 Resisting
>          Production under Rule 17 Subpoenas


Dear Judge Broderick:

     I am writing in response to a letter electronically mailed to Your Honor on April 2, 2015, authored by Orin Snyder, in which counsel for Mark Zuckerberg and Facebook, Inc. openly resist immediate production pursuant to the Court's March 30, 2015 Order.

     After wading through the labyrinth of babble, the letter is intended to have the Court -- on the eve of production -- to: 1) hold the previously issued Rule 17(c) subpoenas in abeyance; and 2) modify the Court's March 30, 2015 Order.  In support of their requests, they cite, in summary, the following nine (9) reasons for their requests:

1. Lack of opportunity to contest defense counsel's request for immediate production;
2. Publication of press releases authored by an anonymous group;
3. Paul Ceglia's absence from the jurisdiction;
4. Likelihood of misuse of any produced materials;
5. Supposed unfairness if the defense receives production of previously ordered materials while the defendant is absent from the jurisdiction;
6. Lack of control over the media, public opinion, and Mr. Ceglia;
7. Fugitive disentitlement;
8. Document production under Rule 17(c) is premature in the absence of a trial date; and
9. Lack of prejudice to the defendant.

     All nine of the above reasons have been previously litigated and decided by the Court. Furthermore, counsel and their clients are not parties to this criminal action and thus they do not have standing.

US v Ceglia
Response to Snyder Letter Dated 4/1/15
Resisting Production under Rule 17 Subpoenas
April 3, 2015
Page 2 of 3

  For over five years the media and public opinion have condemned, maligned and prejudged Paul Ceglia as a "fraudster," "scammer," "criminal" and so on; defamations which continue to this date and about which the attorneys have made no issue.  Now that some anonymous individuals have publicly made adverse comments about persons other than Mr. Ceglia, the attorneys attempt to seize upon this as an opportunity to slight justice in the name of justice, at least as they define it.

  Again, these third-party interlopers are attempting to step into the shoes of the prosecution.  Not satisfied with the efforts of the government, they are advocating on behalf of the prosecutors in an attempt to secure a second crack at arguments which have been previously decided.  In their whining lamentation, they rehash facts already made known to this Court weeks ago and thrust into these proceedings irrelevant and prejudicial hearsay.  Counsel's improper and overzealous insinuation of themselves into this case is seriously interfering with my ability to defend my client.

  Facebook, Zuckerberg and every member of the law firm representing them have a substantial stake in the outcome of this case, as well as the appeals now before the Second Circuit Court of Appeals, and the civil case brought against Mr. Ceglia's attorneys for having brought the civil action against Facebook and Zuckerberg in the first place.  Permitting these third-party interlopers, who have an apparent conflict of interest, to continue to interfere with and interject themselves into this criminal action and to submit communications filled with poisonous rhetoric taints the Court and these proceedings.

  It is interesting to note, while requesting modification of the Court's order, Mr. Snyder offers no proposed modification other than production to the government and/or the Court, which deliberately ignores that the requests for the issuance of subpoenas were made by and for the benefit of the *defense*.  Production that excludes defense counsel renders the subpoenas meaningless.

  On February 20, 2015, this Court ordered the issuance of a subpoena *duces tecum* stating, "It is further ordered that the subpoena[s] be complied with no later than 12:00 p.m., March 16, 2015."  [Docs 137 and 138, dated 2/20/15].  On March 10, 2015, this Court set a return date for limited compliance with the subpoenas stating, "Facebook and Mr. Zuckerberg shall assemble and prepare all production responsive to the subpoenas . . . by the return date [March 16, 2015] . . . any production will be held in abeyance until further ordered by the Court. . . [Facebook and Mr. Zuckerberg] should be prepared to produce all responsive documents immediately upon order of the Court at any time after the return date."  [Doc 152, dated 3/10/15].  On March 30, 2015, after addressing constitutional, legal and procedural concerns, this Court ordered production stating, "Facebook, Inc., and Mr. Zuckerberg shall promptly produce to defense counsel Robert Ross Fogg all production responsive to the previously issued Rule 17(c) subpoenas duces tecum, (see, Docs. 137 and 138), with any appropriate confidentiality designations under the Amended Protective Order."  [Doc 164, dated 3/30/15].

US v Ceglia
Response to Snyder Letter Dated 4/1/15
Resisting Production under Rule 17 Subpoenas
April 3, 2015
Page 3 of 3

Now, in their most recent jeremiad to the Court, the attorneys for Facebook and Mr. Zuckerberg sniff that they "stand ready to produce at the *appropriate time*." Arrogantly, these third-party interlopers fail to accept that the "*appropriate time*" has been set by this Court and has now come and gone.

In this criminal action, Facebook, Inc., Mark Zuckerberg and their attorneys are third party interlopers, who have incessantly interfered with Paul Ceglia's constitutional right to due process and a fair trial. I submit to this Court that these parties do not have an intention to produce any material, let alone relevant material. They do not intend to comply with this Court's orders until they have determined the *appropriate* time and the acceptable materials. In defiance of an extant Order of this Court, they will avoid, delay, obfuscate and attempt to beguile their way out of production. They stand now in flagrant violation and contempt of this Court's Order.

Respectfully, I request that the Court order immediate production by Facebook and Zuckerberg pursuant to the Rule 17 subpoenas *duces tecum*, at a date certain set by the Court and direct these same parties to cease direct communications with the Court and instead address their concerns through the government's attorneys, just as any other witness or complainant is required to do.

                                             Respectfully submitted,

                                             /s/ Robert Ross Fogg
                                             Robert Ross Fogg, Esq.
                                             Attorney for Defendant, Paul Ceglia

RRF/gc

cc:     Alexander Wilson, AUSA
        Janis Echenberg, AUSA