**ROBERT ROSS FOGG, ESQ., LL.M.**
Attorney and Counselor at Law

69 Delaware Ave., Suite 600
Buffalo, New York 14202
(716) 853-FOGG (3644)
Fax:    (716) 852-6782


April 8, 2015


Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007


   RE: *United States v. Paul Ceglia*, Case No.: 12 cr 876
      Noncompliant Production under Rule 17 Subpoenas


Dear Judge Broderick:

  The undersigned is the attorney of record for Mr. Paul Ceglia, the defendant in the above-referenced action. I received the materials produced in response to the defense's Rule 17 subpoenas from the Gibson Dunn firm on Tuesday, April 7. I am concerned that the witnesses are in willful noncompliance with the Court's Order.

  As you know, the defense, on behalf of Mr. Ceglia, requested authorization from the Court to issue subpoenas to Mr. Mark Zuckerberg and Facebook, Inc. requiring them to produce relevant materials under penalty of contempt for disobedience. The subpoenas *duces tecum* were duly served upon the witnesses by their attorneys' acceptance of service on behalf of their clients, followed promptly by service of copies upon the government and filing with the Court.

  Disobedience of the subpoenas issued in these criminal proceedings is punishable as a contempt. The commanded witnesses' recalcitrant attorneys subject the witnesses, and not their attorneys, to sanctions for their disobedience. Furthermore, upon granting the defense's motion to compel compliance, further disobedience shall be a violation of the Court's order and may subject the commanded parties to contempt proceedings. In addition, the Court, through the issuance of warrants, can command the Marshal to produce the commanded parties before the Court and to commit the parties, if need be, until obedience is secured.

  In addition to their late production, Gibson Dunn foretold noncompliance in their transmittal letter, which indicates that the documents produced are essentially those that Mr. Zuckerberg and Facebook previously produced.

  Here, the subpoenas were directed to Zuckerberg and Facebook. They were not directed to their counsel and did not authorize the Gibson Dunn lawyers to perform the search on behalf

US v Ceglia
Noncompliant Production under Rule 17 Subpoenas
April 8, 2015
Page 2 of 4

of their clients. Yet, in his cover letter (a copy of which is enclosed), counsel states: "On behalf of our clients, we have undertaken a diligent search for documents responsive to the Subpoenas." This is an attempted avoidance and insulation strategy intentionally designed to circumvent consequences of noncompliance-- the attorneys' non-compliance should not be attributed to the subpoenaed witnesses and the attorneys cannot be held accountable for their noncompliance because they are not subject to the jurisdiction of the Court.

     I have grave concerns about this because, in the underlying civil action, searches were performed by the Zuckerberg and Facebook defendants using search terms provided by their own counsel, with the result that relevant electronic data were not produced. As Your Honor knows, it was not until the Government's production in this case that the defense became aware of the August 18, 2003, email in which Mark Zuckerberg referred to a contract he himself had prepared and sent to Mr. Ceglia. Further, when emails were produced from Zuckerberg's Harvard email account in the civil case, there was a total absence of emails during the critical period from March through May 2003, when Ceglia and Zuckerberg clearly had a contract and Zuckerberg was working with Ceglia and others to perform coding. The defense also knows that Zuckerberg remotely accessed his Harvard account in October 2010, a few months after Ceglia's lawsuit was filed, but years after he had left Harvard, and had the ability to delete emails from his account at that time.

     Upon late receipt and immediate review of their production, it is clear to me that their production is a mockery of the judicial process. As the Court is aware, the subpoenas require production of "All electronic communications" in their entirety, which command the parties to search for "electronic, paper, email or images thereof." The subpoena contains no provisions that allow for the production of redacted materials and excerpts.

     Counsel's admittedly gratuitous production of documents not responsive to the subpoena is for the purpose of overwhelming the defense's review and demonstrating the false perception of full compliance. The Gibson Dunn attorneys have produced emails, some of which were not produced in the civil case, are of unknown origins, are highly redacted and demonstrate the existence of multiple communications, still unproduced, between Mark Zuckerberg and Paul Ceglia, or others, prior to them signing the Work for Hire agreement on April 28, 2003. The attorneys have produced only one "instant message" ("IM"), which consists merely of unreferenced, irreconcilable excerpts from a single conversation. All materials the attorneys have produced are not in their native format and have been converted into PDF documents, a method of production intentionally designed to make meaningful review difficult, if not impossible.

     The Gibson Dunn attorneys state that they searched for "documents"; however, they failed to produce all copies of electronic communications, which include, but are not limited to, electronic, paper, email or images thereof. They have failed to provide electronic metadata associated with any of the materials produced, despite the specific requirements in the subpoenas to produce all "electronic communications" "no matter what form in which they may exist" and "all written contracts, agreements," etc., "in whatever format, including electronic … ." One format in which electronic documents are commonly known to exist is native format, which includes metadata. Yet, no native documents or metadata were produced. Not producing

US v Ceglia
Noncompliant Production under Rule 17 Subpoenas
April 8, 2015
Page 3 of 4

materials in native format conceals vast amounts of necessary technical data and information concerning transmission modes, origins, locations, times, etc.

In their production, other than the single IM mentioned, they have failed to provide "instant messages" which the defense knows exist, e.g., the August 18, 2003 email. The attorneys have failed to produce any of the emails the defense knows the subpoenaed witnesses obtained and presently retain resulting from a previous subpoena (the *Sidley and Austin Subpoena*) issued in their favor. They have failed to produce emails which the defense knows exist, that would have been stored on the actual machines used to send and receive the emails—these include emails from Mr. Zuckerberg's Harvard email account. For example, in the civil case, Facebook's data experts admitted to having analyzed 28 devices that were identified to have electronic data from the relevant time period. In sworn deposition testimony, their experts from the Stroz Friedberg Firm admitted to having analyzed those devices and observed emails contained thereon. However, the experts stated under oath that they were instructed by Gibson Dunn attorneys to take no notes and produce no written reports of their searches.

Moreover, the witnesses failed to respond to defense production request number 2 in the issued subpoenas. The absence of those materials leads me to believe that relevant material is still being withheld and causes me to question the thoroughness and the manner of the search and the methods used to perform the search.

In short, to ensure compliance the searches should have been conducted by the witnesses themselves, or by the custodian of the media and materials, or by technical experts engaged for that purpose. A search undertaken by *counsel* is not only unresponsive to the subpoenas, but it is calculated conduct that evinces deliberate evasion. Facebook is one of the foremost technology firms in the world and Mr. Zuckerberg is known as one of the most astute manipulators of electronic data. There is no reason why Zuckerberg and the technology experts at Facebook did not perform the review and production as ordered, but instead left the parameters of the task and performance of the task itself to their legal counsel, unless the intention was to control – and thereby limit – production and insulate Facebook and Zuckerberg from the consequences of non-compliance. Only Mr. Zuckerberg knows where in his electronic media responsive documents exist and the keywords or search terms that would lead to their disclosure. Leaving that task to his lawyers is a recipe for concealment that was used with great success in the underlying civil action.

The defense respectfully requests that the Court require Facebook, Zuckerberg and Gibson Dunn to:

I. Fully comply with the issued subpoenas;

II. Provide all copies, in whatever format they exist, including all copies from each source searched;

US v Ceglia
Noncompliant Production under Rule 17 Subpoenas
April 8, 2015
Page 4 of 4

    III.    Certify and endorse, on a source-by-source basis, under penalty of perjury, precisely the following, irrespective of whether responsive materials were found:

        1.)    the description and identification of the sources that were searched;

        2.)    the location of the sources searched;

        3.)    what, if any, search terms were used;

        4.)    whether responsive material was found resulting from the search;

        5.)    the search method employed for all classes of potential production;

        6.)    how the search was conducted of each source;

        7.)    when each search was conducted;

        8.)    where each search was conducted;

        9.)    by whom each search was conducted.

        10.)    that the witnesses know of no documents potentially responsive to the subpoena that have not yet been produced; and

        11.)    that each witness used his/its best efforts to fully respond to the subpoena.

The reason for my request for precision is to determine whether all responsive materials were recovered and produced in accordance with the Court's Orders, which appears not to be the case. Under the circumstances, it appears that Mr. Zuckerberg and Facebook are the only parties in possession of the aforementioned materials. In the absence of such vital information, it inconceivable that defense counsel could adequately defend Mr. Ceglia, or that such a case was ever indicted in the first instance. In the alternative, the undersigned respectfully requests that this Court grant the defense permission to file a motion to compel.

                                                                              Respectfully submitted,

                                                                              /s/ Robert Ross Fogg
                                                                              Robert Ross Fogg, Esq.
                                                                              Attorney for Defendant, Paul Ceglia

RRF/gc

Enc.

cc:    Alexander Wilson, AUSA
        Janis Echenberg, AUSA