USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/26/2015__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
           :
UNITED STATES OF AMERICA           :
           :
           :
     - against -           :           12-CR-876 (VSB)
           :
PAUL CEGLIA,           :           ORDER
           :
          Defendant.   :
           :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of a letter from counsel for Facebook, Inc. and Mark Elliot Zuckerberg (collectively, "Facebook"), dated May 22, 2015, in response to my rulings at a May 4, 2015 telephone conference regarding Mr. Ceglia's objections to Facebook's production in response to previously issued Rule 17(c) subpoenas *duces tecum*. Facebook's production in response to the subpoenas consisted largely of materials that had been previously produced to Mr. Ceglia, either by Facebook in the underlying civil action or by the Government in this case, but it also included sixteen documents that had not been previously produced (the "New Materials").

      At the May 4 conference, I ruled that I would not require the Government, Facebook, or Mr. Zuckerberg to produce previously produced documents responsive to the subpoenas in native format. (*See* 5/4 Tr. 18:22-19:6.) However, with respect to the "limited exception" of the New Materials, (*id.* at 18:24), I ruled—repeatedly—that Facebook should produce the documents in native format if doing so was feasible. (*See id.* at 4:18-21 ("Look, the subpoena doesn't specifically say native format, and I understand the process that had been in place with the [G]overnment; but, if they can be produced in native format, I would like that to be done."); *id.* at 8:23-9:2 ("With regard to these new e-mails, as long as it is not something that is onerous or

technically extremely difficult, I would ask . . . , Mr. Southwell and Mr. Snyder, that your clients do produce the new e-mails in native format."); *id.* at 19:25-20:1 ("Mr. Snyder, if it turns out that you can produce them, just notify me and then get them over to Mr. Fogg when you can.").) Facebook agreed to determine "how onerous, if at all, they are to produce in native format," (*id.* at 5:17-18), and to produce the New Materials in native format, (*id.* at 19:23-20:2 ("THE COURT:  Thank you everybody for jumping on the phone.  Mr. Snyder, if it turns out that you can produce them, just notify me and then get them over to Mr. Fogg when you can.  MR. SNYDER:  Certainly, your Honor.  Thank you.")).

Facebook's May 22 letter states, *inter alia*:  "After investigating the question raised by the Court, we have confirmed that native-file production of the 15 responsive instant messages would not provide any additional metadata about each message beyond the information already produced to Ceglia."  This statement is not in fact responsive to the question I raised at the May 4 conference, which was simply whether it was technologically and logistically feasible for Facebook to produce the newly produced documents in native form.  I ordered Facebook either to produce the newly produced documents in native form or to advise me that doing so would be unfeasible.  Whether the metadata contained in the native file somehow differs from the metadata in the non-native files is entirely beside the point.

Facebook has represented that an email newly produced in response to the Rule 17(c) subpoenas was only retained in PDF format and cannot be produced in native format.  However, Facebook offers no reason why it would unfeasible to produce the remaining fifteen newly produced documents, which are instant message exchanges, in native format.  Accordingly, Facebook is hereby ordered to produce the fifteen instant message exchanges referred to in its May 22 letter to Mr. Fogg in native format by Friday, May 29, 2015, even if producing the

documents in native format proves to be logistically difficult.

    SO ORDERED.

Dated: May 26, 2015
       New York, New York

Vernon S. Broderick
United States District Judge