```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

PAUL CEGLIA,

                Defendant.

**ORDER**

12-CR-876 (VSB)

VERNON S. BRODERICK, United States District Judge:

      On or about March 6, 2015, Defendant Paul Ceglia cut off his electronic monitoring bracelet and left his home in violation of the conditions of his bail, and is presently a fugitive. At a conference on March 10, 2015, I granted the Government's application to revoke Ceglia's bail, and that same day issued an Order directing the co-signors of Ceglia's bond to appear for a hearing on March 24, 2015, to address the Government's motion seeking an order: (1) declaring forfeited the $250,000 personal recognizance bond executed by Ceglia; (2) entering a default judgment in the amount of $250,000 in favor of the United States of America against Ceglia; (3) entering a judgment in the amount of $250,000 in favor of the United States of America and against the co-signers Carmine Ceglia, Veronica Ceglia, and Brendan Ceglia jointly and severally; and (4) declaring forfeited the properties securing Ceglia's bond. After the hearing on March 24, 2015, I issued the Bail Forfeiture Order. (Doc. 160.) At the Government's request the Bail Forfeiture Order did not order the properties forfeited so that the Government could conduct further analysis on their value if forfeited. (*Id.*)

      Pursuant to my order of March 27, 2015, (Doc. 161), I directed that the Government provide me with regular status update letters every four-months. The record indicates that the

most recent status update letter was filed December 29, 2015, (Doc. 180); therefore, the next status update is overdue.  It is hereby,

ORDERED that the Government file a status update letter on or before June 24, 2016.

IT IS FURTHER ORDERED that the status update letter should include information related to the Bail Forfeiture Order, including (1) the results of the Government's analysis concerning the value of the properties subject to forfeiture and (2) the Government's efforts, if any, to collect on the amount of the bond from the co-singers.

SO ORDERED.

Dated:   June 9, 2016
         New York, New York

Vernon S. Broderick
United States District Judge